Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.:<br><br>**INITIAL COMPLAINT**<br><br>**(1) COPYRIGHT INFRINGEMENT – 17 U.S.C. 101, *et seq.;***<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT;**<br>**(5) CIVIL CONSPIRACY**<br><br>**INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED** |

The Plaintiff hereby files this complaint against the Defendants for copyright infringement and related offenses.

**INTRODUCTION**

1. This is an action by Liberty Media Holdings, LLC (hereinafter Liberty or Plaintiff), a California limited liability company, to recover damages arising from infringement of Plaintiff's copyrights in its creative works by the Defendants, either directly or indirectly, through the use of the Oron.com website. See www.Oron.com.

2. Oron.com is owned and operated by an individual or group of individuals, who have taken steps to keep their identities hidden for obvious reasons.

3. Defendants reproduced and distributed certain Plaintiff-owned works through www.Oron.com.

4. Does 1-500 are registered members of Defendant Oron.com, individuals who uploaded Plaintiff's copyrighted works to Oron.com for profit, or individuals who merely downloaded copyrighted works off of the Oron.com website. They remain presently unidentified, but will be identified in discovery.

5. The Defendants' actions were willful in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, actual damages, an award of its attorneys' fees and costs of suit, as well as injunctive relief.

## THE PARTIES

### The Plaintiff, Liberty Media Holdings, LLC

6. Liberty Media Holdings, LLC is a California corporation doing business as CORBIN FISHER®, with a mailing address of 4262 Blue Diamond Rd., Suite 102-377, Las Vegas, NV 89141.

7. Plaintiff Liberty produces, markets, and distributes adult-oriented audiovisual works under the registered marks CORBIN FISHER®, and CORBIN FISHER'S AMATEUR COLLEGE SEX®, including photographs, books, DVDs, and through the operation of a website. At this website, individuals purchase monthly subscriptions to view Plaintiff's photographic works and audiovisual content.

8. Liberty's website has "free tour" areas where G-Rated photographs may be viewed, but its more explicit erotic works are only available to individuals who pay a monthly subscription fee or who purchase a DVD from Liberty.

9. Liberty prohibits persons who are under the age of 18 from accessing the more explicit areas of its website, and does not sell its DVDs to minors.

## THE DEFENDANTS

10. Liberty avers that each and every Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent or representative of each and every, all and singular, the other Defendants, and acted to

further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

**Defendant, FF Magnat Limited d/b/a Oron.com**

11. Defendant FF Magnat Limited d/b/a Oron.com and it's owners and/or operators (collectively, "Oron") collectively own, operate, and/or control the Internet website www.Oron.com. Oron.com's business model fosters and promotes the infringing of Plaintiff's exclusive rights through copying, storing, distributing, displaying, and profiting from the unauthorized use of Plaintiff's copyright protected works. Oron also fosters and induces others to act in concert in order to infringe upon Plaintiff's copyrighted works.

12. The party behind the infringing behavior of Oron personally controls the illegal activities of Oron.

13. Oron.com is registered through Network Solutions, an American company operating out of Herndon, Virginia. See **Exhibits 1-2.**

14. Oron.com utilizes the services of the company CC Bill to process its payments. CC Bill is an American company operating out of Tempe, Arizona. See **Exhibit 3.**

15. Oron is currently seeking payment processing with a Las Vegas based payment processor.

**Defendant, Maxim Bochenko a/k/a Roman Romanov**

16. Maxim Bochenko, a/k/a Roman Romanov, is the owner, operator, and guiding force behind Oron.com and is accused of being equally responsible for any and all offenses by Oron.com and/or FF Magnat Ltd. herein.

**Defendants, John Does 1-500**

17. Does 1-500, inclusive, are individuals who act in concert with Oron. The true names and capacities of which are presently unknown to Plaintiff Liberty. It is for that reason Plaintiff Liberty sues these Defendants by fictitious names. Plaintiff Liberty avers that each of the Doe defendants, along with the named defendant, jointly or severally, is responsible for the damages alleged herein.

18. Does 1-500 either directly or indirectly profit and/or directly or indirectly infringe or foster the infringement of Liberty's intellectual property. Plaintiff intends to amend this Complaint when the true name of any Doe defendant becomes known.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to the Copyright Act. 17 U.S.C. §§ 101 et seq.

