

**22 JUN 2012**

HCMP 1275 / 2012

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 1275 OF 2012

BETWEEN

LIBERTY MEDIA HOLDINGS, LLC                              Plaintiff

AND

FF MAGNAT LIMITED                                        Defendant

---

**INJUNCTION PROHIBITING DISPOSAL OF ASSETS IN HONG KONG**

---

**IMPORTANT**
**NOTICE TO THE DEFENDANT**

1. This Order prohibits you from dealing with your assets up to the amount stated.

   The Order is subject to the exceptions which are set out in the Order. You should read the whole of this document carefully. You are advised to consult a solicitor as soon as possible. You have the right to ask the Court to vary or discharge this Order.

2. If you disobey this Order you may be found guilty of contempt of court and you may be sent to prison or fined or your assets may be seized.

**BEFORE DEPUTY HIGH COURT JUDGE CARLSON IN CHAMBERS**
**(NOT OPEN TO PUBLIC)**

---

**ORDER**

---

1

An application was made on 22 June 2012 by the solicitors for the Plaintiff, to the Judge who read the Originating Summons and the Affidavits listed in Schedule 1 and accepted the undertakings in Schedule 2 at the end of this Order. After hearing the application the Judge made the following Order.

**IT IS ORDERED THAT:**

***RESTRICTION ON DISPOSAL OF ASSETS***

1.  The Defendant must not:

    (a) remove from Hong Kong any of its assets which are within Hong Kong, whether in its own name or not, and whether solely or jointly owned, up to the value of US$3,000,000 (or HK$23,400,000[1]); or

    (b) in any way dispose of or deal with or diminish the value of any of its assets, which are within Hong Kong, whether in its own name or not, and whether solely or jointly owned up to the value of US$3,000,000. This prohibition includes the following assets in particular:

    (i) any money in the HSBC Business Direct account numbered 614-024354-838 at The Hongkong and Shanghai Banking Corporation Limited (the "**Account**"); and

    (ii) any money in any other accounts held by the Defendant at any other banks in Hong Kong.

2.  If the total unencumbered value of the Defendant's assets in Hong Kong exceeds US$3,000,000, the Defendant may remove any of those assets from Hong Kong or may dispose of or deal with them so long as the total unencumbered value of its assets still in Hong Kong remains above US$3,000,000.

---

[1] US$1 = HK$7.8

## DISCLOSURE OF INFORMATION BY THE DEFENDANT

3.  The Defendant must inform the Plaintiff in writing at once of all its assets of an individual value of US$3,000,00 or more in Hong Kong, as at the date of this Order, whether in its own name or not and whether solely or jointly owned, giving the value, location and details of all such assets. The Defendant may be entitled to refuse to provide some or all of this information on the grounds that it may incriminate itself.

4.  This information must be confirmed in an affidavit which must be served on the Plaintiff's solicitors within 7 days after this Order has been served on the Defendant.

## DISCLOSURE OF INFORMATION BY THE HONGKONG AND SHANGHI BANKING CORPORATION LIMITED, HONG KONG

5.  The Hongkong and Shanghai Banking Corporation Limited ("**HSBC**") do disclose to the Plaintiff's solicitors, Gall, and Gall be at liberty to inspect and take copies of, all documents in the possession, custody or power of HSBC relating to:

    (a) details, records and/or documents in connection with the opening of the Account;

    (b) details and/or records of all transactions in the Account including, without limitation, bank vouchers, forms, instructions, transaction advices, cheques and correspondence between HSBC and any person or entity involved in the aforesaid transactions from January 2011 to date;

    (c) details, records and/or documents (including without limitation, documents, records or forms identifying the beneficial owners of the Account and/or the accounts described in this sub-paragraph (c)) relating to all bank accounts, whether inside or outside Hong Kong, which it has knowledge of the Defendant; and

3

  (d) details of which it has knowledge of all payments made by or to the Defendant or any other entity or person which it knows or has reason to believe is connected to the Defendant from January 2011 to date.

6. HSBC do comply with the orders specified in paragraph 5 above by 5:00 p.m. on Friday, 6 July 2012.

7. The Plaintiff do reimburse HSBC for its costs of complying with paragraph 5 above on an indemnity basis.

8. HSBC shall not disclose any such information in connection with its compliance with paragraph 5 above to the Defendant or any third party without permission of the Court or written consent of the Plaintiff.

9. HSBC have liberty to apply, on notice, if necessary on an expedited or urgent basis.

**USE OF INFORMATION**

10. The Plaintiff do have leave to use information obtained as a result of this Order for the purpose of:

  (a) actual or contemplated proceedings against the Defendant in Hong Kong, the United States of America or elsewhere; and

  (b) investigating, commencing and/or pursuing civil proceedings whether in Hong Kong, the United States of America or elsewhere against persons or entities implicated in any wrongdoing by such information.

**DURATION OF THIS ORDER**

11. This Order will remain in force up to and including 6 July, 2012 at 10:00a.m. (the **"return date"**), unless before then it is varied or discharged by a further Order of the Court. The application in which this Order is made shall come back to the Court for further hearing on 6 July, 2012 at 10:00a.m. before the Summons Judge unless the Defendant pays the sum of US$3,000,000 (or HK$23,400,000)

4

into Court makes provision for security in that sum by some other method as provided for hereinabove and serves notice that it does not require the application to come back to Court. The parties are at liberty to apply for an earlier hearing date.

