Michael D. Rounds
Nevada Bar No. 4734
Steven A. Caloiaro
Nevada Bar No. 12344
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Telephone:   (775) 324-4100
Facsimile:   (775) 333-8171
E-Mail:   mrounds@watsonrounds.com
E-Mail:   scaloiaro@watsonrounds.com

Attorneys for Defendant Maxim Bochenko

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, A California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>    Defendants.<br>_____/ | Civil Action No. 2:12-cv-01057-GMN-RJJ<br><br>**DEFENDANT BOCHENKO'S MOTION TO DISMISS** |

### I.   PRELIMINARY STATEMENT

Defendant Maxim Bochenko respectfully submits this Memorandum of Points and Authorities in support of his Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) on the basis that personal jurisdiction does not exist.  Mr. Bochenko is a resident of the State of Florida who is a Russian citizen living in the United States through a green card.  Mr. Bochenko has never been an employee of FF MAGNAT LIMITED or any affiliated company.  In short, Mr. Bochenko does not meet the minimum requirements which would establish the necessary personal jurisdiction making him subject to a suit in Nevada, and his Motion to Dismiss should be granted.

**II.  BECOME PERSONAL JURISDICTION DOES NOT EXIST, MR. BOCHENKO SHOULD BE DISMISSED FROM THE ACTION**

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the court's jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1128-29 (9th Cir. 2003).  The personal jurisdiction is proper to the extent that the exercise is permitted by a state's long-arm statute, and does not violate federal due process. *See Fireman's Fund Ins. Co. v. Nat. Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006).

The Nevada long-arm statute provides for personal jurisdiction to the full extent of the Due Process Clause:

> NRS 14.065 Exercise of jurisdiction on any basis consistent with State and Federal Constitutions; service of summons to confer jurisdiction.
>
> A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States.

*See Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 531 (2000) ("Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution." (citation omitted)).

Federal due process is satisfied by demonstrating "minimum contacts" between a defendant and the forum state, and must be established by the proponent of jurisdiction so the maintenance of the suit "does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The requisite minimum contacts can be established through general personal jurisdiction or specific personal jurisdiction.

General jurisdiction exists when a defendant is domiciled in the forum or conducts activities in the forum that are "substantial" or "continuous and systematic." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  The only connection between this forum and

2

Mr. Bochenko is a two-day personal vacation he took to Las Vegas five years ago. Declaration of Maxim Bochenko ("Bochenko Decl.") ¶¶ 4, 5. As this conduct is neither continuous nor systemic, it is insufficient to establish general personal jurisdiction.

*International Shoe* governs specific jurisdiction, focusing on whether (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to the defendant's activities within the forum state; and (3) assertion of jurisdiction is reasonable and fair. *International Shoe*, 326 U.S. at 316. If any of the three requirements are not satisfied, jurisdiction in the forum would deprive the defendant of due process of law, and personal jurisdiction does not exist. *Id.*

It appears the decision to name Mr. Bochenko as Defendant is based solely on Plaintiff's belief that Mr. Bochenko and Mr. Romanov are the same person. Doc. 1 ¶¶ 16, 25. Mr. Bochenko is not Roman Romanov, nor has he ever gone by that name. Bochenko Decl. ¶ 6. Mr. Romanov is a childhood friend, who Mr. Bochenko believes currently resides in Russia. Bochenko Decl. ¶ 7. Mr. Bochenko is not now, nor has he ever been, an employee of FF MAGNAT LIMITED or any affiliated corporation or business. Bochenko Decl. ¶ 8. Mr. Bochenko has never taken part in any of the wrongful activities alleged in the Complaint. Bochenko Decl. ¶ 9. In short, Mr. Bochenko has nothing to do with this case.

### III.  CONCLUSION

The minimum requirements to establish jurisdiction over Mr. Bochenko in the State of Nevada are not satisfied.  As such, this Court should grant Defendant Bochenko's Motion, and dismiss Mr. Bochenko from the instant action.

Dated: June 28, 2012

By: /s/ Michael D. Rounds
Michael D. Rounds
Nevada Bar No. 4734
Steven A. Caloiaro
Nevada Bar. No. 12344
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083

Attorneys for Defendant Bochenko

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Watson Rounds, and that on this date, a copy of the foregoing **DEFENDANT BOCHENKO'S MOTION TO DISMISS** has been served upon counsel of record registered in this matter via the District of Nevada's ECF procedure.

Dated:  June 28, 2012                                By: /s/ Robert Hunter
                                                     An Employee of Watson Rounds