Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**FILED UNDER SEAL**<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

Plaintiff Liberty Media Holdings, LLC, ("Liberty") hereby files this Motion to Enforce Settlement Agreement. This Motion is based on the papers and pleadings on file herein, the memorandum of points and authorities attached hereto, and the exhibits attached hereto.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This dispute arising from pervasive copyright infringement of Plaintiff's works on websites owned and/or operated by Defendants. On July 1, 2012, attorneys for both Parties signed a letter

memorializing settlement terms in regards to this case.  **Exhibit A.**  At that point, the matter was resolved, and all Parties should have been willing to end the case.

On July 2, 2012, Plaintiff fulfilled its obligations under paragraph 14 of the letter of agreement, by sending a letter to Bob Rietjens, senior legal counsel at LeaseWeb, disclosing that settlement was imminent and requesting that LeaseWeb not terminate the account for www.oron.com due to non-payment.  **Exhibit B.**  On July 3, 2012, the Parties filed a Joint Stipulation to Extend Hearing Date and Submission Deadlines in order to further performance of the settlement.  (Doc. # 28)  On July 3, S.T. Poon & Wong, Defendant FF Magnat Limited's counsel in the Hong Kong matter, delivered a letter to Plaintiff's Hong Kong counsel that states, "[w]e are instructed that our client had reached an amicable settlement."  **Exhibit C.**  All parties seem to have agreed that there was a settlement, and Liberty even began performance under the agreement.

Despite this settlement and Liberty's performance of terms of the settlement, Defendant FF Magnat Limited d/b/a Oron.com (hereinafter "Oron") now refuses to perform as agreed to and has asked its lawyers in Hong Kong to begin litigating the matter in the High Court of Hong Kong.  Thus causing the unnecessary expenditure of fees.  Liberty hereby requests that this Court order Oron to cease the Hong Kong litigation, which is needlessly costing both Parties attorney's fees, to disburse the $550,000.00 to the Randazza Legal Group, to comply with all other terms of the July 1 agreement, **Exhibit A**, and to pay Liberty's fees and costs incurred in the wasteful Hong Kong hearing as well as in bringing this issue to motion.  The undersigned telephonically conferred with Mr. Lieberman (counsel for FF Magnat) regarding this motion.  Lieberman's position was, "go for it" when informed that the motion would be filed.  Drafts of this motion were also provided to Mr. Lieberman on Thursday, July 5, 2012 at 3:31 PM.  The undersigned attempted to meet and confer with Mr. Lieberman regarding the instant motion and contemporaneously filed motions from 3:00 PM on July 5, 2012 until 11:05 AM on July 6, 2012, but Mr. Lieberman refused to answer his phone.  The staff manning the phone line at his office did not know why he was not answering.

## II. LEGAL ARGUMENT

The Nevada Supreme Court has long held "because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2004) (citing thirty-year old case law when announcing its holding) (*Keddie v. Beneficial Insurance, Inc.,* 94 Nev. 418, 421, 580 P.3d 955, 956 (1978). Those principles of interpretation state, "where a document is clear on its face, it "will be construed from the written language and enforced as written." *Ellison v. California State Auto. Ass'n,* 106 Nev. 601, 603, 797 P.2d 975, 977 (1990). The July 1 settlement is clear on its face and must be construed and enforced as written. **Exhibit A.** The agreement laid out in the letter is clearly a "mutual, objective manifestation of assent to material terms, as well as consideration, by the parties or by agents with authority to bind the parties." *Goodkin v. Phillips, Harper & Harper, LLC,* 2012 U.S. Dist. LEXIS 23550 (D Nev. 2012).

The Parties' settlement agreement was further manifested in the Joint Stipulation to Extend Hearing Date and Submission Deadlines (Doc. # 28), and agreed to by the two parties' respective agents: their attorneys. Furthermore, under paragraph 14 of the settlement agreement, Liberty was obliged to provide documentation to LeaseWeb, B.V., and Liberty performed this task pursuant to the agreement. **Exhibit B.**

Defendant FF Magnat Limited d/b/a Oron.com is obliged to disburse $550,000 to the Randazza Legal Group trust account for the benefit of the Plaintiff, pursuant to their legally binding contract. Defendant has refused to abide the settlement and has asked its attorneys in Hong Kong to engage in further litigation. Consequently, they are in breach. Plaintiff's only remedy is to move this Court to enforce the contract of settlement by seeking a default judgment against FF Magnat Limited, and, subsequently, a writ of execution reflecting amount of the settlement. Plaintiff will concurrently submit with this Motion a Judgment for the Clerk to enter and, following that, a Writ reflecting the Judgment amount.

Additionally, the time spent completing this motion should be included in the Court's Order on the contemporaneously filed Motion for Attorney's Fees.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court enter an Order enforcing the settlement reached by the parties in the July 1 letter attached as Exhibit A. Plaintiff will subsequently submit an Order and Writ by which Liberty may collect upon the Judgment.

Dated: July 6, 2012

Respectfully Submitted,

*s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com