Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**FILED UNDER SEAL**<br><br>**MOTION FOR ATTORNEY'S FEES** |

Please take notice that Plaintiff Liberty Media Holdings, LLC ("Liberty") respectfully moves for an order awarding attorney's fees against Defendant FF Magnat Limited d/b/a Oron.com ("Oron"). This motion is supported by the accompanying memorandum of points and authorities, the contemporaneously filed Motion to Enforce Settlement, and any other matters that the Court deems appropriate when considering the motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This dispute arose from pervasive copyright infringement of Plaintiff's works on websites owned and/or operated by Defendants. As discussed in the contemporaneously filed Motion to Enforce Settlement, Liberty and Oron reached the terms of a settlement agreement.

Despite this settlement and Liberty's performance of terms of the settlement, Oron refused to perform as agreed to and asked its lawyers in Hong Kong to re-commence litigating the matter in the High Court of Hong Kong.  Liberty hereby requests that this Court order Oron to pay Liberty for the costs and fees associated with continuing litigation in Hong Kong, and for the costs and fees associated with the instant motion and the contemporaneous Motion to Enforce Settlement and Motion to Seal.  The undersigned telephonically conferred with Mr. Lieberman (counsel for FF Magnat) regarding this motion.  Lieberman's position was, "go for it" when informed that the motion would be filed.  Drafts of this motion were also provided to Mr. Lieberman on Thursday, July 5, 2012 at 3:31 PM.  The undersigned attempted to meet and confer with Mr. Lieberman regarding the instant motion and contemporaneously filed motions from 3:00 PM on July 5, 2012 until 11:05 AM on July 6, 2012, but Mr. Lieberman refused to answer his phone.  The staff manning the phone line at his office did not know why he was not answering.

## II.  LEGAL ARGUMENT

17 U.S.C. § 505 provides that the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs." See also, *Warner Bros. Ent, Inc. v. Duhy,* 2009 U.S. Dist. LEXIS 123332, 8-9 (C.D. Cal. Nov. 30, 2009), citing *Kepner-Tregoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir. 1999) (finding a district court's award of attorneys' fees under Section 505 to be "justified based on the court's finding of willfulness and [ ] in line with the statutory goal of deterrence").  While this matter was resolved through settlement, the Defendant's refusal to honor the terms of the agreement has resulted in significant unnecessary attorney's fees being expended.  FF Magnat's objective unreasonableness requires that the fees and costs incurred in forcing it to adhere to an agreement, proposed by its own counsel, should be taxed to it, not to the moving party.

Defendant's violation of the settlement has caused Plaintiff to expend attorney time and resources in drafting the contemporaneously filed Motion to Enforce Settlement, Motion to Seal, and in the Hong Kong litigation.  Forcing the Plaintiff to expend these fees is frivolous, motivated by a desire to avoid the agreed upon settlement, and objectively unreasonable.  See *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

While Liberty does not need to show frivolousness to be entitled to a fees award, *see Fogerty*, 510 U.S. at 532 n.18, that label accurately describes Oron's attempts to avoid the agreed upon settlement and force litigation to continue in Hong Kong. Oron's motivation is to avoid the agreed upon settlement, despite the contractual obligations they have entered into and that the Plaintiff has already partially performed in accordance with those terms.

The objective unreasonableness of Oron's actions also favors a fee award. See *Perfect 10, Inc. v CCBill, LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) (requiring the court to consider the objective unreasonableness of a party's claims, "both in the factual and in the legal components of the case"); see also *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) ("because the evidence in the record reveals that [the losing plaintiff] never had any evidence to support its ... claims, the district court properly found that it was objectively unreasonable for [the plaintiff] to have maintained these claims"). Oron has agreed to settlement; refuses to perform the terms of settlement; and forces Plaintiff to motion practice in the U.S. and to attend and prepare for hearings in Hong Kong.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court enter an Order instructing Defendant to pay Plaintiff its reasonable attorney's fees in drafting the instant Motion and contemporaneously filed Motion for Settlement Enforcement and Motion to Seal. The Plaintiff further requests that the Court enter an Order instructing Defendant to pay Plaintiff its reasonable attorney's fees for attending to the unnecessary hearing in Hong Kong and the associated preparation for the hearing.

Upon the Court granting this Order, Plaintiff will file records of attorney time and declarations on attorney billing rates to demonstrate the fees expended.

\\
\\
\\
\\
\\
\\

Dated: July 6, 2012

Respectfully Submitted,

 *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 (fax)
rlgall@randazza.com