DAVID S. KAHN (Nevada Bar No. 7038)
SHERI M. THOME (Nevada Bar No. 8627)
J. SCOTT BURRIS (Nevada Bar No. 010529)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727.1400; FAX (702) 727-1401
david.kahn@wilsonelser.com
sheri.thome@wilsonelser.com
j.scott.burris@wilsonelser.com

KENNETH E. KELLER (CA Bar No. 71450) (*pro hac vice in process*)
STAN G. ROMAN (CA Bar. No. 87652) (*pro hac vice in process*)
MICHAEL D. LISI (CA Bar No. 196974) (*pro hac vice in process*)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
(415) 249-8330; FAX (415) 249-8333
kkeller@kksrr.com
sroman@kksrr.com
mlisi@kksrr.com

STEVAN LIEBERMAN (Washington, DC Bar No. 448218) (*pro hac vice in process*)
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
(202) 625-7000; fax: 202-625-7001
stevan@APLegal.com

Attorneys for Defendant FF MAGNAT LIMITED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN | Case No. CV 2:12-cv-01057<br><br>**DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL**<br><br>Hearing: Not yet set<br>Time: Not yet set<br>Judge: Hon. Gloria N. Navarro |

DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL
CASE NO. 2:12-cv-01057

114819.1

| | |
|---|---|
| ROMANOV; and JOHN DOES 1 - 500. | Courtroom:   7D |
| Defendants. | |

Without intending to waive any defenses it may have based on lack of personal jurisdiction, venue or improper service of the summons and complaint, Defendant FF Magnat Limited dba Oron.com ("Oron") hereby opposes Plaintiff Liberty Media Holdings LLC's ("Liberty Media" or "Plaintiff") Motion to File Under Seal.[1]

## I.   INTRODUCTION

In an effort to shield the truth from the harsh light of public scrutiny, and hoping to paint its ongoing falsehoods and misstatements as "facts," Plaintiff and its counsel ask this Court to seal its recently filed Motion to Enforce Settlement and Motion for Attorneys' Fees. Yet Plaintiff has not, and cannot, meet its burden of establishing good cause for sealing those motions, and its Motion to Seal should be denied. First, the information that Plaintiff wishes to place under seal has already been made public, apparently by Plaintiff's counsel. Specifically, the "term letter" at issue here – which Plaintiff incorrectly characterizes as a "settlement agreement" – has already been published throughout the Internet and, as a result, anyone who has access to the Internet has already been informed of the settlement terms that were being discussed by the parties. As such, the motion is moot. Moreover, the request to seal would be against the public interest, and Plaintiff has not offered any evidence to the contrary. To the contrary, the evidence shows that the only thing Plaintiff wishes to hide is the unscrupulous efforts of Plaintiff and its counsel to drive Oron out of business. Given this, there is no basis to seal the records as Plaintiff requests, and the Motion to Seal should be denied.

---

[1] The time has not come for defendants to challenge jurisdiction in a motion to dismiss the complaint. Consequently, Defendant Oron is once again specially appearing in order to respond to Liberty Media's Motion to enforce Settlement Agreement. By filing this opposition, Oron does not intend to submit to this Court's jurisdiction or to waive any right to challenge jurisdiction and/or improper service. To the contrary, Oron expressly reserves its right under the Federal Rules of Civil Procedure to challenge personal jurisdiction and service by way of a motion to dismiss the complaint and/or a motion to quash.

2
DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL
CASE NO. 2:12-cv-01507

114819.1

## II. STATEMENT OF FACTS

From the very beginning of this lawsuit, Plaintiff and its counsel have sought to destroy Oron using every possible trick at their disposal, whether legal or not, and to extract as large a ransom as possible from Oron in the process. Indeed, Plaintiff began this matter by seeking a temporary restraining order and injunction freezing all of Oron's assets – and thereby driving it out of business – based on a series of falsehoods and misrepresentations made to this Court. Most egregiously, Plaintiff lied to the Court about a supposed fraudulent transfer of assets, and when it claimed that Oron hosted and promoted copyright infringement and child pornography. Nothing could be further from the truth. Contrary to those defamatory accusations – which, notably, Plaintiff made with no effort to "seal" at the time – Oron has actively fought against child pornography. (*See* Declaration of Stevan Lieberman ("Lieberman Decl."), ¶ 2 & Ex. A). Moreover, Oron has for a long time allowed Plaintiff, through a third party called Porn Guardian, to have direct access to Oron's database with the unfettered right to take down any files it believed were infringing. No matter the positions taken by Plaintiff, this lawsuit has always been about money and nothing else

In its motion, Plaintiff disingenuously argues that these motions should be kept confidential while at the same time failing to apprise the Court that someone in Plaintiff's or its attorney's organization has already posted online many of the proposed settlement terms being discussed by the parties. As a result, Plaintiff has not only eliminated any basis for its claim of confidentiality but, as a recently published article makes clear, has also hammered the final nail in Oron's coffin. (*See* Lieberman Decl, ¶ 3 & Ex. B). Importantly, this article was posted <u>after</u> Plaintiff filed this Motion, along with its meritless Motion to Enforce Settlement and Motion for Attorneys' Fees.[2]

In addition to the improper posting of the previously confidential settlement discussions, Plaintiff's claim for confidentiality also runs counter to its own actions before this Court. In Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order for Seizure and Appointment of Receiver and Order to Show Cause Re: Preliminary Injunction, a document rife with

---

[2] Oron is filing separate oppositions to both of those motions.

