Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO SEAL PORTIONS OF THE FILE** |

## I. INTRODUCTION

There is an old trial lawyers' saying, "*When the facts are on your side, pound the facts. When the law is on your side, pound the law. When neither is on you side, pound the table.*" In the Opposition, the Defendants seem to realize that neither the facts, nor the law, are on their side in the Motion to Enforce Settlement (the "Settlement Motion"), so they pound on the table in an effort to distract the Court and to lash out with juvenile personal attacks on counsel. The impropriety of both efforts should be obvious. Frankly, it is ridiculous that this matter is even before the Court.

The Defendants insisted upon confidentiality.  If the Defendants now prefer for the Settlement Motion and its exhibits to be made public, the Plaintiff will not expend significant effort to resist.

The Plaintiff sought the Motion to Seal [Doc. 32] out of respect for the Defendants' insistence that the terms of settlement be kept confidential.  After reading the Defendants' Opposition [Doc. 39], it appears that the Defendants now wish to avoid that term of the settlement agreement.  Accordingly, the Plaintiff does not object to the court entering an order denying the Motion to Seal, as long as it is clear that the seal was broken at the Defendants' insistence.  In fact, had the Defendants' attorneys taken <u>any</u> of the undersigned's calls or responded to <u>any</u> of the undersigned's efforts to meet and confer, they could have simply expressed this sentiment verbally, or even by email or fax, and the Plaintiff would have entered into appropriate stipulations, thus avoiding the expense of drafting the motion to seal these portions of the file.  However, Defendants' counsel has refused to communicate since being informed of the intention to file the Motion to Enforce Settlement.

The Plaintiff declines to address each and every unprofessional and *ad hominem* attack and factual misrepresentation in the Opposition.  [Doc. 39].  However, the Plaintiff (and its counsel) will address any of the issues raised therein upon inquiry from the Court.  The Plaintiff will limit the factual refutations to the issues that seem to be germane to the dispute.

## II.  LEGAL STANDARD

Resolving an issue by stipulation is favored by the courts, as it should be.  See *People v. Carodine*, 374 Ill. App. 3d 16, 27 (Ill. App. Ct. 1st Dist. 2007) ("Stipulations are favored by the courts because … they tend to promote disposition of cases, simplification of issues[,] and the saving of expense to litigants."); *Morrison v. Budget Rent a Car Sys.*, 230 A.D.2d 253, 256 (N.Y. App. Div. 2d Dep't 1997) (stipulations are favored).

Since (on balance) the Plaintiff does not greatly care whether the terms of the settlement are public or not, the Plaintiff would have gladly stipulated to the deletion of the confidentiality agreement in the settlement, had the Defendants responded to the multiple requests to meet and

confer.[1]  At this point, if the Defendants believe that deletion of the confidentiality term in the agreement is inappropriate, the Plaintiff will stipulate to the denial of the Motion to Seal at the Defendant's demand, but insist upon the remainder of the settlement agreement remaining intact.[2]

### III. FACTUAL and LEGAL ISSUES

The Plaintiff sought a seal for the Motion to Enforce Settlement out of respect for the terms of the settlement – most importantly, a term upon which the Defendants insisted, and which offers some, but not great, value to the Plaintiff.  In the event that the Defendants now seek a stipulation to delete this single provision of the settlement, the Plaintiff so stipulates.

It seems that the purpose of the Opposition is not to support Defendants' unsupported accusation that the "*Plaintiff and its counsel*" seek to "*shield the truth from the harsh light of public scrutiny*."  It rather seems that it is simply "pounding on the table." Frankly, it is a shamefully unprofessional document, which should provide no benefit to the party or the attorney who authorized or signed such a thing.  Nevertheless, the Plaintiff will stipulate to the Defendants' insistence that the terms of the agreement be revealed – it simply wishes to preserve the remainder of the settlement.

**A.    The Motion is Not Moot; the Settlement Agreement has Apparently Not Been Leaked**

The Defendants claim that the Motion to Seal is moot because "*the information that the Plaintiff wishes to place under seal has already been made public, apparently by Plaintiff's Counsel.*"[3]   Further, the Defendants claim: "*the 'term letter' at issue here – which Plaintiff*

---

[1] At 8:27 AM on July 5, 2012, the undersigned had a three minute call with Mr. Lieberman in which he most certainly did inform Mr. Lieberman that he would be filing a motion to enforce settlement, and Mr. Lieberman most certainly did say "*go for it*" before hanging up.  Immediately thereafter, the undersigned called Lieberman back, in order to ask him his position with respect to filing it under seal, but Lieberman refused to take the call, instead dumping the call to voicemail.  At 9:34 AM, the undersigned left a message for Mr. Kahn, who declined to return the call.  At 10:04 AM, the undersigned sent an email to both Lieberman and Kahn stating: "*I am filing the motion to enforce settlement in about 30 minutes unless someone calls me to tell me that it is not necessary to do so. It is 10:04 AM right now, my time.*" At 10:53, AM, the undersigned left another message for Mr. Lieberman, who declined to return the call.  Finally, after it became clear that neither Lieberman nor Kahn would communicate, the motions were filed at 11:58 AM.

[2] It is important to note that much of the agreement may be ineffective if reveals, but if this is the Defendant's wish, Plaintiff will not fight it just to fight it.

