Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**EMERGENCY MOTION TO EXTEND TIME TO OPPOSE DEFENDANT BOCHENKO'S MOTION TO DISMISS** |

Plaintiff Liberty Media Holdings, LLC ("Liberty") hereby moves the Court extend the deadline for Liberty's Opposition to Defendant Bochenko's Motion to Dismiss. ECF 21. This Motion is filed on an emergency basis because Bochenko's counsel informed Liberty's counsel on July 11, 2012 that he would not stipulate to extend the briefing schedule. Plaintiff's Opposition to the Motion to Dismiss is due on July 16, 2012. Thus, if this Motion is heard in the ordinary course, Liberty's Opposition to the Motion to Dismiss will be due prior to the Court considering the Motion to Enforce Settlement, which will moot any and all pending motions.

Currently pending before the Court is Liberty's Motion to Enforce Settlement. ECF 33. If the Motion to Enforce Settlement is granted it would render Defendant Bochenko's Motion to Dismiss moot. Plaintiff has informed all Defendants, that if the settlement agreement reached between the parties is enforced by this Court, Plaintiff will dismiss this action with respect to all identified Defendants. On that basis, the Plaintiff seeks to extend its deadline to respond to the Motion to Dismiss to twenty (20) days after the Court renders an Order on the Motion to Enforce Settlement, in order to provide time for the Motion to Enforce Settlement to be fully briefed and heard by this Court.

Should the results of the Motion to Enforce Settlement not render the Motion to Dismiss moot, Plaintiff intends to file an amended complaint, which would likely moot the Motion to Dismiss, and if Bochenko renews his Motion to Dismiss, then jurisdictional discovery will be appropriate.

Given some of the claims made by Bochenko in his instant Motion, Liberty should have the right to seek leave to conduct jurisdictional discovery in order to investigate the claims raised by Defendant Bochenko in his Motion to Dismiss. However, as a matter of judicial economy, Liberty recognizes that this too would be wasteful and moot if the Motion to Enforce Settlement is granted.

Undersigned counsel offers the following as good cause for the requested extension of time:

1.  On June 28, 2012, the Plaintiff was served with Defendant Bochenko's Motion to Dismiss. ECF 21. The deadline for reply to this motion is July 16, 2012.

2.  On Friday, July 6, 2012, the Plaintiff filed a Motion to Enforce Settlement. ECF 33. As stated in the Motion to Enforce Settlement, the settlement would dismiss Mr. Bochenko, as well as all other identified Defendants, and render moot the Motion to Dismiss. ECF 21.

3.  On Friday, July 6, 2012, the Plaintiff also filed a Motion for Attorney's Fees, based upon costs incurred after settlement had taken place. ECF 34. If Plaintiff is required to respond to Bochenko's Motion to Dismiss on July 16, 2012, this will force Plaintiff to needlessly incur additional costs and expenditures, which could potentially end up passed on to the Defendants.

4.  On July 3, 2012 Bochenko and Liberty filed a joint motion [ECF 30], which Liberty understood to advance not only the hearing dates, but any briefing as well. The discussions leading

to that joint motion were clear that the parties wished for all dates to be pushed forward so that settlement could be worked out.  Chambers informed Liberty on July 11, 2012 that it did not consider the joint motion and attendant order to extend any briefing schedules.

5. On July 11, 2012, Ronald D. Green, counsel for Plaintiff, spoke with Steven Caloiaro, counsel for Mr. Bochenko, and requested that Mr. Caloiaro stipulate to extend briefing deadlines regarding the Motion to Dismiss.  Mr. Caloiaro declined to do so.  Both Green and Marc J. Randazza (also counsel for the Plaintiff) urged Mr. Caloiaro to reconsider via email, but he maintained his position that he would not stipulate to any extension.

6. Plaintiffs merely seek a short interval within which to allow the Court to decide upon dispositive matters already pending before it, thus saving Plaintiffs and Defendants additional fees, costs, and other expenditures in motion practice that could be rendered moot.

7. Mr. Bochenko's Motion to Dismiss makes claims about Mr. Bochenko's lack of ties to the District of Nevada.  If the Motion to Enforce Settlement does not render the Motion to Dismiss moot, Plaintiff requests additional time in order to seek leave for jurisdictional discovery to determine the veracity of Mr. Bochenko's statements.  The court may permit jurisdictional discovery before a 26(f) conference. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Such discovery is available to discover facts bearing on issues of jurisdiction. *Oppenheimer Funds*, 437 U.S. at 350-351. " 'Where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary' courts should allow for discovery." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 (9th Cir. 1977); *Marshall v. McCown Deleeuw & Co.*, 391 F.Supp.2d 880, 882 (D. Idaho 2005).  Plaintiff does not wish to continue suit against Mr. Bochenko, should his claims be truthful, but also wishes to avoid any potential loss of rights that might result in proceeding too hastily, or in mounting an opposition that might only result in unnecessary delay.

8. This motion is not filed for purposes of delay or for any improper purpose.  No party shall be prejudiced in any manner by the Court granting this motion.  On the other hand, should this motion be denied, Liberty and Bochenko will incur significant attorneys fees for briefing and drafting that should ultimately prove completely unnecessary.  The Court has the authority pursuant

to Rule 6 of the Federal Rules of Civil Procedure to grant extensions of time, when as here, justice so requires.  Fed. R. Civ. P. 6(b)(1)(A).

9. Undersigned counsel respectfully submits that good cause can therefore be shown for the extension of time, and requests that this Honorable Court extend the date to oppose Mr. Bochenko's Motion to Dismiss and set its due date as 20 days after the Court renders an Order on the Motion to Enforce Settlement.

Dated: July 11, 2012

Respectfully Submitted,

 *s/Ronald D. Green*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on July 11, 2012.

Dated: July 11, 2012

                                Respectfully Submitted,

                                *s/Ronald D. Green*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com