DAVID S. KAHN (Nevada Bar No. 7038)
SHERI M. THOME (Nevada Bar No. 8627)
J. SCOTT BURRIS (Nevada Bar No. 010529)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727.1400; FAX (702) 727-1401
david.kahn@wilsonelser.com
sheri.thome@wilsonelser.com
j.scott.burris@wilsonelser.com

KENNETH E. KELLER (CA Bar No. 71450) (*pro hac vice in process*)
STAN G. ROMAN (CA BAR. NO. 87652) (*pro hac vice in process*)
MICHAEL D. LISI (CA Bar No. 196974) (*pro hac vice in process*)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
 (415) 249-8330; FAX (415) 249-8333
kkeller@kksrr.com
sroman@kksrr.com
mlisi@kksrr.com

STEVAN LIEBERMAN (Washington, DC Bar No. 448218) (*pro hac vice in process*)
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
(202) 625-7000; fax: 202-625-7001
stevan@APLegal.com

Attorneys for Defendant FF MAGNAT LIMITED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN | Case No. CV 2:12-cv-01057<br><br>**DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Hearing:   Not yet set<br>Time:      Not yet set<br>Judge:     Hon. Gloria N. Navarro |

| | |
|---|---|
| ROMANOV; and JOHN DOES 1 - 500.<br><br>Defendants. | Courtroom:   7D |

Without intending to waive any defenses it may have based on lack of personal jurisdiction, venue or improper service of the summons and complaint, Defendant FF Magnat Limited dba Oron.com ("Oron") hereby opposes Plaintiff Liberty Media Holdings LLC's ("Liberty Media" or "Plaintiff") Motion for Attorneys' Fees.[1]

## I.   INTRODUCTION

Plaintiff Liberty Media alleges that Defendant Oron has breached the terms of a settlement agreement and has asked this Court to enforce that agreement. In reality, it is the Plaintiff and its counsel who caused the settlement to fall apart. Oron is opposing the motion to enforce the settlement agreement. Statements by Plaintiff's counsel that it has "partially performed" under the terms of the settlement agreement are false.

In conjunction with its Motion to Enforce Settlement, Liberty Media brings this Motion for Attorneys' Fees, asking the Court "to order Oron to pay Liberty for the costs and fees associated with continuing litigation in Hong Kong, and for the costs and fees associated with the instant motion and the contemporaneous Motion to Enforce Settlement and Motion to Seal." (Mtn. for Attorneys' Fees at 2:3-6.) Liberty Media's request for attorneys' fees lacks merit and should be denied. Even if Liberty Media were to prevail on its Motion to Enforce Settlement (which it should not), there is absolutely no statutory or contractual basis for awarding Liberty Media any attorneys' fees or costs. In addition, Liberty Mutual has entirely failed to comply with the procedural and substantive requirements for making a motion to recover attorneys' fees in this District. Liberty

---

[1] The time has not come for defendants to challenge jurisdiction in a motion to dismiss the complaint. Consequently, Defendant Oron is once again specially appearing in order to respond to Liberty Media's Motion to Enforce Settlement and Motion for Attorneys' Fees. By filing this opposition, Oron does not intend to submit to this Court's jurisdiction or to waive any right to challenge jurisdiction and/or improper service. To the contrary, Oron expressly reserves its right under the Federal Rules of Civil Procedure to challenge personal jurisdiction and service by way of a motion to dismiss the complaint and/or a motion to quash.

Media's Motion for Attorneys' Fees is nothing more than an effort to extort further payment from Oron and to prevent it from defending itself in this and other judicial forums, and it should be denied in its entirety.

## II.  ARGUMENT

Plaintiff Liberty Media asks this Court to award it attorneys' fees and costs for pursuing what amounts to a breach of contract claim. In its Motion to Enforce Settlement, Liberty Media concedes that "because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." (Mtn. to Enforce at p. 1, quoting *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2004)). Under Nevada law, a court may not award "attorney fees ... unless authorized to do so by a statute, rule or contract." *U.S. Design & Constr. v. I.B.E.W. Local 357*, 118 Nev. 458, 462, 50 P.3d 170, 173 (2002). There is no question that the term sheet that Liberty Media seeks to enforce as a settlement agreement does not contain any provision whatsoever for attorneys' fees being awarded to either party in the event of a breach. (*See* Motion to Enforce Settlement, Ex. A.) Nor does Liberty Media cite any "rule" that would support an award of attorneys' fees in connection with its Motion to Enforce Settlement.

The only question, therefore, is whether Liberty Media is entitled to recover attorneys' fees for an alleged breach of contract under the federal Copyright Act, namely 17 U.S.C. § 505. The answer is clearly "no." Section 505 of the federal copyright statute provides:

> **§ 505. Remedies for infringement: Costs and attorney's fees**
>
> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The plain language of the statute provides a remedy "for infringement." That is, a party prevailing on the merits of a copyright infringement claim may, under certain circumstances, recover his or her attorneys' fees. The statute does not provide a remedy for the breach or enforcement of an

alleged settlement agreement. That, as Liberty Media recognizes in its own motion, is a claim arising under contract law, not under federal copyright law.

