Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**PLAINTIFF'S REPLY TO DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES** |

Plaintiff Liberty Media Holdings, LLC ("Liberty") hereby files its Reply in Support of its Motion for Attorney's Fees. This Reply is based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument permitted by this Court.

## I. INTRODUCTION

"Settlement agreements are designed to, and usually do, end litigation, not create it." *In re City Equities Anaheim*, 22 F.3d 954, 957 (9th Cir. 1994). The Parties reached an agreement that should have ended this litigation, not created additional costly and wasteful motion practice before this Court. There was a written offer to settle, made in writing and drafted by Defendant's counsel.

Plaintiff accepted that offer and began performance. The Defendant materially benefited from that performance. Then, once the Defendant received what it wanted, it attempted to manufacture an illogical dispute to repudiate the agreement. This was improper and should not be without consequences; otherwise this Court will incentivize such obstreperous behavior for parties who settle, only to back out once they receive the benefit of what they wanted in settlement. Defendant should be penalized for its unreasonable conduct and be made to pay the attorneys' fees and costs Plaintiff expended in making the motion to enforce settlement. Plaintiff Liberty respectfully requests that the instant Motion be granted.

## II. LEGAL STANDARD

On July 6, 2012, Plaintiff filed a request for attorney's fees in conjunction with its efforts to enforce the settlement agreement that should have concluded the instant litigation. 17 U.S.C. § 505 authorizes fees in a broad spectrum of circumstances. If Plaintiff succeeds on its Motion to Enforce Settlement, Plaintiff should be entitled to prevailing party fees for the motion. Alternatively, 28 U.S.C. § 1927 allows courts to require "[a]ny attorney or other person admitted … who so multiplies the proceedings in any case unreasonably and vexatiously … to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This case fits the bill. Further, the Court has the authority under N.R.S. 18.010 and it always has the inherent power to sanction and award fees.

Given that this litigation should have been finished with the execution of the settlement agreement, Defendant is clearly unreasonably requiring that additional fees and expenses be incurred by forcing Plaintiff to ask this Court to enforce the settlement. The Plaintiff does not seek fees for the litigation as a whole –merely the unnecessary fees necessitated by Defendant's refusal to abide by the parties' agreement. The Court has the authority to award such fees and should do so, lest it incentivize such behavior by the Defendant or other similarly situated parties. If parties are to be incentivized to settle disputes, there must be a cost for a party's attempt to simply drag litigation on in the face of a clear settlement.

\\
\\

### A. The Court Has the Authority to Award Fees Under 17 U.S.C. § 505

The United States Copyright Act at 17 U.S.C. § 505 states:

> **In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof**. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.  (emphasis added)

The Copyright Act provides a court with broad discretion with regard to fees and costs. Defendant argues that the statute "does not provide remedy for the breach or enforcement of an alleged settlement agreement." ECF 45 at 3-4.  However, 17 U.S.C. § 505 clearly states that remedy can be provided in "any civil action under the title" and that it can be "by or against any party other than the United States."  Furthermore, Defendant argues that the section "limits an award of attorneys' fees to 'the prevailing party.'" ECF 45 at 4.  This is incorrect.  The statute reads that the court "may **also** award a reasonable attorney's fee to the prevailing party" (emphasis added).  The statute does not read that fees are **only** for the prevailing party, but that prevailing party fees are also allowed under 17 U.S.C. § 505.  In this case, the Court has the authority to award fees based upon Defendant's conduct, and should do so.

### B. The Court Has Additional Authority to Award Fees Under 28 U.S.C. § 1927

Under 28 U.S.C § 1927, an attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to personally satisfy the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct. The Ninth Circuit has taken a broad reading of this statute, allowing sanctions to be awarded where litigation was pursued in subjective "bad faith," or "recklessly." *U.S. v. Blodget,* 709 F.2d 608, 610 (9th Cir. 1983).  An award of fees is not only proper in this case, but utterly necessary.

Bad faith is present where an attorney knowingly or recklessly raises a frivolous argument to the Court. *In re Keegan Mgmt., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996); *Estate of Blas ex rel. Chargualaf v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986); *Optyl Eyewear Fashion International Corp. v. Style Cos.,* 760 F.2d 1045, 1050-51 (9th Cir. 1985). Filings made solely for the purpose of delay constitute bad faith and are sanctionable under § 1927. *Blodget,* 709 F.2d at

610. The Defendant's claims against enforcement of the settlement agreement, especially when viewed through the lens of how personally the Defendant's counsel seems to be taking the matter, strongly suggests that the current dispute is attorney-driven, rather than a client-driven. Accordingly, it would be appropriate for the Court to, alternatively, award Plaintiff fees under 28 U.S.C § 1927.

**C.     Nevada's Statutes Permit an Award of Attorney's Fees Pursuant to N.R.S. 18.010**

Nevada Revised Statute 18.010 provides for an award of attorney's fees, as follows:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
>
> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> (a) When the prevailing party has not recovered more than $20,000; or
> (b) <u>Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations</u>. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public. (emphasis added)

Looking at the Defendant's position and conduct surrounding the settlement, it is also proper to award fees under N.R.S. 18.010. The Defendant has clearly raised a defense without reasonable grounds, and solely to unreasonably extend the litigation.

