Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation <br><br> Plaintiff, <br><br> vs. <br><br> FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500, <br><br> Defendants. | Case No.: 2:12-cv-01057 <br><br> **EMERGENCY MOTION TO EXTEND HEARING SCHEDULE, OR IN THE ALTERNATIVE, FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT [ECF 33]** |

Plaintiff Liberty Media Holdings, LLC ("Liberty") hereby moves the Court to either extend the existing hearing schedule, postponing the hearing and the memorandum due prior to the August 9, 2012 hearing until after the Court has ruled on the motions currently pending before it, or (in the alternative) for the Court to set the Motion to Enforce Settlement for a hearing on an expedited basis.

Currently pending before the Court is Liberty's Motion to Enforce Settlement.  ECF 33. This motion has been fully briefed by both Parties.  ECF 44 (Opposition), ECF 66 (Reply). If the Motion to Enforce Settlement is granted it will render the need for the August 9, 2012 hearing

moot.  Given the settlement agreement and the Plaintiff's position thereupon, if the settlement agreement is enforced, Plaintiff will be compelled to dismiss this action (after payment is transferred) with respect to all identified Defendants, ending the case altogether.  On that basis, the Plaintiff seeks an Order from the Court, which will manage the docket in a manner to save all Parties (including the Defendant) the expense of preparation for the upcoming August 9, 2012 hearing if it is to simply be rendered moot by the Motion to Enforce Settlement.

Accordingly, the Plaintiff requests an expedited hearing on the Motion to Enforce or to extend the hearing schedule (and the associated documents due to the Court prior to the hearing) to twenty (20) days after the Court renders an Order on the Motion to Enforce Settlement, in order to allow all Parties to save the associated costs and fees of preparing for the hearing.

As a matter of judicial economy, Liberty recognizes that the costs and fees associated with preparation for the August 9, 2012 hearing would be wasteful and moot if the Court grants the Motion to Enforce Settlement.  As a matter of judicial economy, it benefits all Parties if the Motion to Enforce Settlement is decided before any Parties prepare for or attend an Order to Show Cause hearing.

Undersigned counsel offers the following as good cause for the requested extension of time:

1.  On June 20, 2012, the Plaintiff filed an Emergency Motion for a Temporary Restraining Order.  ECF 2.  On June 21, 2012, the Court granted the TRO, established a briefing schedule, and set the hearing for July 3, 2012.  ECF 11.

2.  On June 26, 2012, the Court delayed the hearing until July 10, 2012, and extended the briefing schedule appropriately.  ECF 19.

3.  On July 3, 2012, the Plaintiff and Defendant FF Magnat Limited filed a joint stipulation to extend the hearing schedule and associated briefing.  ECF 28.  On July 5, 2012, the Court approved the requested extension, delaying the hearing to August 9, 2012 and the papers accordingly.  ECF 29.

4.  On July 5, 2012, Defendant Maxim Bochenko joined the stipulation entered into by the Plaintiff and Defendant FF Magnat Limited.  ECF 30.  On July 6, 2012, the Court approved this stipulation.  ECF 31.

5.     On July 6, 2012, the Plaintiff filed a Motion to Enforce Settlement.  ECF 33. Defendant FF Magnat filed a response on July 12, 2012. ECF 44.  Plaintiff filed its reply on July 23, 2012.  ECF 66.  This motion is currently pending before the Court, is fully briefed and thus ripe for a decision, and would render the hearing scheduled for August 9, 2012 moot, if granted.

6.     Plaintiff merely seeks a short interval (to benefit all Parties) within which to allow the Court to decide upon dispositive matters already pending before it, thus saving Plaintiffs and Defendants additional fees, costs, and other expenditures in motion practice that could be rendered moot.

7.     This expedited hearing or delay will give maximum effect to the Motion to Enforce Settlement and the underlying settlement agreement.  Settlement is strongly favored under the law, and it is almost a universal presumption that the settlement will be enforced.  See *Pearson v. Ecological Science Corp.*, 522 F.2d 171, 176 (5th Cir. 1975), *cert. denied*, 425 U.S. 912, 96 S. Ct. 1508, 47 L. Ed. 2d 762 (1976) (Settlements are "highly favored in the law."); *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1370 (Fed. Cir. 2001) (same); *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985) (same); *Sharff, Wittmer & Kurtz, P.A. v. Messana*, 581 So. 2d 906, 908 (Fla. 3d DCA 1991) (same); *Sanders v. Roselawn Memorial Gardens*, 152 W. Va. 91 (W. Va. 1968); *Leary v. Julian*, 225 Ga. App. 472 (Ga. Ct. App. 1997), (same); *State ex rel. Wright v. Wyendt*, 50 Ohio St.2d 194, 197, 363 N.E.2d 1387 (1977) (same); *Solbourne Computer, Inc. v. Bd. of County Comm'rs*, 2008 U.S. Dist. LEXIS 29898 (N.D. Fla. Apr. 11, 2008) ("Negotiated settlements are, of course, favored under the law because they help avoid the costs of litigation and, inter alia, help serve the interests of judicial economy."); *Genusa v. Robert*, 720 So. 2d 166 (La.App. 5 Cir. Oct. 14, 1998) (Settlement and compromise are favored under the law.); *MJMT, Inc. v. Geier*, 2012 Ohio 813 (Ohio Ct. App. 2012) (same); *Lindsey v. Hunt*, 215 Tenn. 406, 418 (Tenn. 1964) (same); *Martinez v. IBP, Inc.*, 961 S.W.2d 678, 683 (Tex. App. 1998); *Stamie E. Lyttle Co. v. County of Hanover*, 231 Va. 21 (Va. 1986).  Courts consider it their duty to encourage rather than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims.

8.     This motion is not filed for purposes of delay or for any improper purpose.  In fact, an expedited hearing will not cause any delay at all.  No party shall be prejudiced in any manner by

the Court granting this motion.  On the other hand, should this motion be denied, both Parties will incur significant attorneys' fees for briefing, drafting, and other hearing preparation that should ultimately prove completely unnecessary.  The Court has the authority pursuant to Rule 6 of the Federal Rules of Civil Procedure to grant extensions of time, when as here, justice so requires, Fed. R. Civ. P. 6(b)(1)(A), and can manage its docket under Fed. R. Civ. P. 16.

9.      Undersigned counsel respectfully submits that good cause can therefore be shown for the relief sought, and requests that this Honorable Court set an expedited hearing on the Motion to Enforce Settlement or that it extend the date of the August 9, 2012 hearing to 20 days after the Court renders an Order on the Motion to Enforce Settlement.  The Court should also, therefore, (if the extension relief is granted) set the Defendant's answering brief to be due seven (7) days prior to the hearing and the Plaintiff's reply brief to be due two (2) days prior to the hearing.

Dated: July 26, 2012

Respectfully Submitted,


  *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on July 26, 2012.

Dated: July 26, 2012

Respectfully Submitted,

 s/Marc J. Randazza
_____

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com