# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62107-CV-WILLIAMS

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

vs.

SERGEJ LETYAGIN, d/b/a
SUNPORNO.COM, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the Motion for Temporary Restraining order filed by Plaintiff Liberty Media Holdings, LLC ("Liberty Media") (DE 37).

### I.    BACKGROUND

This action was commenced on September 26, 2011 (DE 1), and after Plaintiff was allowed to engage in early discovery, an amended complaint was filed on November 17, 2011 (DE 21). In general, the complaint alleges that Plaintiff operates adult-themed websites and its copyrighted pornographic material was reproduced on a website called "SunPorno.com." (Compl. ¶¶ 1-5.) Defendant Sergej Letyagin is a resident of the Czech Republic and is the owner, operator, and primary stakeholder of SunPorno.com. (Compl. ¶ 11.) He registered the SunPorno.com domain name with a Florida corporation called Moniker Online Services, a "registrar" of domain names. (Compl. ¶¶ 10-15.) Defendant Ideal Consult, Ltd. ("Ideal Consult") is a Seychellois corporation that is the domain name registrant for the SunProno.com domain name.

(Compl. ¶ 16.) Plaintiff alleges that Mr. Letyagin operates Ideal Consult as his alter ego. (Compl. ¶ 17.) Six other SunPorno.com members and users who uploaded material to the website that allegedly infringes on Plaintiff's copyright claims were listed as Defendants. (Compl.¶¶ 16-40.) Other "John Doe" Defendants who assisted the named Defendants in the alleged infringement are also included in the complaint. (Compl. ¶¶ 41-44.) The six causes of action in the complaint only seek recovery for copyright infringement and to hold Mr. Letyagin liable for the actions of Ideal Consult, Ltd.

The instant motion was filed on December 9, 2011 (DE 37). Attorneys for a Defendant listed in the original complaint as Moniker Privacy Services Registrant 2125963, d/b/a SunPorno.com (which was replaced in the Amended Complaint, after discovery, by "Sergej Letyagin, d/b/a SunPorno.com") submitted an opposition on December 12, 2011 (DE 42). The Court heard oral argument on the motion on December 13, 2011. During oral argument, Plaintiff withdrew nearly all of the relief sought in the motion – for instance, by conceding that five domain names not mentioned in the complaint could not be put into receivership,[1] and acknowledging that there was insufficient evidence in the record to cull revenue obtained by Defendant through credit card processors. Ultimately, after discussion, Plaintiff asked only that the SunPorno.com website be enjoined from transfer to another registrant. Following oral argument, Plaintiff submitted a reply in support of its motion (DE 43.)

---

[1] Plaintiff acknowledged at the hearing that these five domain names do not relate to claims alleged in the complaint.

2

Given the remedy sought, the Court provides some background on the relationship of the parties and the set-up of websites such as the one maintained by SunPorno.com. As explained recently by the Ninth Circuit:

> [T]here are three primary actors in the domain name system. First, companies called "registries" operate a database (or "registry") for all domain names within the scope of their authority [e.g., all .com, .net, .gov, etc. domain names]. Second, companies called "registrars" register domain names with registries on behalf of those who own the names. Registrars maintain an ownership record for each domain name they have registered with a registry. Action by a registrar is needed to transfer ownership of a domain name from one registrant to another. Third, individuals and companies called "registrants" own the domain names. Registrants interact with the registrars, who in turn interact with the registries.

*Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 699 (9th Cir. 2010). The parties do not dispute that the registrar in this action is Moniker Online Services. When the operators of SunPorno.com registered its domain name "http://www.sunporno.com" it paid the registrar a fee and provided a name, contact, billing, and technical information.

Nor do the parties dispute that Defendant transferred the domain name registration for the SunPorno.com website to a company located outside this jurisdiction. According to Plaintiff, when this action was commenced, the contact information for the SunPorno.com domain name was listed as Moniker Privacy Services and provided a mailing address in Pompano Beach, Florida. (Dillon Decl. ¶ 5. (DE 37-1) (citing registry information contained at DE 37-3, DE 37-4).) Shortly thereafter, the contact information was listed as Defendant Ideal Consult, Ltd, with a Seychellois mailing address. (*Id.* at ¶ 5) As a result, Plaintiff contacted Moniker, informed it of the existence of this suit, and asked it to place a "legal lock" on the SunPorno.com domain

3

# EXHIBIT A

name, which it did. (Opp'n at 2 n.2; Letter from Jason A. Fischer, Randazza Legal Group, to Moniker Online Service, LLC (Sept. 28, 2011) (DE 42-2).) In opposition papers, Mr. Letyagin avers that the transfer was part of a mass transfer of 1,033 domain names to a Canadian registrant, which was done for legitimate business purposes before learning of the current litigation. (Letyagin Decl. ¶¶ 15-17 (DE 42-3).) As the parties represented at the December 13, 2011 hearing, Moniker's "lock" still operates to prevent the transfer of the domain name to another registrar and Plaintiff is willing to pay Defendant's annual fee to Moniker. Plaintiff would like an order imposing on Moniker an obligation to maintain the lock.[2]

