**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727.1400; FAX (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA Bar. No. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) sroman@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
T:  (415) 249-8330; Fax: (415) 249-8333

**STEVAN LIEBERMAN** (Washington, DC Bar No. 448218) (*pro hac vice*)
**GREENBERG & LIEBERMAN, LLC**
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
T:  (202) 625-7000; Fax: 202-625-7001
stevan@APLegal.com

Attorneys for Defendant FF MAGNAT LIMITED

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN ROMANOV; and JOHN DOES 1 - 500.<br><br>Defendants. | Case No. CV 2:12-cv-01057 GMN-RJJ<br><br>**DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO REQUEST FOR EVIDENTIARY HEARING**<br><br>**Judge:**       Hon. Gloria M. Navarro<br>**Courtroom:**   7D |

Without providing any indication of why it needs to present additional evidence at the August 9, 2012 hearing on its Motion for Preliminary Injunction, or what evidence it would present, plaintiff Liberty Media Holdings LLC ("Liberty Media") asks this Court for leave to "present additional evidence and witness testimony" at that hearing. Defendant FF Magnat Limited ("Oron") opposes plaintiff's request for two reasons.

First, permitting Liberty Media to present new or additional evidence at the hearing would deprive Oron of a fair opportunity to oppose Liberty Media's preliminary injunction motion. Fed.R.Civ.P. 65(a)(1) provides that no preliminary injunction may be issued without notice to the adverse party.  Although the rule does not specify the amount of notice required, the United States Supreme Court has held that it "implies a hearing in which the defendant is given a fair opportunity to oppose the application **and to prepare for such opposition**." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 432 (1974)(emphasis added).  It is respectfully submitted that it would be a denial of due process to require defendant Oron to respond to new and additional evidence "on the spot" at the hearing without first having had an adequate opportunity to review the proffered evidence, identify and gather responsive or opposing evidence, and determine how that evidence could be presented to the Court.  Plaintiff Liberty Media has been given a full and fair opportunity to present evidence in its moving and reply papers, and it is simply unfair for it to spring new and additional evidence on Oron at the hearing. *See Lavan v. City of Los Angeles*, 797 F.Supp.2d 1005, 1010, n.1 (C.D. Cal. 2011)  ("At the preliminary injunction hearing on June 20, 2011, the City requested permission to submit additional supplemental declarations to address issues such as certain Plaintiffs' standing to bring the claims in this case . . . The City's request is denied. The City has had ample time to submit declarations to the Court and issues such as standing could have, and should have, been raised in response to the Complaint or Plaintiffs' declarations submitted in support of the TRO Application.").

Second, plaintiff Liberty Media's request to present live testimony at the hearing should be denied.  Although the Court has discretion to allow a motion for preliminary injunction to be heard on live testimony in appropriate circumstances, live testimony is rarely allowed. *See Kenneally v.*

*Lungren*, 967 F.2d 329, 334-35 (9th Cir. 1992) ("We do not indulge a presumption in favor of evidentiary hearings. [citations] "[I]f the facts are simple and little time would be taken, a court may be required to hold an evidentiary hearing on a motion for an injunction.... However, we have rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." [citation]). Oral testimony is particularly inappropriate where, as here, the party seeking to present it has had a full and fair opportunity to present written materials to the court and to argue its position at a hearing. *See Stanley v. University of So. Calif.,* 13 F.3d 1313, 1326 (9th Cir. 1994) (court may refuse oral testimony where parties given full opportunity to submit written discovery and to argue the matter); *San Francisco-Oakland Newspaper Guild v. Kennedy,* 412 F.2d 541, 546 (9th Cir. 1969) (court did not abuse its discretion in refusing to permit oral testimony when presentation of many affidavits and oral argument provided sufficient opportunity for opposition to preliminary injunction).

For all of the foregoing reasons, Oron respectfully requests that Liberty Media's Request for Evidentiary Hearing be denied.

Dated:  August 2, 2012                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____/s/_____
    MICHAEL D. LISI
    Attorneys for Defendant FF MAGNAT LIMITED