Michael D. Rounds
Nevada Bar No. 4734
Steven A. Caloiaro
Nevada Bar No. 12344
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Telephone:     (775) 324-4100
Facsimile:      (775) 333-8171
E-Mail:          mrounds@watsonrounds.com
E-Mail:          scaloiaro@watsonrounds.com

Attorneys for Defendant Maxim Bochenko

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Liberty Media Holdings, LLC, A California Corporation<br><br>Plaintiff,<br><br>v.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants.<br>_____/ | Civil Action No. 2:12-cv-01057-GMN-RJJ<br><br>**DEFENDANT BOCHENKO'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

COMES NOW Maxim Bochenko, a Florida Resident, by and through his counsel of record, Watson Rounds, and hereby responds to the Court's Order to Show Cause and opposes Plaintiff Liberty Media Holdings, LLC's Motion for Preliminary Injunction.[1]

///

---

[1] In filing this opposition, Maxim Bochenko does not intend to waive any defense based on lack of personal jurisdiction Mr. Bocehnko is appearing specially, and is therefore not waiving any right to challenge jurisdiction. Mr. Bochenko has already filed a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b) challenging personal jurisdiction. Doc. # 21.  An opposition to a preliminary injunction motion under these circumstances does not constitute a waiver. *See Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005).

I. **FACTS**

On June 20, 2012, Plaintiff filed its Complaint in the instant action, and at the same time filed an emergency motion for an ex parte TRO, order for seizure, appointment of receiver, and order to show cause regarding a preliminary injunction. Doc. #'s. 1-6.  The Court issued an order, and later an amended order, granting the motion for TRO and setting a hearing for the order to show cause regarding the preliminary injunction.  Doc. #'s. 11, 13.  Defendant Maxim Bochenko also independently filed a motion to dismiss for lack of personal jurisdiction.  Doc. # 21.  Plaintiff sought and was granted an extension to reply. Doc. #'s 42, 43. While the Plaintiff has, to date, avoided addressing the jurisdictional issue, it comes to light again.

Mr. Bochenko is a resident of the State of Florida, who has never been an employee of FF Magnat Limited or any affiliated company, and has no contacts with the state of Nevada.  Plaintiff has not met the minimum requirements establishing personal jurisdiction over Mr. Bochenko, and this Court should therefore not issue an injunction against him.

II. **ARGUMENT**

   A. **An Injunction Cannot Be Granted Where No Personal Jurisdiction Exists**

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original); *see also Mayview Corp. v. Rodstein*, 480 F.2d 714 (9th Cir. 1973) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

A federal court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in the Plaintiff's favor; and (4) injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  If

2

the plaintiff has not satisfied their burden of establishing the first element, the court need not consider the remaining three. *DISH Network Corp. v. FCC,* 653 F.3d 771, 776 (9th Cir.2011).

Further, the plaintiff must establish by a reasonable probability that jurisdiction exists. *Butte Min. PLC v. Smith*, 24 F.3d 245 (9th Cir. 1994). If the court does not have personal jurisdiction over a party, it may not enjoin them. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1917); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

### B. Personal Jurisdiction Does Not Exist

Plaintiff has failed to meet its required burden demonstrating that this Court has personal jurisdiction over Defendant Bochenko. More specifically, Plaintiff has failed to demonstrate that sufficient minimum contacts exist to establish either general or specific jurisdiction.

Mr. Bochenko is not now, nor has he ever been, an employee of FF Magnat Limited or any affiliated corporation or business. Doc. # 21-1 ¶ 8. This statement was sworn to be true by the real owner and operator of FF Magnat and Oron.com, Davidoglov Stanislav. Doc. # 73-1 ¶ 4. Further, Mr. Bochenko has never taken part in any of the wrongful activities alleged in the Complaint. Doc. # 21-1 ¶ 9. Mr. Bochenko's only contact with the state of Nevada was a two-day personal vacation he took to Las Vegas five years ago. Doc. # 21-1 ¶¶ 4, 5.

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Maxim Bochenko has never had sufficient contact with Nevada, which would warrant this Court having personal jurisdiction. Enjoining Mr. Bochenko in this case would offend the notions of fair play and substantial justice.

3

**C.    Incorporation of Defendant FF Magnat's Motion to Dismiss**

Co-Defendant FF Magnat recently filed an opposition to the motion for preliminary injunction and appointment of receiver (Doc. # 71) and motion to dismiss (Doc. # 73). Where applicable, Defendant herein incorporates by reference the arguments made in FF Magnat's papers.

### III.   CONCLUSION

There is no basis for an injunction against Mr. Bochenko, where Plaintiff has failed to show a reasonable probability that jurisdiction exists. The Court should not issue injunctions lightly, and there is no basis to issue the injunction where minimum requirements to establish jurisdiction over Mr. Bochenko in the State of Nevada are not satisfied. As such, this Court should deny the Plaintiff's motion.

Dated:  August 2, 2012

By: /s/ Michael D. Rounds
Michael D. Rounds
Nevada Bar No. 4734
Steven A. Caloiaro
Nevada Bar. No. 12344
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083

Attorneys for Defendant Bochenko

4

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Watson Rounds, and that on this date, a copy of the foregoing **DEFENDANT BOCHENKO'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** has been served upon counsel of record registered in this matter via the District of Nevada's ECF procedure.


Dated:  August 2, 2012                                By: /s/ Carla Ousby_____
                                                      An Employee of Watson Rounds