**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
T:  (702) 727.1400; Fax: (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA BAR. NO. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
T: (415) 249-8330; Fax: (415) 249-8333

**STEVAN LIEBERMAN** (Wash, DC Bar No. 448218) (*pro hac vice*) stevan@APLegal.com
**GREENBERG & LIEBERMAN, LLC**
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
T:  (202) 625-7000; Fax: (202) 625-7001

Attorneys for Defendant FF MAGNAT LIMITED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,  a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN ROMANOV; and JOHN DOES 1 - 500.<br><br>Defendants. | Case No. 2:12-cv-01057 GMN-RJJ<br><br>**OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND HEARING SCHEDULE, OR IN THE ALTERNATIVE, FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT** |

## I.   INTRODUCTION

Plaintiff asks to expedite the hearing of its motion to enforce an alleged settlement and/or to delay the hearing of its motion for preliminary injunction until twenty days after its settlement motion is decided.  Defendant FF Magnat Limited ("Oron") opposes any delay in deciding the preliminary injunction motion, because the temporary restraining order already in place has required Oron to entirely shut down its business, and allowing that order to remain in place any longer than necessary only increases the likelihood that Oron will be unable to salvage and restore at least some part of its business.  Oron expects that when it is heard on the facts and law at the preliminary injunction hearing, an injunction will be denied and the TRO vacated.

Accordingly, Oron requests that the current schedule be maintained.  In the alternative, if the Court is inclined to expedite the hearing on the settlement motion, Oron requests that it also expedite the hearing on the preliminary injunction motion to be heard at the same time.

## II.   ARGUMENT

Plaintiff's ex parte filing – the June 29, 2012 Emergency Motion for Ex Parte Temporary Restraining Order, Order for Seizure, and Appointment of Receiver – although unsupported by admissible evidence, threatens to destroy Oron .  Its website is now down due to its inability to pay its vendors, and the longer the site is inoperable, the greater the chances are that Oron may never recover.  Time is of the essence for Oron, yet Plaintiff seeks to  keep Oron from having its day in court.  While it claims to seek judicial economy and save the parties legal fees, Plaintiff has relentlessly filed motion after motion (many ex parte) in order to force Oron to spend as much as possible on attorneys' fees, at a time when this Court's TRO leaves Oron without sufficient funds to pay those fees.  It has long been Oron's belief that Plaintiff's true purpose in filing its complaint, its ex parte documents, and its subsequent motions was solely to destroy Oron.  Indeed, Plaintiff's counsel stated in a July 4, 2012 email to Oron's attorney:  "I prefer to kill Oron altogether and keep all $3 million." *See* Declaration of Stevan Lieberman in Opposition to Plaintiff's Motion to Enforce Settlement Agreement (Dkt No. 44-1, ¶ 9 and 44-8.)

1

OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
TO EXTEND HEARING SCHEDULE, OR IN THE ALTERNATIVE,
FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT
CASE NO.: 2:12-cv-01057 GMN-RJJ

Upon learning of this Court's Order freezing its assets based on an ex parte filing, Oron immediately filed multiple motions to modify the Order, requesting that this Court allow access to sufficient funds in order to pay for legal fees and necessary business expenses.  The Court provided limited funds - US $100,000 for legal fees - an amount that has not been sufficient because of the numerous filings by Plaintiff.  In addition, the Court refused to provide any money for regular business expenses.  This combination created extraordinary financial stress and achieved the inevitable – Oron's website has been shut down and, most likely, Oron will lose a majority of its customers.

Rule 65(b)3 of the Federal Rules of Civil Procedure (FRCP) states in relevant part:

> (3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

The durational limitations imposed on ex parte restraining orders had their origin in § 17 of the Clayton Act of 1914, 38 Stat. 737.  When enacted, the House emphasized that the durational and other limitations imposed on temporary restraining orders were thought necessary to cure a serious problem of ill-considered injunctions without notice.  *See* H.R.Rep. No. 627, 63d Cong., 2d Sess., 25 (1914).

> The stringent restrictions imposed by § 17, and now by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, cf. *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 180, 89 S. Ct. 347, 351, 21 L.Ed.2d 325 (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & & Auto Truck Drivers Local No. 70 of Alameda County, Etc.*, 415 U.S. 423, 425, 94 S.Ct 1113, 39 L.Ed.2d 435 (1974).

2

OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
TO EXTEND HEARING SCHEDULE, OR IN THE ALTERNATIVE,
FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT
CASE NO.: 2:12-cv-01057 GMN-RJJ

1  *Id.*

2        Plaintiff proposes expediting a hearing on its motion to enforce settlement as an alternative
3  to delaying the preliminary injunction hearing.  Oron supports an expedited hearing of the
4  settlement motion *only* if the hearing on the preliminary injunction is advanced to the same hearing
5  time.  Each hearing costs money and it will be impossible for Oron to continue to defend itself
6  without further funds.  Forcing Oron to do multiple hearings while not allowing sufficient funds to
7  pay counsel would be unjust.

### III.   CONCLUSION

      For the foregoing reasons, it is respectfully requested that Plaintiff's emergency motion be denied.

Dated:  August 2, 2012                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

                                        By:  _____/s/_____
                                              KENNETH E. KELLER
                                              Attorneys for Defendant FF MAGNAT LIMITED

3

OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION
TO EXTEND HEARING SCHEDULE, OR IN THE ALTERNATIVE,
FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT
CASE NO.: 2:12-cv-01057 GMN-RJJ