Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**REPLY TO DEFENDANT FF MAGNAT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND THE HEARING SCHEDULE, OR IN THE ALTERNATIVE, FOR AN EXPEDITED HEARING ON THE PENDING MOTION TO ENFORCE SETTLEMENT [ECF 79]** |

Plaintiff Liberty Media Holdings, LLC wishes to correct the record on several arguments the Defendant FF Mangat Limited has raised in is Opposition.  ECF 79.

Defendant claims that the injunctive relief being exercised has "required Oron to entirely shut down its business."  Id. at 1.  This statement is contrary to the statements they are making to online media and to their users.  Exhibits 1-2.  Oron tells the Court it has been "required" to shut down while telling its customers they are "in the process of moving Oron.com to another hosting provider."  Defendant complains that their business in on the verge of death to the Court while sending messages to their users that all will be well.  Exhibit 2.  Defendants even go so far as to

1   contact individuals online about message board threads where users are discussing the message

2   sent by Oron.  Exhibit 3.

3       Defendant further claims that the temporary restraining order "threatens to destroy Oron"

4   because of its "inability to pay its vendors."  Id. at 1.  They further claim that "the longer the site is

5   inoperable, the greater the chances are that Oron may never recover."  Id.  Defendant requested

6   funds in this action and received $100,000 from the Court.  ECF 15; ECF 19.  After the Court

7   allowed this disbursement, Oron sought money from the Court again and was denied.  ECF 20;

8   ECF 27.  In the Court's denial, it stated, "any future requests must be accompanied by a full

9   account of Defendants accounts and presented with appropriate documentation."  ECF 27.  Oron's

10  inability to pay its vendors and any other financial issues Defendant has had are because of

11  Defendant's failure to make appropriate requests for appropriate business expenses, and because

12  the Defendant declines to disclose its accounts and vendor relationships with the Court.  These

13  accounts, vendor relationships, or other information could reveal evidence that Oron has

14  contractual relationships with American companies, evidence that Oron has bank accounts that

15  Plaintiff has not yet located and, thusly, not provided with the Court's Order regarding the assest

16  freezing, and/or other evidence that could be relevant to these proceedings.

17      Defendant goes on to claim that the amount disbursed by this Court has been insufficient to

18  cover legal fees and blames this situation on the Plaintiff.  ECF 79 at 2.  Oron fails to inform the

19  Court that it was granted a disbursement of 269,000 Hong Kong Dollars by the Hong Kong court

20  on July 6, 2012.  Exhibit 4 at 10:O-P.  The Hong Kong court agreed with the Plaintiff and this

21  Court in that Oron's transactional activities suggested dissipation of funds.  Id at 1:T-2:C.  In fact,

22  the court noted that Oron's Honk Kong bank account seems to be simply a place where funds flow

23  in from the United States, and then are used to buy gold, which presumably is spirited away to be

24  hidden from judgment holders.  The Hong Kong court further stated that the letter from Leaseweb

25  (ECF 25-1) did not represent a reasonable business expense based on the information provided and

26  informed Oron that it needed to show the judge "why it should have to pay an obligation."  Id. at

27  10:I-J.  The Hong Kong court was not misled that Mr. "G. Maksim" was the same as "FF Magnat."

28  The fact that Oron would rather allow its business to collapse than disclose information to either

1  this Court or the court in Hong Kong is troubling, indeed, but Plaintiff suggest a strategic maneuver

2  rather than an involuntary shutdown.  What is more troubling is that Oron would prefer to blame its

3  position on the Plaintiff when both courts were clearly amenable to providing Defendant with more

4  funds, should it provide a reasonable accounting of what funds it possessed and what business

5  expenses it was required to pay.

6          Defendant's opposition bemoans what it alludes to as a forcible shut down caused by the

7  Plaintiff's litigation against it ("required Oron to entirely shut down," "threatens to destroy Oron,"

8  "website is now down due to inability to pay," "website has been shut down," ECF 79), but fails to

9  mention that it is telling its users that it will be back online following a hosting provider transfer

10  and fails to accept that the ability to request additional disbursements existed in two different courts

11  on two different continents.  These requests simply required a level of disclosure that Defendant,

12  for whatever reason, deemed was not worth complying with.

13          Furthermore, Defendant fails to note that if it had simply performed under the settlement

14  agreement that Parties signed, it would have access to its accounts and its operations would not be

15  in this state.  ECF 44-2.  Rather than live up to its side of the agreement, Oron has chosen to

16  continue down the litigation path and complains now that it has ended up in a dystopian

17  wonderland of its own making.

18          In fact, Defendant has opposed any potentially cost-saving methods Plaintiff has proposed,

19  including the relief requested by Plaintiff in its original Motion.  If the Parties could simply have a

20  brief motion hearing regarding the Motion to Enforce Settlement (ECF 33), they could potentially

21  save the costs of preparing for the hearing on injunctive relief, provided the Court would find it fit

22  to rule on the Motion to Enforce Settlement prior to the hearing.  The disparity of the length of the

23  papers on the two motions alone should make clear the difference in hours necessary to prepare for

24  the different hearings.

25          Accordingly, Plaintiff requests that the Court grant Plaintiff's Motion and either extend the

26  date of the August 9, 2012 hearing, rule on the Motion to Enforce Settlement prior to the August 9

27  hearing, or hold a brief hearing (even telephonically) to allow Parties to answer whatever inquires

28  the Court may have with regards to the Motion to Enforce Settlement.

1   Dated: August 3, 2012

2

3                                              Respectfully Submitted,

4
                                                _s/Marc J. Randazza_____
5
                                               Marc J. Randazza, Esq., NV Bar # 12265
6                                              Ronald D. Green, NV Bar # 7360
                                               J. Malcolm DeVoy, NV Bar #11950
7                                              Randazza Legal Group
                                               6525 W. Warm Springs Rd., Ste. 100
8                                              Las Vegas, NV 89118
                                               888-667-1113
9                                              305-437-7662 (fax)
                                               rlgall@randazza.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply to Opposition to Motion to Extend Hearing Date

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on August 3, 2012.


Dated: August 3, 2012


Respectfully Submitted,


 *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com