**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
T:  (702) 727.1400; Fax: (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA BAR. NO. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
T: (415) 249-8330; Fax: (415) 249-8333

**STEVAN LIEBERMAN** (Wash, DC Bar No. 448218) (*pro hac vice*) stevan@APLegal.com
**GREENBERG & LIEBERMAN, LLC**
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
T:  (202) 625-7000; Fax: (202) 625-7001

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FF MAGNAT LIMITED, d/b/a Oron.com; MAXIM BOCHENKO, a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057-GMN-RJJ<br><br>**ORON'S EMERGENCY MOTION FOR DISBURSEMENT OF ADDITIONAL FUNDS AND TO STAY EXECUTION OF JUDGMENT**<br><br>Judge:   Hon. Gloria N. Navarro |

The Court has entered judgment in plaintiff's favor in the amount of $550,000. At the same time, the Court ordered that the assets of Defendant FF Magnat Limited, d/b/a Oron.com ("Oron") remain "frozen, in order to satisfy any fee award which may be sought by Plaintiff." Plaintiff has requested $199,821.50 in attorneys' fees and costs.

Oron respectfully requests that the Court "unfreeze" all of Oron's assets over and above the amount necessary to satisfy plaintiff's judgment and pay all attorneys' fees and costs that the plaintiff has requested and may be awarded.[1] Thus, Oron requests an order specifying that all of its assets are unfrozen except for $749,821.50, which will remain frozen in Oron's PayPal account in the United States. A proposed form of order is attached hereto. There is no reason for any additional assets to be frozen.

Oron desires to file a post-judgment motion or motions in this Court, and if necessary an appeal in the Ninth Circuit. Oron requests that the Court stay execution on its judgment until after Oron's post-judgment motions can be decided and after Oron has the opportunity to ask the Ninth Circuit to stay execution on the judgment. Plaintiff's judgment will be adequately protected by the $550,000 which will remain frozen in Oron's PayPal account.

If the Court is unwilling to unfreeze all of Oron's assets over and above the amount of the judgment and requested attorneys' fees, Oron requests in the alternative that the Court allow the disbursement of additional funds now frozen by this Court for (1) payment of attorneys' fees to allow the filing of post-judgment motions in this Court and/or an appeal of this Court's judgment to the Ninth Circuit, and (2) posting a bond for purposes of appealing the Court's judgment.

Finally, Oron requests that the Court order that plaintiff cease its efforts to enforce the Court's judgment until the fourteen-day automatic stay on enforcement in FRCP 62(a) expires.

## I.   BACKGROUND

On June 20, 2012, Plaintiff Liberty Media Holdings LLC ("Liberty Media") sought a temporary restraining order against Oron and moved for a preliminary injunction, both asking that

---

[1] Oron intends to oppose plaintiff's request for attorneys' fees and is hopeful that the amount ultimately awarded will be lower than what has been requested.

the Court freeze all of Oron's assets (ECF Nos. 2 and 3). On June 22, 2012, the Court granted Liberty Holdings Motion for Temporary Restraining Order ("June 22 Order") and ordered that all U.S banks and financial institutions holding funds belonging to Oron, as well as all payment processors used by Oron, including PayPal, Inc., CCBill, LLC, and AlertPay, freeze any and all of Oron's funds from being withdrawn until the Preliminary Injunction hearing in this matter (ECF No. 13). *See* June 22 Order at 2-3. As a result of the Court's order, Oron's bank in Hong Kong has also frozen Oron's funds and as of August 1, 2012, Oron's business has been shut down as a result of the Court's TRO. (*See* Oron's Opposition to Motion for Preliminary Injunction at 9:9-21) (ECF No. 71)).

Pursuant to Oron's Emergency Motion for Partial Relief, the Court issued an Order on June 26, 2012 ("June 26 Order"), which authorized $100,000 to be released from Oron's PayPal account for the payment of attorneys' fees (ECF No. 19). Attorneys' fees have exceeded that amount. Thereafter, the Court denied Oron's request for the release of additional funds. (ECF No. 27).

On July 6, 2012, Liberty Media filed a motion to enforce an alleged settlement agreement with Oron (ECF No. 33). Oron opposed that motion (ECF No. 44). Oron also filed its opposition to Liberty Media's motion for preliminary injunction (ECF No. 71) and filed a motion to dismiss for lack of personal jurisdiction (ECF No. 73). Neither the preliminary injunction motion nor the jurisdiction motion were heard or decided.

