Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>FF Magnat Limited d/b/a Oron.com; Maxim Bochenko a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057<br><br>**MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)** |

    PLAINTIFF, LIBERTY MEDIA HOLDINGS, L.L.C. respectfully submits this Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) in order to provide.

    Plaintiff will and hereby does move the Court for an order directed to the appropriate judicial authority in Hong Kong, seeking judicial assistance so that the settlement agreement can be enforced, as Ordered by this Court. The grounds for this request are as follows:

    a. The Court entered judgment against FF Magnat Limited on August 7, 2012, for $550,000 USD. ECF 86.

    b. The Defendant has a bank account in Hong Kong. ECF 84-11.

  c. The Plaintiff requires a letter rogatory to the Hong Kong court asking it to enforce the judgment against the Defendant's Hong Kong bank account.

## I. BACKGROUND

Plaintiff Liberty Media Holdings (Liberty) brought suit against Defendant FF Magnat Limited d/b/a Oron.com (Oron) for copyright infringement. On July 1, 2012, Liberty and Oron entered into a settlement agreement. ECF 33-1. Oron refused to honor the settlement agreement. On July 6, 2012, Liberty filed a Motion to Enforce the Settlement agreement. ECF 33. After briefing was completed, the Court ruled that the settlement agreement was a valid meeting of the minds and entered judgment for the Plaintiff of $550,000. ECF 85, 86.

## II. STANDARD OF REVIEW

It is well settled that the courts have inherent authority to issue letters rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).

22 C.F.R. § 92.54 states, in part:

> In its broader sense in international practice, the term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, **or the execution of a civil judgment**.

(emphasis added.) Liberty seeks to execute the settlement agreement enforced by this Court against a bank account within Hong Kong. Hong Kong and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (20 U.S.T. 361, T.I.A.S. 6638; 28 U.S.C.A. (Appendix following Fed. R. Civ. P.4); 16 I.L.M. 1339 (1977)). Hong Kong and the United States are also parties to: the Vienna Convention on Consular Relations, 21 UST 77; 596 UNTS 261; TIAS 6820 (Article 5); the agreement between the United States and the People's Republic of China regarding the maintenance of the U.S. Consulate General in Hong Kong signed between the United States and China in March 1997; and the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 28 USCA 1781 (1980 Cumulative Suppl) and 23 UST 2555; TIAS 7444. See also the law digest volume of the Martindale-Hubbell Law Directory under selected international

conventions. Under these agreements, a Letter of request or Letter Rogatory is proper.

The authority of the federal courts to issue letters rogatory derives from 28 U.S.C. 1781 and from the court's inherent authority. See *Zassenhaus v. Evening Stat Newspaper Co.,* 404 F. 2d 1361 (D.C. Cir. 1968).

The Hong Kong Central Authority for requests under the Hague Evidence Convention is the Chief Secretary for Administration of Hong Kong SAR. Section 46 of the Hong Kong Ordinances dictates the fulfillment of judgments from foreign courts by the Hong Kong courts. See http://www.hklii.hk/eng/hk/legis/ord/46/.

Any opposition to the issuance of a letters rogatory must show good cause as to why the letter should not be issued. *In re Bankers Trust Company v. Bethlehem Steel Corporation,* 752 F.2d 874, 890 (3d Cir. 1984); citing *Zassenhaus v. Evening Stat Newspaper Co.,* 404 F. 2d 1361 at 1364 (D.C. Cir. 1968). These courts decided that without a showing to the contrary, the court should issue the requested letter rogatory. The Court in *Evanston Ins. Co. v. OEA, Inc.,* --- F.Supp.2d. ---, 2006 WL 1652315 (E.D. Cal. 2006), stating that there was no 9th Circuit precedent on the issue, decided to follow the holdings of the D.C. Circuit and 3rd Circuit courts.

**III.   ISSUANCE OF A LETTER ROGATORY IS BOTH NECESSARY AND PROPER.**

This Court issued a judgment for $550,000. ECF 85, 86. The Plaintiff can, and should, execute on the Hong Kong funds. Any funds in the United states, namely in the Defendant's PayPal account, should remain frozen to satisfy any attorney's fees award that may be granted, and to cover subsequent fee awards and potentially enhanced judgments.[1] There are no more practical measures Plaintiff could take to satisfy the Court's Order.

**IV.   CONCLUSION**

The Court issued a judgment and a writ of execution. The Defendant has funds in a Hong Kong bank account, which is frozen by both this Court and the Hong Kong court. The Plaintiff has

---

[1] Oron claims that it may appeal the Order Enforcing Settlement. If it does so, and the Ninth Circuit overturns the Order, the Plaintiff would still have a claim for more than thirty million dollars. It is best that funds more capable of dissipation be the source of the initial judgment satisfaction.

a right to execute on the Hong Kong account and respectfully request that this Court issue a letter rogatory requesting the Hong Kong court's assistance in rendering the judgment paid.  Thus, the Plaintiff respectfully submits that it is appropriate for this Court to exercise its discretion and issue the Letter Rogatory submitted herewith.

Dated: August 15, 2012

                                            Respectfully Submitted,

                                      *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on August 15, 2012.

Dated: August 15, 2012

                              Respectfully Submitted,

                              *s/Marc J. Randazza*

Marc J. Randazza, Esq., NV Bar # 12265
Ronald D. Green, NV Bar # 7360
J. Malcolm DeVoy, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
rlgall@randazza.com