**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
T:  (702) 727.1400; Fax: (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA BAR. NO. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
T: (415) 249-8330; Fax: (415) 249-8333

**STEVAN LIEBERMAN** (Wash, DC Bar No. 448218) (*pro hac vice*) stevan@APLegal.com
**GREENBERG & LIEBERMAN, LLC**
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
T:  (202) 625-7000; Fax: (202) 625-7001

Attorneys for Defendant FF MAGNAT LIMITED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FF MAGNAT LIMITED, d/b/a Oron.com; MAXIM BOCHENKO, a/k/a Roman Romanov; and John Does 1-500,<br><br>Defendants. | Case No.: 2:12-cv-01057-GMN-RJJ<br><br>**REPLY IN SUPPORT OF ORON'S EMERGENCY MOTION FOR DISBURSEMENT OF ADDITIONAL FUNDS AND TO STAY EXECUTION OF JUDGMENT**<br><br>Judge:   Hon. Gloria N. Navarro |

## I. INTRODUCTION

Plaintiff Liberty Media's opposition to Oron's Motion misses the point. There is no reason for this Court to require Oron to itemize its fees and costs, to provide the Court with a worldwide accounting of its assets, or to freeze any funds in excess of the amount needed to pay the judgment and attorneys' fees and costs in this action. Plaintiff chose not to pursue its claim for copyright infringement, and chose not to seek the millions of dollars of alleged damages and the injunctive relief requested in its complaint. Instead, it sought to enforce the terms of an alleged settlement agreement for $550,000. The Court granted Plaintiff's motion to enforce the settlement agreement, vacated the hearing on Plaintiff's motion for preliminary injunction, and ordered Plaintiff to file any attorneys' fee motion within thirty days. Plaintiff filed such a motion, seeking $199,821.50 in attorneys' fees and costs. Thus, by reason of its decision to enforce the terms of the alleged settlement agreement, Plaintiff has limited its potential recovery in this case to $749,821.50 (the $550,000 settlement payment plus $199,821.50 in attorney's fees and costs).

On August 21, 2012, the Court ordered PayPal to satisfy Plaintiff's judgment in the amount of $550,000. (ECF 97). Accordingly, the only potential recovery Plaintiff has left is its claim for attorneys' fees and costs, which do not exceed $200,000. Therefore, Oron asks the Court to "unfreeze" Oron's assets over and above $200,000, which may remain in the PayPal account to satisfy any fees and costs award.[1] Plaintiff has no valid basis for objecting to this request. Nevertheless, Plaintiff continues its incessant effort to discredit Oron in the eyes of the Court by making false and irrelevant allegations, unsupported by any competent evidence, that Oron is attempting to "dissipate and conceal" assets (for no apparent reason) overseas. Those allegations are not only false, they are entirely irrelevant. Oron is merely asking for access to its own funds above and beyond any amount to which Plaintiff can conceivably be entitled. In the alternative, if the

---

[1] As Plaintiff acknowledges, the PayPal account has more than $1,000,000 in funds – well more than what would be necessary to satisfy Plaintiff's attorneys' fees request, even after the $550,000 judgment is satisfied. *See* Pl.'s Opp'n at 9:3-4. *See also* ECF 22-10 (June 22, 2012 Declaration of Custodian of Records of PayPal, Inc., indicating that the account balance is €1,110,636.90 EUR, which is approximately $1,385,072 U.S.).

1
REPLY IN SUPPORT OF ORON'S EMERGENCY MOTION FOR DISBURSEMENT OF ADDITIONAL FUNDS
AND TO STAY EXECUTION OF JUDGMENT
Case No.: 2:12-cv-01057-GMN-RJJ

Court is not willing to partially unfreeze Oron's PayPal account, Oron respectfully requests that a distribution of funds be allowed from its PayPal account to permit Oron to pay its attorneys for post-judgment motions and an appeal, and to post any appellate bond that may be ordered.