20. This Court has personal jurisdiction under the Nevada Long-Arm Statue. Nev. Rev. Stat. § 14.065.

21. Personal jurisdiction is proper over the Defendants because the wrongful activity at issue concerns Defendant's operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals and companies in the United States, including CC Bill, a Tempe, Arizona company that handles payment processing for Oron. **Exhibit 3.**

22. As a foreign defendant, Oron is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district."). See also Fed. R. Civ. P. 4(k)(2). Oron is a foreign corporation with sufficient contacts with the United States to render jurisdiction proper in any U.S. court.

23. Oron utilizes a Virginia based domain name registrar and U.S. based companies to receive payment from members and to provide payment to members for services. See **Exhibits 3-5.** Further, Oron lists a Pennsylvania address on its domain name registration. Therefore, Oron has availed itself of the privilege of doing business in the United States, and it is properly subject to jurisdiction in any federal court.

24. Furthermore, Oron's largest contingent of users are from the United States, and the majority of the stolen content distributed by Oron originates from the United States.

25. The director/controlling party for Oron is Bochenko, a resident of Jacksonville, Florida and Golden, Colorado.

26. The illegal distribution of the Plaintiff's works takes place, if not entirely, at least partially, in the United States.

27. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(2), (c) and (d); and 28 U.S.C. §1400(a).

**STATEMENT OF FACTS**

28. Beginning in the 1990s, the Internet became a flea-market of copyrighted intellectual property, pirated from the property's producers and legitimate owners. Initially, this was the realm primarily of individuals pirating music files on centralized servers such as Napster. The Ninth Circuit held Napster responsible for being a clearinghouse for pirated music. Post-*Napster*, intellectual property thieves adapted a decentralized model where none of the stolen files resided on a central computer. The pirated files resided on the individual end-user's computer instead. This decentralized model helped those interested in pirating copyrighted works by using computers communicating with one another directly, rather than to a common, centralized server. Owners of various piracy systems claimed that they were merely "facilitating communication" between the parties.

29. The Supreme Court ruled this business model illegal in *Metro-Goldwyn-Mayer Studios, Incorporated v. Grokster, Limited*, 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). In *Grokster,* the Supreme Court held that users could sue the defendant, a peer-to-peer network operator, for inducing copyright infringement.

30. The present conspiracy, fostered by the Defendants and other unknown individuals, represents an emerging model for stealing – and profiting from – others' intellectual property. This latest adaptation is a reaction to both the legal regime after *Grokster* and the technological reality that permits wholesale theft and online distribution of entire motion picture films.

31. The Defendants' model requires enormous amounts of bandwidth and data/electronic storage capacity. Defendant Oron.com, a self-described "file hosting" site, has the technological capacity to implement this new strategy. In conjunction with the other named Defendants, Defendant Oron.com presently is active in the theft and distribution of copyrighted intellectual property, including, but not limited to, copyrighted motion pictures.

32. Under the file hosting business model, a company provides access to massive amounts of data storage. The primary purpose of this storage capacity and allowing rapid public access to it is the unauthorized use and exchange of copyrighted works. Much like Napster, the

offending company stores the stolen works on its computers and servers. Unlike Napster, though, these hosting services are careful not to index the files, or acknowledge the almost uniformly illegal use of its system.

33. Oron operates the internet website Oron.com, which can be accessed throughout the United States as well as globally. The aforementioned website is a pirate website that allow users to purchase access to infringing works. Oron and the users acting in concert with it upload infringing copyrighted works to its servers. When a user uploads a file to Oron.com, that user is provided with a Uniform Resource Locator ("URL") which allows the user to distribute the link to other individuals, allowing any recipients of the link to access, copy, and download the infringing material from Orons servers. Oron provides this service to members for as little as €9.95 per month or up to as much as €74.95 per year. See **Exhibit 6.** While Oron does allow individuals to download or upload items without paying a membership fee, Oron's website is constructed to intentionally limit the usefulness of the site for non-paying members by keeping strict 100MB downloading maximums, limiting multiple downloads, limiting downloading speed, and not allowing users to resume downloads that have been interrupted.

34. Oron's users have access to billions of dollars of infringing full-length movies, songs, software, and images available on its servers. Neither Defendant Oron.com nor the individual downloading the pirated material pays anything to the actual copyright owner.

35. Oron is cognizant of its role as the vehicle in which infringers act in concert with one another to copy and distribute huge amounts of infringing material. Oron is the 935th most visited site on the internet and ranks as 1,350 in the United States according to Alexa.com, a website known for its ranking of internet traffic. See **Exhibit 7.**

36. Because it charges a membership fee for access to its vast catalogue of pirated intellectual property, Oron is a distributor and seller of pirated materials, and must be held responsible as such.