## EXCEPTIONS TO THIS ORDER

12. This Order does not prohibit the Defendant from spending a reasonable sum towards its ordinary and proper business expenses and on legal advice and representation.

13. The Defendant may agree with the Plaintiff's solicitors that the above spending limits should be increased or that this Order should be varied in any other respect, but any such agreement must be in writing.

14. This Order shall cease to have effect if the Defendant provides security by paying the sum of US$3,000,000 into Court or makes provision for security in that sum by some other method agreed with the Plaintiff's solicitors or approved by the Court.

## EFFECT OF THIS ORDER

15. The Defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents, or in any other way.

## THIRD PARTIES

16. Effect of this Order

    It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined, or have its assets seized.

17. Set off by banks

This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to the Defendant before it was notified of this Order.

18. Withdrawals by the Defendant

No bank need inquire as to the application or proposed application of any money withdrawn by the Defendant if the withdrawal appears to be permitted by this Order.

**UNDERTAKINGS**

19. The Plaintiff gives to the Court the undertakings set out in Schedule 2 to this Order.

**VARIATION OR DISCHARGE OF THIS ORDER**

20. The Defendant (or anyone notified of this Order) may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so should first inform the Plaintiff's solicitors.

**COSTS**

21. The costs of this application be reserved to the Judge hearing the application on the return date.

**INTERPRETATION OF THIS ORDER**

22. In this Order "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

23. When there are two or more defendants then (unless otherwise stated):

    (a) references to the "defendant" mean both or all of them;

(b)     an order requiring "the defendant" to do or not to do anything requires each defendant to do it or not to do it; and

(c)     a requirement relating to service of this Order, or of any legal proceedings on "the defendant" means on each of them.

**NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS**

The Plaintiff's solicitors are:
Messrs Gall
Unit 302, 3rd Floor
Dina House, Ruttonjee Centre
11 Duddell Street
Central, Hong Kong
Tel: +852 3405 7688
Fax: +852 28017202
(Ref: NG/RA/PW/1876-01/12)
The offices are open from Monday to Friday between 9:00 am and 6:30 pm.
Email: randallarthur@gallhk.com, peggywong@gallhk.com

Dated this 22nd day of June, 2012

Registrar

## SCHEDULE 1
## AFFIDAVITS

The Judge read the following affidavits before making this Order:

(1)  Affidavit of Randall Ivan Arthur made on 22 June 2012 together with the Exhibit "**RIA-1**" being the Affidavit of Ronald D. Green, Jr. made on 21 June 2012 together with the Exhibit "**MJR-1**"

(2)

## SCHEDULE 2
## UNDERTAKING GIVEN TO THE COURT BY THE PLAINTIFF

1. If the Court later finds that this Order has caused loss to the Defendant or any other party and decides that the Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any Order the Court may make.

2. As soon as practicable the Plaintiff will serve on the Defendant the Originating Summons together with this Order.

3. As soon as practicable the Plaintiff will issue and serve on the Defendant a summons to be heard on the return date together with a copy of the affidavits and copiable exhibits containing the evidence relied on by the Plaintiff and a copy of the skeleton argument used at the application for this Order.

4. Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

5. The Plaintiff will pay the reasonable costs of anyone other than the Defendant which have been incurred as a result of this Order including the costs of ascertaining whether that person holds any of the Defendant's assets and if the Court later finds that this Order has caused such a person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any Order the Court may make. The Plaintiff will reimburse HSBC for its costs of complying with any disclosure order herein on an indemnity basis.

6. If for any reason this Order ceases to have effect (including in particular where the Defendant provides security as provided for above), the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

---

**PENAL NOTICE**

IF YOU, THE WITHIN NAMED FF MAGNAT LIMITED, DISOBEY THIS ORDER, YOU MAY BE FOUND GUILTY OF CONTEMPT OF COURT AND LIABLE TO PROCESS OF EXECUTION TO COMPEL YOU TO OBEY IT AND YOU MAY BE SENT TO PRISON OR FINED OR YOUR ASSETS MAY BE SEIZED.

Dated the          day of June 2012.


**GALL**
Solicitors for the Plaintiff

---

**TAKE NOTICE**

This is a legal document. The consequences of ignoring it may be serious. If in doubt, you should enquire as soon as possible at the Registry of the Court issuing the document, namely, High Court, Hong Kong at LG1, High Court Building, No. 38 Queensway, Hong Kong. You should also consider taking the advice of a Solicitor or applying for Legal Aid.

**請 注 意**

因這是法律文件,忽視它可帶來嚴重的後果。 如有疑問,請儘早向發出文件的法庭登記處 (香港高等法院:香港金鐘道三十八號高等法院大樓 LG1 字樓) 查詢。 你亦應考慮聽取律師的意見或請申請法律援助。

HCMP 1275 / 2012

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE
# MISCELLANEOUS PROCEEDINGS NO. 1275 OF 2012

BETWEEN

LIBERTY MEDIA HOLDINGS, LLC          Plaintiff

and

FF MAGNAT LIMITED                    Defendant

## INJUNCTION PROHIBITING DISPOSAL OF ASSETS IN HONG KONG

Dated the 22nd day of June 2012
Filed the      day of June 2012

**GALL**
Solicitors for the Plaintiff
Unit 302, 3rd Floor
Dina House, Ruttonjee Centre
11 Duddell Street
Central, Hong Kong
Tel: 3405 7688
Fax: 2801 7202
(Ref: NG/RA/PW/1876-01/12)

4850-4772-9423, v. 2

11