3

DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL
CASE NO. 2:12-cv-01507

114819.1

misstatements and falsehoods, it was Plaintiff's counsel who, in his declaration, first discussed and misrepresented the parties' settlement talks, thereby making them part of the public record. Similarly, in Plaintiff's Partial Opposition to Emergency Motion for Partial Stay from Temporary Restraining Order, Plaintiff's counsel expressly disclosed specific details of those settlement negotiations, including his misstatement that "Oron's counsel represented that a settlement demand of $500,000" was an "unreasonable amount" to the defendants and "more than the company itself was worth."

The misstatements by Plaintiff's counsel are not limited to the terms of the settlement negotiations. Indeed, in its Motion here (and its motions for fees and to enforce the purported settlement), Plaintiff's counsel falsely claims that Mr. Lieberman told Plaintiff to "go for it" when Plaintiff threatened to bring these motions. That is an outright lie. (*See* Lieberman Decl., ¶ 4).

To the contrary, this appears to be nothing more than a bad faith negotiation tactic, by which Plaintiff seeks to force Oron to make additional payments to settle this action (beyond what the parties had previously discussed) and to convince Oron to agree to a 30-day extension of all deadlines in both this Court and the Hong Kong court, thereby leaving in place the orders freezing Oron's assets. In fact, as will be shown in Oron's opposition to Plaintiff's Motion to Enforce Settlement Agreement, it was Plaintiff's counsel who, after most terms for a settlement were agreed to, rejected the settlement by changing terms at the last minute and that he has, from his very first filing, continuously misled both this Court and the general public to attain his goals. (*See* Lieberman Decl., ¶ 5 & Ex. C).

### III.   ARGUMENT

The burden imposed on a party seeking to seal documents in the Ninth Circuit is a very heavy one, and a party seeking to seal documents must overcome "a "strong presumption in favor of access." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Supreme Court has also consistently frowned upon secrecy and sealed records. *See, e.g., Richmond*

*Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980). In the Ninth Circuit, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. . . . the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-1179 (citing *Foltz v. State Farm Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Plaintiff's motion to seal lacks any evidentiary support as to why the documents should be sealed, and cannot meet the "compelling reasons" standard.

Plaintiff, in fact, makes no effort to satisfy its burden. Rather, Plaintiff's counsel merely states in his declaration that he "needs to provide confidential settlement terms agreed to by the Parties." Yet, as counsel well knows, the settlement terms that the parties were discussing have already been made available on the Internet. Further, while Plaintiff's counsel claims that he does not want to provide public access to evidence regarding Plaintiff's efforts against Oron in Hong Kong, he fails to provide any reason other than his unsupported and inaccurate contention that "it is in the interest of both parties." Oron, however, does not believe it is in its interest for this information to be kept out of the public eye, and counsel's conclusory statements do not overcome Plaintiff's burden to show why the documents should be placed under seal. Since Plaintiff's counsel has already "gone public" with much of this information, the entire story, including the deliberately false and extortive conduct of Plaintiff's counsel must come to light. Particularly where, as here, Plaintiff has on two previous occasions disclosed the parties' settlement discussions in public filings made with this Court, the belated effort to keep those discussions under seal should be rejected.

Nor has Plaintiff identified an interest sufficient to overcome the public's right of access to court records. In no small part because of Plaintiff's own public disclosures, this case is unquestionably of great public interest. As such, Plaintiff's misconduct and wrongful use of the Court system solely for the purpose of financial gain should not be hidden from the public at large. Plaintiff's wish to hide its efforts to use the judicial system as a profit center should not trump the public's right of access. (*See* Lieberman Decl, ¶ 6 & Ex. D). Interestingly, the *Kamakana* court

noted that a party may establish "compelling reasons" sufficient to warrants the sealing of documents "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). It went on to state, however, that the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). Here, the situation is actually reversed from that contemplated by the *Kamakana* court, in that it is Plaintiff who initially made its scurrilous allegations about Oron – including its admittedly false claim about child pornography – part of the public record in this case. It should not now be heard that it wishes to have the record sealed so that the public will not learn of its own misconduct.

Importantly, by the time the Court reads this document, there is a risk that Oron may already be out of business. Since all settlement terms except for the specific dollar amount has already been published and mulled over in great detail, the only thing that sealing these documents will do is allow Plaintiff and its counsel to hide the extent of their perfidy from the general public, something this Court should not allow them to do. Sealing the documents will not further settlement in any way. Notwithstanding the parties' efforts to broker a settlement, and Oron's willingness to enter into an appropriate settlement, it was Plaintiff who rejected the proposed terms before a formal settlement agreement could be finalized. Now, however, because Plaintiff has apparently allowed the settlement terms to be disclosed to – and discussed by – the Internet community, Plaintiff has destroyed any chance of Oron continuing as a going concern. All that is left to litigate is whether Plaintiff is allowed to walk away with a large purse in exchange for destroying a thriving business.

### IV.   CONCLUSION

This case is being watched closely by the public. Plaintiff, playing fast and loose with the facts and the law, seeks to avoid having the public understand the true facts here, and instead hopes to disseminate only its own skewed version of the truth. Plaintiff's conclusory claims cannot

1  overcome the Defendant's right to have its filings seen or the public's right of access. The Motion to
2  Seal should be denied.

3  Dated: July 9, 2012

                                                               Wilson Elser Moskowitz Edelman & Dicker LLP

                                          By:   /s/ David S. Kahn
                                                DAVID S. KAHN
                                                Attorneys for Defendant FF MAGNAT LIMITED