[3] Neither Plaintiff nor counsel leaked this information, and attest to same under penalty of perjury or bar discipline if shown to be false.

*incorrectly characterizes as a 'settlement agreement' – has already been published throughout the Internet, and as a result, anyone who has access to the Internet has already been informed of he settlement terms ..."*

It is true that someone leaked letters containing a discussion of the parties' settlement negotiations.[4] Counsel for the Plaintiff was as aghast as anyone and upon discovery of this leak, counsel for the Plaintiff immediately confronted Defense counsel via email at 7:44 AM on Friday, July 6. In that email, counsel for the Plaintiff provided a link to a "TorrentFreak"[5] article in which the terms were discussed. See Exhibit A. Neither Mr. Lieberman nor Mr. Kahn responded. Inexplicably, the Defense then claims that the article on "TorrentFreak" *"was posted after Plaintiff filed this Motion."* The Defense is so zealously intent on making unsupported attacks that it does not even bother to check its facts before doing so. While the Plaintiff does not know what time the "TorrentFreak" article went up, the email confronting the Defense about it was sent at 7:44 AM (Exh. A).[6] The Motion was filed at 11:58, as the Court's records will show.

Despite all of that, the settlement agreement (or call it a "term letter" as the Defense seems to prefer – that does not change what it is – a signed manifestation of the Parties' intent) has not, to the best of the Plaintiff's knowledge, *ever* been made public. If the Defendants have contrary information, it should disclose that information. At this point, to the detriment of both parties, someone has leaked settlement discussions – but the agreement itself still remains confidential. Again, if the Defendants no longer wish for the terms to be confidential, the Plaintiff will not resist, so long as all of the other terms are enforced by this Court as requested for in the Motion to Enforce Settlement.

//
//
//

---

[4] Some filings, which were redacted, seem to have been stripped of redaction by unknown parties – however, this seems to have happened *after* the Torrent Freak article appeared online.
[5] "TorrentFreak" is a pro-piracy/pro-infringement blog which has been vocally critical of the Plaintiff and its counsel. If the Plaintiff or counsel were to leak anything, "TorrentFreak" would be the last place they would choose to do so.
[6] The time of the email should be an indication of the Plaintiff's counsel's surprise.

**B.     The Defendants' False Accusations Should be the Subject of an Order to Show Cause**

The malicious and vituperative nature of the Opposition is surprising, especially given the fact that the last conversation between Mr. Kahn and Mr. Randazza ended with Mr. Kahn stating that he was "a peacemaker."  In fact, when Mr. Lieberman and Mr. Randazza disagreed on the interpretation of one portion of the settlement agreement, Randazza stated to Kahn that he would accept Kahn's interpretation of that portion, as if Kahn were an impartial mediator.  When Kahn interpreted it consistent with Lieberman's position, Randazza immediately accepted his view.  See Exhibit B-3.  After that, it is uncertain what caused Kahn to become so unprofessional and tempestuous as to affix his electronic signature to the Opposition.  The false accusations levied at counsel in this document should be supported with factual evidence or should be stricken from the record under Fed. R. Civ. Pro. 12(f).

The Defense, multiple times, accuses the Plaintiff and its counsel of publicizing the settlement document (which never happened) and terms (which it did not do so) and of making false representations to this Court.  However, nothing is provided to support these statements and nothing could be, as they are simply unsupportable and false.  The Plaintiff presumes that these accusations simply cut against the Defendants' credibility, but they should be stricken from the record.

**C.     The Plaintiff has not repudiated settlement**

The Defendant claims that the Plaintiff rejected the settlement terms.  However, even the Defendant's exhibit supposedly supporting this fact does no such thing.  ECF 39-4.  If it is read in its entirety, it clearly makes no such statement.  In fact, the only contentious issue was whether or not the settlement agreement should benefit Mr. Bochenko as well.  Given that Bochenko swore, under penalty of perjury, that he had no connection whatsoever to FF Magnat Limited or Oron.com, the Plaintiff was understandably confused when counsel for Oron began negotiating on his behalf and began insisting upon benefits for him.  Exhibit B-2.  Nevertheless, in the interest of finalizing settlement, the Plaintiff even conceded on this part.  Exhibit B-3.  However, the fact that FF Magnat Limited was so insistent upon this point strongly suggests that Mr. Bochenko's declaration is perjurious in nature.

### III. CONCLUSION

The Plaintiff will not resist the Motion to Enforce Settlement and the Settlement Agreement itself being made public.  In fact, given the lies and the unprofessional tenor adopted by Defendants in the Opposition, it is almost imperative that it be shown the light of day.  However, the Plaintiff refuses to violate the terms to which it agreed – including confidentiality.  Should the Court find the Defendant's repudiation of the confidentiality provisions to be compelling, then the Plaintiff will not stand in the way, so long as the remaining terms are enforced.  However, the Defendants' statements should be subject to an Order to Show Cause or should be stricken under Rule 12(f).  Finally, the settlement should be enforced before the Parties expend further resources on a case that is, as of now, settled.

Dated: July 10, 2012

                                                  Respectfully Submitted,

                                                  *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on July 10, 2012.

Dated: July 10, 2012

                                            Respectfully Submitted,

                                            *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com