Moreover, even where the plaintiff's claim arises under federal copyright law, section 505 limits an award of attorneys' fees to "the prevailing party." Where the parties reach a mutual settlement of claims alleging copyright infringement, neither is the "prevailing party" on a copyright claim. As the court explained in *NXIVM Corp. v. Ross Institute*, 2005 WL 1843275 (N.D.N.Y.), to be entitled to an award of attorneys' fees under section 505,

> one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree. *See* [*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum Res.*, 532 U.S. 598, 603-04 (2001).] "[R]esults obtained without such an order d[o] not supply a basis for an award of attorneys' fees because '[a party's] voluntary change in conduct ... lacks the necessary judicial imprimatur' to render [someone] a prevailing party." *J.C. v. Reg'l School Dist. 10, Bd. Of Educ.*, 278 F.3d 119, 123 (2nd Cir. 2002) quoting *Buckhammon*, 532 U.S. at 605).

*Id.* at *2.

Here, Liberty Media has neither prevailed on the merits of its copyright infringement claims against Oron, nor has it had a settlement agreement enforced by this Court through a consent decree. By its Motion to Enforce Settlement, Liberty Media is not seeking to obtain anything through a consent decree. The Term Sheet does not provided for the entry of a consent decree and no such decree was contemplated or even discussed by the parties. Accordingly, even if 17 U.S.C. § 505 were applicable to Liberty Media's breach of contract claim (which it is not), Liberty Media is not a prevailing party under that statute and is therefore not entitled to any award of attorneys' fees and costs.

Finally, even if there were some contractual or statutory basis for an award of attorneys' fees in this case, Liberty Media has not satisfied the procedural or substantive requirements for obtaining such an award. First, Liberty Media has not made even a minimal effort to comply with Local Rule 54-16(b), which applies to all motions for attorney's fees and provides:

Content of Motions. Unless otherwise ordered by the Court, a motion for attorney's fees must, in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B), include the following:

(1) A reasonable itemization and description of the work performed;

(2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;

(3) A brief summary of:

(A) The results obtained and the amount involved;
(B) The time and labor required;
(C) The novelty and difficulty of the questions involved;
(D) The skill requisite to perform the legal service properly;
(E) The preclusion of other employment by the attorney due to acceptance of the case;
(F) The customary fee;
(G) Whether the fee is fixed or contingent;
(H) The time limitations imposed by the client or the circumstances;
(I) The experience, reputation, and ability of the attorney(s);
(J) The undesirability of the case, if any;
(K) The nature and length of the professional relationship with the client;
(L) Awards in similar cases; and,

(4) Such other information as the Court may direct.

None of the information required under Local Rule 54-16(b) has been submitted. In addition, Local Rule 54-46(c) requires that a motion for attorneys' fees "must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable." No attorney affidavit was filed. This is not an insignificant procedural oversight. Indeed, Local Rule 54-16(d) clearly states that "[f]ailure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion."

Second, Liberty Mutual has failed to provide any substantive basis for an award of attorneys' fees under 17 U.S.C. § 505. Courts determining whether to grant attorney fees under Copyright Act

are to exercise equitable discretion in light of the degree of success obtained, frivolousness, motivation, objective reasonableness of both factual and legal arguments, and the need in particular circumstances to advance considerations of compensation and deterrence.  *See Jackson v. Axton,* 25 F.3d 884 (9th Cir. 1994).  Here, Liberty Mutual merely states in a conclusory fashion that Oron's conduct has been "frivolous" and "objectively unreasonable."  (*See* Mtn. at 3.)  It provides absolutely no substantive evidence demonstrating that an award of attorneys' fees under section 505 is warranted.  Therefore, even if 17 U.S.C. § 505 were applicable here (which it is not), Liberty Media has failed to demonstrate that it is entitled to an award of attorneys' fees under that statute.

### III.   CONCLUSION

Plaintiff Liberty Media is not entitled to an award of attorneys' fees or costs because there is no contractual or statutory basis for such an award, and because it has entirely failed to comply with the procedural and substantive requirements for such an award.  Liberty Mutual's continued efforts to extract payment from Oron without any legal basis for doing so should not be countenanced.  For all of these reasons, Oron respectfully requests that the Court deny Plaintiff's Motion for Attorneys' Fees.

Dated:  This 12th day of July, 2012

Wilson Elser Moskowitz Edelman & Dicker LLP

By: ___/s/David S. Kahn___
DAVID S. KAHN
Attorneys for Defendant FF MAGNAT LIMITED