**D.     The Court Has Inherent Authority to Award Attorney's Fees**

A "district court has inherent power to award attorney's fees for bad faith conduct." *Earthquake Sound Corp. v. Bumper Indus.,* 352 F.3d 1210, 1220 (9th Cir. 2003). "There are ample grounds for recognizing … that in narrowly defined circumstances federal courts have inherent

power to assess attorney's fees against counsel." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Here, the provisions of 28 U.S.C § 1927 and 17 U.S.C. § 505 provide the narrow circumstances required. If the Court believes that the Defendant's actions are not explicitly covered by any particular statute regarding the need for enforcement of settlement, the Plaintiff may rely upon the inherent power of the court. In *Chambers v. Nasco, Inc.*, the United States Supreme Court made clear that the existence of a sanctioning scheme in statues and rules does not displace the court's inherent power to impose sanctions for bad-faith conduct. 501 U.S. 32 (1991). Whereas rules-based sanctions "reach only certain individuals or conduct, the inherent power extends to a full ranges of litigation abuses" and "at the very least … must continue to exist to fill in the interstices." *Id.* at 46. In this case, the clear applicability of the settlement, coupled with the Defendant's conduct warrants an award of fees under the Court's inherent power, even if no statutory authority applies.

**E.     The Initial Motion Was Not Defective.**

Plaintiff concedes that it did not comply with Local Rules 54-16(b) and 54-16(c). However, compliance with LR 54-16 is premature, as parties are not compelled to comply with that rule until "fourteen (14) days after entry of the final judgment or other order disposing of the action."

Since there has been no order disposing of this action, Plaintiff's duty to comply with the Local Rule has not arisen. Since any amount of fees (and any additional amounts the Defendant will insist on creating in the way of expenses) is a moving target, Plaintiff cannot yet fully comply with the terms of the Local Rule. As the Plaintiff's counsel seeks an orderly and efficient resolution to this matter, it believed it wasteful to add expenses to a motion, when such additional material will only be necessary if the Plaintiff prevails on its Motion to Enforce and its Motion for Fees. Judicial economy requires that the motion stand or fall on its merits, before everyone expends fees upon fees prematurely complying with LR 54-16. However, since the Defendant insists upon seeing the partial fee request immediately, the Plaintiff will oblige, and tax the presently incurred costs to its ultimate award, if it is granted. Plaintiff now cures this alleged "defect" and attaches the billing itemization and affidavits. See Exhibit 1; Declaration of Marc J. Randazza. It is proper to submit this information with a reply brief. See *Igbinovia v. Catholic*

*Healthcare West*, 2010 U.S. Dist. LEXIS 139033 (D. Nev. Dec. 29, 2010) (denying fee motion while ordering amendment to comply with L.R. 54-16); *Page v. Grandview Mktg.*, 2010 U.S. Dist. LEXIS 125607 (D. Nev. Nov. 29, 2010) (permitting supplement to fee request). See also *Comcast of Ill. X, LLC v. Kwak*, 2010 U.S. Dist. LEXIS 105809 (D. Nev. Sept. 20, 2010) (Not denying motion court ordered supplemental briefing as to Local Rule 54-16(b)'s requirements).

As additional fees are likely before the Court decides the motion, the Plaintiff requests fourteen (14) days after the Court's order on the Motion to Enforce Settlement in which to augment and finalize its fee request, and the Defendant should have an appropriate period of time in which to object to the <u>amount</u> of the fees claimed.

### III. CONCLUSION

Plaintiff undertook the expense of filing motion practice to require that Defendant adhere to the settlement agreement already mutually assented to by the Parties. This agreement should have ended the litigation, not prolonged it. *In re City Equities Anaheim*, 22 F.3d at 957. At any time, Defendant could have upheld its end of the bargain and continued to perform as per the agreement between the parties. It has become more obvious with each passing day that the Defendant's position is directly contrary to the facts surrounding the agreement and the law of this Circuit and District. Defendant, whether through Counsel's insistence or acquiescence, persists in forcing this litigation to continue at great cost to the Plaintiff, despite a settlement, which was supposed to end both parties' legal expenses, not multiply them.

The settlement (ECF 44-2) is clearly a valid settlement agreement. The Defendant refused to honor the settlement agreement, instead forcing the Plaintiff to seek relief from the Court. Plaintiff expended additional fees both in drafting and replying to the Motion to Enforce Settlement and the Motion for Attorneys' Fees; the Plaintiff was forced to expend further legal and monetary resources in the Hong Kong court. These costs and expenditures would have been unnecessary and irrelevant if Defendant had simply honored the agreement it drafted. The Court cannot incentivize this behavior by allowing it to go without repercussion.

Section 1927 codifies attorneys' duties to bring meritorious arguments in a reasonable manner. Doing so requires restraint and sound judgment – even if it requires telling a demanding

client, "no."  Defendant and their counsel have failed to take these steps and forced the litigation to continue, despite knowing that a settlement has already been reached.  Plaintiff requests that the Court de-incentivize this behavior, and award Plaintiff the fees incurred since the signing of the settlement agreement.

Dated: July 23, 2012

                                    Respectfully Submitted,

                                    *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on July 23, 2012.

Dated: July 23, 2012

                                          Respectfully Submitted,

                                          *s/Marc J. Randazza*

                                          Marc J. Randazza, Esq., NV Bar # 12265
                                          Ronald D. Green, NV Bar # 7360
                                          J. Malcolm DeVoy, NV Bar #11950
                                          Randazza Legal Group
                                          6525 W. Warm Springs Rd., Ste. 100
                                          Las Vegas, NV 89118
                                          888-667-1113
                                          305-437-7662 (fax)
                                          rlgall@randazza.com