## II. DISCUSSION

A temporary restraining order ("TRO") or preliminary injunction prior to trial is an extraordinary remedy that should not be granted unless the plaintiff can meet its burden. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).[3] Their purpose is to preserve the positions of the parties as best as possible until a trial on the merits may be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). With respect to

---

[2] Specifically, it submitted a proposed order to Chambers asking that the Court "order[ ] that the domain name SunPorno.com shall remain registered with Moniker and shall not be moved to any registrar outside the jurisdiction of this court . . . ."

[3] Because the Defendant operating the website has received notice of the this motion, submitted an opposition with accompanying affidavits, and was present at the hearing, the Court will treat the motion as one for a preliminary injunction. *See Textron Fin. v. Unique Marine, Inc.*, No. 08-10082-civ, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008) ("The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided.")

pre-judgment transfers, the Eleventh Circuit has held that a request for equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 605 (S.D. Fla. 1991) ("[I]t cannot be doubted that remedy for the Plaintiff class would be meaningless if [Defendant] were permitted to place the assets of [a co-Defendant] beyond the reach of this court by transferring them to a new corporation in Switzerland.") In this context specifically, temporary restraining orders have been used to prevent a defendant operating an infringing website from transferring the domain name, even before service can be effected. *See, e.g., Deckers Outdoor Corp. v. Does 1-55*, No. 11-cv-10, 2011 WL 2036454, at *1 (N.D. Ill. May 24, 2011).

To prevail, the party making the motion must show (1) there is a substantial likelihood of success on the merits; (2) the TRO or preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (4) the TRO or preliminary injunction would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). In an infringement action, the movant must present a prima facie case of infringement: (1) it owns a valid copyright in the works at issue; and (2) that the infringer copied original elements of those works. *See Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002).

5

The Court has reviewed the materials presented by the parties and finds that the above-mentioned requirements have not been met. Defendant's primary objection to an order barring transfer of the domain name is that the Court lacks both subject matter and personal jurisdiction, and in turn, Plaintiff cannot show a likelihood of success on the merits. Defendant contends that "[t]he only connection to the present forum is that the registrar who registered the Sunporno.com domain has an address in Florida." (Opp'n at 5-6.) Otherwise, Plaintiff is a California company, Mr. Letyagin is a Czech resident, and Ideal Consult is a Seychellois corporation. Plaintiff stated at the hearing that it is unaware of the identify of the website's prior owner. The Court agrees that merely registering a domain name with a company in Florida is insufficient to support personal jurisdiction over the website's operator. *See, e.g., Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 590, 595 (E.D. Va. 2003).[4]

However, Plaintiff represented at oral argument that its basis for the exercise of personal jurisdiction is Federal Rule of Civil Procedure 4(k)(2), which deals with federal long-arm jurisdiction. Specific jurisdiction over a defendant under that section requires that: (1) the exercise of jurisdiction is consistent with the Constitution and the laws of

---

[4] Courts typically must determine whether the plaintiff has alleged facts sufficient to subject the defendant to the forum state's long-arm statute. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). Florida's long-arm statute subjects defendants to jurisdiction in the state who engage in various enumerated acts, including "[c]ommitting a tortious act within this state" or, under certain circumstances, "[c]ausing injury to persons or property within this state." FLA. STAT. § 48.193(a)(1). Assuming that hurdle is satisfied, the exercise of personal jurisdiction must then be shown to comport with the constitutional requirements of due process and traditional notions of fair play and substantial justice. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945)).

6

the United States; (2) the claim arises under federal law, and (3) the defendant is not subject to the jurisdiction of any state. *See Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010). The provision was added in 1993 in order to fill a gap in federal personal jurisdiction over a defendant that does not reside in the United States "but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001).

Based on the record, the last two elements are not in dispute – copyright claims clearly arise under federal law and Defendant maintains that it has no presence in the United States. With respect to the remaining element, the Eleventh Circuit has explained that the applicable forum for a minimum contacts analysis is the United States and courts must engage in a fact-intensive inquiry that "hew[s] closely to the foreseeability and fundamental fairness principles forming the foundation upon which the specific jurisdiction doctrine rests." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1218-23 (11th Cir. 2009). While it may be cured at the motion to dismiss stage, Plaintiff has not carried its burden at this juncture. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 19 Fed. App'x 815, 821 (10th Cir. 2001) (holding that a plaintiff must demonstrate a reasonable probability of success on the issue of personal jurisdiction to justify a preliminary injunction).