On August 7, 2012, the Court granted Liberty Media's Motion to Enforce Settlement Agreement. (ECF No. 85). The Court ordered the clerk to enter judgment against Oron in the amount of $550,000, and that "execution of that amount shall be issued forthwith." (*Id*. at 7:22-8:2). The Court did not order that any provisions of the alleged settlement agreement other than the monetary provision be enforced. The Court vacated the hearing of the motion for preliminary injunction relating to the freezing of funds but nevertheless ordered that Oron's "account[s] shall remain frozen, in order to satisfy any fee award, which may be sought by Plaintiff, but which must be brought within thirty (30) days of this Order." (*Id*. at 8:3-5; 14-15).

Judgment was entered in favor of plaintiff Liberty Media on August 7, 2012, in the amount

of $550,000. (ECF No. 86). On August 7, 2012, Libery Media filed an Affidavit and Request for Issuance of Writ of Execution in the amount of $550,000. (ECF No. 87). On August 8, 2012, the Court issued a Writ of Execution in the amount of $550,000 against Oron in favor of Liberty Media. (ECF No. 88). Upon information and belief, Liberty Mutual is currently attempting to collect that judgment from Oron's PayPal account. Such execution is premature. Under Federal Rule 62(a), enforcement and execution of a district court judgment is automatically stayed for fourteen days after its entry. (Fed. R. Civ. P., Rule 62(a)). Plaintiff Liberty Media is attempting to execute on the Judgment prior to the expiration of the automatic fourteen day stay.

On August 10, 2012, plaintiff Liberty Media filed an Emergency Renewed Motion for Attorney's Fees and Costs. (ECF No. 89). Plaintiff seeks $199,821.50 in attorney's fees and costs, which includes not only attorneys' fees incurred in this action, but also includes of the attorneys' fees for counsel in Hong Kong who litigated a case in Hong Kong that Liberty Media filed against Oron. (*Id*. at 10:25).

## II. THIS COURT SHOULD RELEASE FUNDS AND STAY EXECUTION OF JUDGMENT

As previously stated, Oron desires to file a post judgment motion or motions in this Court.[2] If Oron does not obtain relief thereby, Oron desires to appeal this Court's orders and judgment to the Ninth Circuit. However, at the present time and as a result of this Court's orders, Oron does not have access to funds to pay attorneys' fees to pursue post-judgment motions or an appeal, or to post a bond to stay execution of the judgment pending appeal.

Accordingly, Oron requests one of the following two alternatives:[3]

---

[2] Among the grounds for such motion or motions are (1) that the Court's judgment, while intended to enforce the terms of an alleged settlement, is limited to only one term of the alleged settlement, (2) that the Court does not have personal jurisdiction over Oron (the Court having based jurisdiction on the negotiation of the alleged settlement agreement where the alleged agreement itself contains a provision that it shall not be a basis for jurisdiction), (3) that the long-term "freezing" of defendants' assets based upon an ex parte application, without any preliminary injunction having been heard or decided, was improper, and/or (4) that the judgment should otherwise be withdrawn, altered or amended.

[3] Oron makes these requests without conceding that the freezing of its funds has been proper, and without intending to submit to this Court's jurisdiction.

1. That the Court "unfreeze" all of its assets except for $749,821.500 in Oron's PayPal account in the United States (that amount being sufficient to fully cover the judgment and plaintiff's request for attorneys' fees, which request Oron will oppose).  Oron requests that if this alternative is selected, the Court stay execution of its judgment until after Oron's post-judgment motions can be decided and after Oron has the opportunity to ask the Ninth Circuit to stay execution of the judgment.  Plaintiff's ability to collect on both its judgment and the full amount of its United States and Hong Kong attorneys' fees will be protected by the funds frozen in the PayPal account.

2. Alternatively, that the Court release $200,000 of Oron's funds to pay attorneys' fees for post-judgment motions and an appeal, and release a sufficient amount to allow Oron to post a bond to allow it to appeal (the amount needed for the bond to be specified in a subsequent filing with the Court).

Additionally, Oron requests that the Court in any event order that plaintiff cease and desist from efforts to enforce the judgment until after August 21, 2012, when the automatic stay on judgment enforcement under FRCP 62(a) will have expired.  After that date, Oron requests that enforcement continue to be stayed for the reasons set forth above.

### III.   CONCLUSION

For the foregoing reasons, Oron respectfully requests that this Court grant this Emergency Motion.

Dated:  August 14, 2012                     KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By:  _____/s/  Stan G. Roman_____
STAN G. ROMAN
Attorneys for Defendant
FF MAGNAT LIMITED, d/b/a Oron.com