## II.  ARGUMENT

### A. Oron Is Entitled to Have Its Assets Partially Unfrozen Without Having to Provide the Court with An Itemized Statement of Fees and Costs or a Worldwide Accounting of Funds

Relying on orders issued by this Court before it granted Liberty Media's Motion to Enforce Settlement Agreement, and while its substantive claims for copyright infringement and injunctive relief were still pending, Plaintiff argues that Oron's Motion should be denied because it has not provided the Court with (1) an itemized statement and affidavit specifying which funds are requested and for what purpose; or (2) a worldwide accounting of all of its assets. However, given the present posture of this action, neither should be a prerequisite to the Court unfreezing Oron's assets in excess of the amount necessary to satisfy Plaintiff's judgment and request for attorneys' fees and costs.

The Court issued its June 26 and June 29, 2012 orders denying Oron's requests for disbursement of funds at time when Plaintiff had pending copyright infringement claims seeking millions of dollars. However, there is no question at this time that the funds available in Oron's PayPal account are more than sufficient to satisfy any award of attorneys' fees and costs that plaintiff has requested. Oron expects Plaintiff to recover no fees, or an amount significantly less than $200,000. In opposing Plaintiff's motion for fees Oron expects to establish that Plaintiff is not entitled to fees either as a prevailing party or under the alleged settlement agreement. Even if Plaintiff is entitled to fees, the most Plaintiff could ask for would be the fees it spent in the United States case while attempting to enforce the settlement, which according to Plaintiff are roughly $50,000. (ECF 89-2, 89-4.) Because Oron is suggesting that $200,000 remain in the PayPal account to cover any fees and cost that the Court may award to Plaintiff, that leaves a "buffer" of $150,000 to protect Plaintiff's interest in recovering attorneys' fees. Therefore, the Court's prior concern about there being insufficient assets to cover Plaintiff's claimed multi-million dollar copyright

infringement damages is no longer an issue.  It is undisputed that there are sufficient funds in the PayPal account to satisfy Plaintiff's fees and costs motion, and this Court has already ordered PayPal to satisfy Plaintiff's $550,000 judgment.  There is no basis for the Court to encumber any of Oron's other assets.

Plaintiff's suggestion that additional funds should continue to be frozen to secure a hypothetical multi-million dollar judgment in Plaintiff's favor if Oron prevails on appeal and the Settlement Agreement is not enforced, and if the case is remanded, and if Plaintiff prevails on its original copyright infringement claims, is entirely speculative.  Moreover, Plaintiff could support its request for the Court to use its injunctive powers to freeze additional assets until after an appeal only if Plaintiff met its burden to show that Oron has a high likelihood of prevailing on the merits of an appeal.  Needless to say, Plaintiff has not argued that it is likely that the Ninth Circuit will reverse this Court's judgment.  Accordingly, Plaintiff has not proffered any legal grounds for continued injunctive relief.

### B.     Plaintiff's Opposition Includes False and Irrelevant Allegations

Despite the fact that may of the "factual" allegations in Plaintiff's opposition are irrelevant to this motion, Oron feels compelled to respond because they are false and clearly intended to prejudice Oron in the eyes of the Court.

Plaintiff's opposition alleges that Oron has $3,000,000 in gold "stashed away," and that Oron must have shut down its business by choice because it could liquidate its "bullion" and pay its business expenses.  (Pl.'s Opp. at 3:11-16.)  No competent evidence supports these falsehoods.  In fact, as a representative of Oron's bank HSBC has confirmed, all references to "Gold/Exchange Debit" on Oron's bank statements are to foreign currency transactions; Oron has not bought or sold any gold in HSBC.  (Stanislav Decl., ¶ 6, Ex. B.)  There is no "stash" of $3,000,000 in gold bullion anywhere.  (*Id.*)  Moreover, there is nothing mysterious about the funds being in Hong Kong – that is where Oron is located – and in any event, all of the funds in the Hong Kong bank account remain frozen.  (*Id.* at ¶ 2-3.)[2]

---

[2] Plaintiff also identifies other payment processing accounts where it alleges that Oron has funds it

Plaintiff also alleges that Oron has not shut down operations but continues operating under a different business name, Novafile.com. That is not true. (Stanislav Decl. at ¶¶ 4, 7, 8.)

As a final example, Plaintiff's opposition states that "[t]he Plaintiff has information that suggests Oron's troubles are part of an overall scheme to try to manufacture an additional dispute. Exhibit A (unauthenticated email from a 'Jason Voorhees')." (Pl.'s Opp at 4:7-9.) Plaintiff adds a footnote saying, "To be fair, this email is unauthenticated. However, given the facts in evidence, the information seems plausible." (*Id.* at 4:27-28, n.2.) As set forth in Exhibit B to the Declaration of Stevan Lieberman, the "Jason Voorhees" upon whom Plaintiff would have the Court rely is likely the fictional mass murderer by that name in the horror movie series *Friday the 13th*. (Lieberman Decl., Ex. B.) Hardly a credible source.

**B.   If the Court Is Not Inclined to Unfreeze All Funds In Excess of the Amount Necessary to Satisfy Plaintiff's Potential Fees and Costs Recovery, Then the Court Should Authorize a Disbursement From the PayPal Account So that Oron Can Fund Its Defense**

As noted above, Oron is entitled to unencumbered possession of all of its funds worldwide in excess of an amount necessary to satisfy Plaintiff's potential fees and costs recovery.[3] However, if the Court is not inclined to release all such funds to Oron, then Oron at the very least is entitled to a disbursement of funds sufficient to permit it to pay its attorneys to file post-judgment motions and to bring an appeal. Unlike a party seeking to recover fees and costs already incurred in an action, a party seeking a disbursement to fund future motions and appeals should not be required to set forth in detail the work it expects to do, and the amount of fees it expects to expend on each such task. That would improperly impinge on the attorney work product doctrine.

However, should the Court be concerned that Oron's request that $200,000 be released from its PayPal account to fund post-trial motions and an appeal is speculative or excessive, Oron provides with this reply its billings to date, which are attached to the Declaration of Stevan

---

could access. (Pl.'s Opp. at 4:19 and Ex. B.) However, because of the Court's orders and the fact that Oron is no longer in business, those payment processors refuse to release any funds to Oron. (Stanislav Decl., ¶ 8.)

[3] Oron's position, of course, is that no asset freeze at all is lawful.

4

Lieberman as Exhibit A. As the Court will see, in the two months that this case has been pending, Oron has incurred more than $260,000 in attorneys' fees and costs in defending itself against Plaintiff's claims. (Lieberman Decl., ¶ 2 and Ex. A.) $200,000 does not overstate the attorneys' fees and costs that Oron will reasonably expend in bringing post-trial motions and prosecuting an appeal.

If the Court maintains a freeze on all of its assets, then Oron, which is generating no revenue because of the Court's asset freeze, will effectively be unable to defend itself in this action or to appeal. Because Oron is entitled to immediate possession of all of its funds in excess of those necessary to satisfy Plaintiff's potential fees and costs recovery and to use those funds for any purpose, it would be especially unjust to deny Oron the ability to use those funds to defend itself. A significant portion of the past fees remains unpaid – yet another reason for the court to release additional assets. (Lieberman Decl., ¶ 2.)

### III.   CONCLUSION

For the foregoing reasons, Oron respectfully requests that the Court issue an order unfreezing all of Oron's assets save and except for $550,000 in its PayPal account to satisfy the judgment (which has already been ordered) and $200,000 in its PayPal account to cover any eventual award of attorneys' fees. Alternatively, Oron requests that sufficient assets be released to allow it to pay its attorneys and pursue post-judgment motions and/or an appeal.

Dated: August 22, 2012                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____/s/ Stan G. Roman_____
STAN G. ROMAN
Attorneys for Defendant
FF MAGNAT LIMITED, d/b/a Oron.com