37. In addition to its status as a direct infringer discussed above, Oron facilitates, fosters, and materially contributes to the infringement of its users through its "Rewards Program."

38. While Oron publicly discontinued this program after criminal actions against Megaupload, upon information and belief, Oron still employs a similar program, with details kept

between Oron and the program's members. Details of the current program will be revealed during discovery.

39. Oron's affiliates reward program offered members the opportunity to make money based upon several different metrics. See **Exhibit 8.** Oron's first program employed a "Pay Per Download" structure, in which individuals uploading videos were paid based upon the number of downloads of their posted materials. This program paid "up to $100 per 1000 downloads." *Id.* Oron also had "Pay Per Sale" programs that compensated members based upon how many other premium memberships were bought by users accessing Oron through the member's links. The links that a member receives when posting a file are specific to that member.

40. When the member distributes that link to someone who accesses the Oron.com website and then decides to purchase a premium membership, the member originally posting the link is compensated with a percentage of that sale. These "Pay Per Sale" programs also compensated the member with any "rebills" or service renewals. Oron offered two different "Pay Per Sale" fee scales: the first provided the member with 55% of sales and 55% of rebills; the second provided 70% of sales and 30% of rebills. *Id.* Oron also offered a "MIX" program (compensated a user with half of the "Pay Per Download" rate and $7.00 for each sale) and a "WSO," short for "website owners," program (compensated website owners with up to 15% of all sales referred through the owner's website, regardless of what member created the links that lead the user to purchasing a premium account through Oron). *Id.*

41. Defendant Oron.com induces its members to upload content in the hopes that it will be downloaded in massive quantities, such as full-length motion pictures belonging to Plaintiff Liberty.

42. Oron rewards members who steal copyrighted content and provide this content to Defendant Oron.com. Defendant Oron.com publishes illicitly obtained copyrighted materials to lure potential members to its website.

43. Defendant Oron.com engages in this illicit activity for profit. The members uploading the illicitly obtained material also profit.

44. Defendant Oron.com compensates members for their infringing activity.

45. Oron is not a legitimate file storage company and has no such characteristics. Its website is a pornographic website which showcases images of an erotic nature to users of any age. Such a websites, substantially similar to Oron.com, were recently described as the worst infringing websites in the world according to the Congressional anti-piracy caucus. See http://www.zeropaid.com/news/89178/congress-anti-piracy-caucus-unveils-list-of-worlds-most-notorious-sites/.

46. Normally, a web hosting company takes advantage of the "safe harbor" provisions of the DMCA 17 U.S.C. § 512, and would not become a defendant in this cause of action. During the period of most of the complained of infringements, Oron did not have a registered DMCA agent. It is not entitled to the DMCA's safe harbor provisions for the complained of infringements.

47. Oron registered their DMCA agent on June 15, 2011. **Exhibit 9.** At least 232 infringements of Liberty's works were located on their website prior to the listing of this agent. **Exhibit 10.**

48. All Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Liberty of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants' disregard for copyright laws threatens Liberty's business.

49. Defendants actively engage in, promote, and induce copyright infringement.

50. Defendants' unauthorized reproduction, public display, and distribution of Liberty's works serve as an inducement, attracting many individuals to purchase memberships to access the Defendant Oron.com website, including residents of Nevada.

51. Plaintiff's employees discovered and documented that Defendants reproduced, publicly displayed, and distributed, through the Defendant Oron.com website, large amounts of unauthorized video files copyrighted by and belonging to Liberty. Defendants' customers viewed the illegally and improperly obtained intellectual property files thousands of times.

52. Defendant's business model depends on the illegal uploading, posting, displaying and performance of copyrighted audiovisual works belonging to Plaintiff Liberty. Defendants intentionally, knowingly, negligently, or by willful blindness built a library of works that infringed

on copyrighted material designed to draw Internet traffic to sell memberships to view the works, creating substantial revenues thereby.

53. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on Defendant Oron.com's website.

54. Defendants make no attempt to indentify the individuals providing the works, where the individuals obtained the works, or whether the individuals had authority to further reproduce and distribute the works.

55. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendant's website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

56. Prior to releasing its works into the Internet marketplace or retail market in DVD format, Liberty marks each work with a copyright notice. Liberty's labels reflect its true business address and a statement that it maintains age authentication records at that address, as required by 18 U.S.C. §2257.

57. Plaintiff prominently displays its copyright mark and trademark on its website and films.

58. Defendants' infringements harmed and continue to harm Liberty and others by illegally deriving economic benefit from Liberty's creative works. Defendants' continued infringements undermine Plaintiff Liberty and other creative enterprises that produce audiovisual works.

59. This cause is a great diminution to Plaintiff Liberty's profits.

60. Plaintiff Liberty seeks redress as follows:

a. A declaration that Defendants' conduct in reproducing and distributing Plaintiff's copyrighted works without authorization willfully infringes Plaintiff Liberty's copyrights;

b. A permanent injunction requiring Defendants employ reasonable methods and/or technologies preventing or limiting infringements of Plaintiff Liberty's copyrights;

c. Statutory damages for Defendants' prior and present willful infringement, or actual damages plus profits.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against All Defendants**

61. Plaintiff repeats and incorporates by reference as if *verbatim*, each and every paragraph previous to this section, inclusive.

62. Plaintiff Liberty holds the copyright on each of the infringed works alleged in this action. See **Exhibit 10**, attached hereto and incorporated herein for all purposes.

63. Plaintiff Liberty registered each copyright with the United States Patent and Copyright Office. See **Exhibit 10**.

64. The number of infringed copyrights grows daily. Plaintiff reserves the right to file supplemental updates to this Complaint to list all past and current infringements.

65. At all pertinent times, Plaintiff Liberty was the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants through the Oron.com website.

66. Defendants reproduced, reformatted, and distributed Plaintiff Liberty's copyrighted works by and through servers and/or other hardware owned, operated, and/or controlled by Defendant Oron.com.

67. Defendants infringed Plaintiff's copyrights by reproducing and distributing the works through Defendant Oron.com's website without proper approval or authorization of Plaintiff.

68. Defendants knew or should have reasonably known they did not have permission to exploit Plaintiff Liberty's works on the Oron.com website and further knew or should have known their acts constituted copyright infringement.

69. Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them. Defendants failed and refused to take any reasonable measures to determine the owner or license holder of copyrighted works.

70. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff Liberty's copyrighted works.

71. The quantity of copyrighted files available to Internet users increased the attractiveness of Defendant Oron.com's services to its customers, increased its membership base, and increased its ad sales revenue.

72. Oron.com actively encouraged users to upload pirated copyrighted files.

73. Defendants controlled the files removed from Defendant Oron.com's website and determined which files remained.

74. Oron.com never adopted procedures to ensure that distribution of Liberty's copyrighted materials would not occur. Further, Oron.com never established, implemented, or enforced a "repeat infringer" policy.

75. Defendant Oron.com was aware, either actually or constructively, should have been aware, or was willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendant Oron.com system.

76. Defendant Oron.com affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

77. Defendants' conduct was willful within the meaning of 17 U.S.C. §101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff Liberty's registered copyrights.

78. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

79. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff Liberty to recover statutory damages. 17 U.S.C. §504(c).

80. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

81. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

82. Plaintiff Liberty has no adequate remedy at law for Defendants' wrongful conduct, as follows:

a. Plaintiff's copyrights are unique and valuable property having no readily determinable market value;

b. Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and,

c. Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

83. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights; 17 U.S.C. §502.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement**
**Against All Defendants**

84. Plaintiff re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

85. Unknown individuals, without authorization, reproduced and distributed Plaintiff Liberty's works through Defendant Oron.com's website, directly infringing Plaintiff Liberty's copyrighted works.

86. Oron.com contributed to the infringing acts of those individuals.

87. Oron.com was aware, should have been aware, or was willfully blind to the infringing activity.

88. Oron.com aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff Liberty's copyrighted works through its website without regard to copyright ownership.

89. Oron.com had the obligation and ability to control and stop the infringements. However, Oron.com failed to do so.

90. Oron.com materially contributed to the infringement.

91. Oron.com received direct financial benefits from the infringements.

92. All Defendants had actual, constructive or should have had actual or constructive knowledge of the infringing acts.

93. The conduct, acts, and omission of all Defendants demonstrate contributory copyright infringement.

**THIRD CAUSE OF ACTION**
**Vicarious Copyright Infringement**
**Against All Defendants**

94. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

95. Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff Liberty's works through Defendant Oron.com's website, directly infringing Plaintiff Liberty's copyrighted works.

96. Oron.com was actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

97. Oron.com was able to control or completely end the illegal and improper infringement, but failed and refused to do so.

98. Oron.com contributed materially to the infringement.

99. Oron.com received direct financial gain and profit from those infringing activities.

100. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

**FOURTH CAUSE OF ACTION**
**Inducement of Copyright Infringement**
**Against All Defendants**

101. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

102. Defendants designed and distributed technology and devices and induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff Liberty's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendant Oron.com's website.

103. Defendants' inducements were willful, knowing, or negligent and, at all pertinent times, Defendant acted in disregard of and with indifference to Plaintiff Liberty's copyrights.

**FIFTH CAUSE OF ACTION**
**Civil Conspiracy**
**Against All Defendants**

104. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

105. The Defendants conspired, confederated, and colluded to infringe on the Plaintiff Liberty's copyrights to Defendant's economic benefit and Plaintiff Liberty's economic and copyright detriment.

106. Accordingly, all Defendants are jointly and severally liable for the actions of their co-conspirators.

**SIXTH CAUSE OF ACTION**
**Unfair Competition Law**
**Against All Defendants**

107. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

108. Without authorization or license, Defendants commercially exploited vast amounts of erotic motion pictures. Through these works, which establishes Defendants as content providers for adult videos of every type and quality, as well as the use of the names of he persons depicted, Defendants are unlawfully exploiting the publicity rights of Plaintiff Liberty. Defendants also sell, without authorization, in competition with Plaintiff Liberty, billions of dollars in stolen photographs and full-length videos causing pecuniary damage to Liberty.

109. Defendants further engage in unfair business practices by commercially exploiting, through their members program, Liberty's rights.

110. In connection with its members rewards program, Defendants foster and encourage Oron download links offering thousands of Liberty's copyrighted works.

111. Defendants' acts and practices alleged herein constitute unfair, unlawful, and fraudulent business acts and practices.

112. Defendants engaged in unfair business acts and practices in that the harm caused by its conduct outweighs any potential utility of said conduct and said conduct offends the notions of public policy, is unscrupulous, unethical, and deceitful, and causes substantial injury to Liberty and other California entities.

113. All of the above is causing direct injury to Liberty's business. Liberty has suffered injury in fact and has suffered pecuniary harm in the form of lost profits and property as a result of such unfair competition.

114. Plaintiff Liberty seeks an injunction restraining Oron.com from further engagement in such unfair business practices and for an order of restitution and/or disgorgement.

**INJUNCTIVE RELIEF**

115. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

116. Each Defendant has under its possession or control instrumentalities, evidence and proceeds from its and/or other Defendants' crimes.

117. Accordingly, Plaintiff requests the Court issue orders freezing any and all assets and domain names of any and all Defendants, and issue further orders freezing the transfer of any data, assets, and/or domain names under its control pending the outcome of this case

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Liberty respectfully requests the Court hereby:

(1) Enter a judgment declaring that all Defendants, jointly and severally, with a common plan, purpose or scheme, willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. §501 through direct, contributory, vicarious, and inducing acts;

(2) Issue declaratory and injunctive relief against all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in acting in concert or participation with them, and further to enjoin and restrain all Defendants and others from copying, posting or making any other infringing use or infringing distribution of Plaintiff's audiovisual works, photographs or other materials;

(3) Issue injunctive and declaratory relief against Defendants Oron.com, and Does 1-500 and their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from engaging in further acts of copyright infringement; and if they are

unable to comply, then this Court should issue an order shutting down Oron.com completely.

(4) Enter an order of impoundment pursuant to 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(5) Enter an order enjoining Defendant Oron.com from disposition of any domain names registered to them, or other property, until full and final settlement of any and all money damage judgments;

(6) Enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff Liberty as a result of their illegal or improper activity, whether criminal or civil in nature, of any and all Defendants, each and singular, jointly or severally;

(7) Enter an order directing the Defendants pay Plaintiff statutory damages as follows:

a. maximum enhanced statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. §504(c)(2), for Defendants' willful infringement of Plaintiff Liberty's copyrights;

b. Plaintiff Liberty's damages and Defendants' profits or alternatively statutory damages pursuant to 15 U.S.C. §1117; and,

(8) Enter an order directing the Defendants pay Plaintiff Liberty both the costs of action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. §504 and 15 U.S.C. §1117;

(9) Enter an order directing the Defendants pay pre- and post-judgment interest at the highest legal rate;

(10) Grant to Plaintiff Liberty whatever and further relief, either in law or in equity, to which this honorable Court deems them fit to receive.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 20, 2012

Respectfully Submitted,

*s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com