Specifically, Plaintiff has not shown that Defendant's conduct can, in line with the Constitution, subject it to jurisdiction in this forum. Plaintiff contends that Defendant has "considerable" web traffic originating from the United States and has presented an exhibit showing that fifteen percent of the visitors to its website are from the United

States. (Reply at 5; Site Profile (DE 43-4).) Precedent, however, establishes that maintaining a website accessible to users in a jurisdiction does not subject a defendant to be sued there; those users must be directly targeted, such that the defendant can foresee having to defend a lawsuit. *See, e.g., be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452-54 (3d Cir. 2003) ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction . . . Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the [jurisdiction]."); *Instabook Corp. v. Instapublisher.com*, 469 F. Supp. 2d 1120, 1127 (S.D. Fla. 2006) (finding insufficient contacts in a patent infringement case since, among other reasons, "Defendant could not reasonably anticipate being haled into court in Florida based on its operation of interactive websites accessible in Florida and its sales to two Florida residents" in the absence of "targeting or solicitation of Florida residents").[5]

---

[5] Additionally, while Plaintiff asserts that Defendant's "business model is premised on operating abroad and broadcasting pirated works into the United States" and Defendant has "such pervasive and systematic business contacts in the United States that he is subject to general jurisdiction in the United States" (Reply at 5), these statements are entirely conclusory. *See, e.g., First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) ("Conclusory statements . . . '[d]o not constitute the *prima facie* showing necessary to carry the burden of establishing jurisdiction." (citation omitted)). Moreover, its argument that Defendant has "establish[ed] several jurisdictions" in the United States through unidentified advertising and "contracting" activity (Reply at 5) is not only unsupported, but is inconsistent with Rule 4(k)(2), which is defeated by identifying a state in which the defendant is subject to personal jurisdiction. *See*

8

Even where a defendant clearly conducts business through its website or e-mail, "courts have looked to find 'something more' that creates actual acts directed at the forum state . . . ." *Xactware, Inc. v. Symbility Solution*, 402 F. Supp. 2d 1359, 1363 (D. Utah 2005) (citing authority). For instance, this District has held that jurisdiction was appropriate over a Mexican corporation operating a website that allegedly infringed on a plaintiff's trademark where the defendants availed themselves of the forum by promoting their business through United States travel agents, advertising in United States publications, and attending trade shows in the United States. *See Jackson v. Grupo Industrial Hotelero, S.A.*, No. 07-22046, 2008 WL 4648999, at *6-9 (S.D. Fla. Oct. 20, 2008) (concluding that "[t]hese allegations not only show a nexus with Plaintiff's causes of action, but also form a *prima facie* showing of constitutionally adequate minimum contacts for this Court to assert personal jurisdiction over the defendants"); *see also Citadel Inv. Group, L.L.C. v. Citadel Capital Co.*, 699 F. Supp. 2d 303, 314, 315 (D.D.C. 2010) (finding that the exercise of jurisdiction was consistent with the Constitution in an infringement action for purposes of Rule 4(k)(2) where defendant "sought business relationships with residents of the United States" by soliciting investors at industry conferences in the United States). Here, Plaintiff has alleged that Defendant's website receives traffic and business from United States customers but has not met its burden of showing that Defendant did anything to target customers from the

---

*Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. App'x 623, 627 n.2 (11th Cir. 2010).

9

United States or even that anyone from the United States made a purchase on Defendant's website.

Additionally, although Defendant has stated that it has not had sufficient time to clarify its position, it disputes that the infringement activity alleged took place or that it is otherwise liable. (Opp'n at 5 n.6.) The evidence of infringement that has been advanced is weak. Indeed, Plaintiff's motion focuses only on its fraudulent transfer theory and not on the substance of the claims at issue in the complaint. It has submitted evidence of ownership of only one copyrighted work (DE 21-6.) The affidavit submitted in support of its motion (DE 37-2) states that ten works on the SunPorno.com website were pirated, but does not identify the works, specify that Plaintiff owns the copyright, or state that the works have been registered in compliance with the copyright statute. Thus, Plaintiff cannot meet its burden of showing that it is likely to prevail on the copyright counts it has brought.

### III.   CONCLUSION

Although the Court can sympathize with a Plaintiff complaining of elusive foreign infringers, the Court cannot overlook the requirements of an injunction to conclude on this undeveloped record that Plaintiff is likely to succeed on its claim. Therefore, an injunction is not warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)   Plaintiff's Motion for a Temporary Restraining Order (DE 37) is **DENIED**.

(2)   The Clerk is directed to **SEAL** Plaintiff's Reply (DE 43) and all attachments, which contain pornographic images that were uploaded to

the public docket via the Court's electronic case management system. Plaintiff is advised to seek to file such material under seal.

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of December, 2011.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE