**DAVID S. KAHN** (Nevada Bar No. 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (Nevada Bar No. 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (Nevada Bar No. 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
PH:  (702) 727.1400; FAX:  (702) 727-1401

**KENNETH E. KELLER** (CA Bar No. 71450) (*pro hac vice*) kkeller@kksrr.com
**STAN G. ROMAN** (CA Bar. No. 87652) (*pro hac vice*) sroman@kksrr.com
**MICHAEL D. LISI** (CA Bar No. 196974) (*pro hac vice*) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
PH:  (415) 249-8330; FAX: (415) 249-8333

**STEVAN LIEBERMAN** (Washington, DC Bar No. 448218) (*pro hac vice*) stevan@APLegal.com
**GREENBERG & LIEBERMAN, LLC**
2141 Wisconsin Ave., NW Suite C2
Washington, DC 20007
PH:  (202) 625-7000; FAX:  (202) 625-7001

Attorneys for Defendant FF MAGNAT LIMITED

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; MAXIM BOCHENKO a/k/a/ ROMAN ROMANOV; and JOHN DOES 1 - 500.<br><br>Defendants. | Case No. CV 2:12-cv-01057<br><br>**DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES**<br><br>**Hearing:**     Not yet set<br>**Time:**         Not yet set<br>**Judge:**        Hon. Gloria N. Navarro<br>**Courtroom:**  7D |

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

 A. Plaintiff Is Not Entitled To Its Fees Under the Copyright Act .................................. 3

 B. Plaintiff Is Not Entitled to Fees Under 28 U.S.C. § 1927.......................................... 6

 C. Plaintiff's Claim For Fees Under An Inapplicable Nevada Statute Should
 Be Rejected ................................................................................................................ 8

 D. Plaintiff Is Not Entitled To Fees Under the Court's Inherent Powers ....................... 9

 E. Plaintiffs' Fee Request Is Also Over-Reaching ....................................................... 11

III. CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum Res.*,
    532 U.S. 598 (2001).................................................................................................. 4

*Chambers v. Nasco*,
    501 U.S. 32 (1991) ..................................................................................................... 9

*Compare Yagman v. Republic Ins.*,
    987 F.2d 6228 (9th Cir. 1993) .................................................................................... 9

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ................................................................................................... 6

*Igbinovia v. Catholic Healthcare West*,
    2011 WL 4346344 (D. Nev. 2011) ............................................................................. 8

*In re Itel Securities Litigation,*
    791 F.2d 672 (9th Cir. 1986) ...................................................................................... 9

*In re Keegan Mgmt. Co.*,
    78 F.3d 431 (9th Cir. 1996) ...................................................................................... 10

*J.C. v. Reg'l School Dist. 10, Bd. Of Educ,*,
    278 F.3d 119 (2nd Cir. 2002)...................................................................................... 4

*Jackson v. Axton,*
    25 F.3d 884 (9th Cir. 1994) ........................................................................................ 6

*Kepner-Tregoe, Inc. v. Vroom*,
    186 F.3d 283 (2th Cir. 1999) ...................................................................................... 6

*May v. Anderson,*
    121 Nev. 668, 119 P.3d 1254 (2004))........................................................................ 4

*Michael-Regan Co., Inc. v. Lindell*,
    527 F.2d 653 (9th Cir. 1975) ...................................................................................... 9

*NXIVM Corp. v. Ross Institute*,
    2005 WL 1843275 (N.D.N.Y.) ................................................................................... 4

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980).................................................................................................... 7

*U.S. v. Blodgett*,
  709 F.2d 608 (9th Cir. 1983) .................................................................................................... 7

*United States v. Stoneberger*,
  805 F.2d 1391 (9th Cir. 1986). ................................................................................................ 9

**Statutes**

17 U.S.C. § 505 ................................................................................................................... 2, 3, 4

17 U.S.C. § 101 .......................................................................................................................... 8

28 U.S.C. § 1927 ............................................................................................................... 2, 6, 8

Nevada Revised Statute § 18.10 ............................................................................................ 8, 9

Defendant FF Magnat Limited dba Oron.com ("Oron") hereby opposes Plaintiff Liberty Media Holdings LLC's ("Liberty Media" or "Plaintiff") Renewed Motion for Attorneys' Fees.[1]

## I.     INTRODUCTION

Plaintiff's Renewed Motion for Attorneys' Fees is premised on two fictions, one factual and the other legal.  First, Plaintiff would have this Court believe that Oron has forced Plaintiff to incur additional fees by filing numerous motions despite having agreed to settle the case.  Second, Plaintiff suggests that there are several legal bases under which Plaintiff is "entitled" to recover its fees.  A closer examination of each argument, however, demonstrates why this Motion should be denied.

First, Plaintiff's fundamental factual argument is that it was forced to incur additional fees and costs because Oron would not simply admit the case had settled, and instead filed "a raft of additional, unnecessary motions" after the settlement was reached.  That is utterly and demonstrably false.  Since July 5, 2012 – the date Plaintiff claims the settlement was reached – Oron has filed a grand total of 2 motions in this Court – a motion to dismiss on jurisdictional grounds, and a motion for disbursement of funds, which was just granted in part.  That is all.  By contrast, since July 5th Plaintiff has filed no fewer than 12 motions, including several "emergency" motions.  While Oron has certainly been busy filing briefs, those briefs were, by and large, filed in response to Plaintiff's own motions.  Thus, for Plaintiff to come before the Court now and accuse Oron of "vexatiously" trying to expand the litigation is hypocritical at best.

In truth, what Plaintiff objects to is the fact that Oron attempted to defend itself in this litigation, and opposed a motion to enforce a settlement that Plaintiff's own counsel had described as "going off the rails."  In Plaintiff's view, any attempt to defend oneself – if unsuccessful – must be deemed to be in bad faith or "objectively unreasonable."  Not surprisingly, Plaintiff cannot identify a single case that holds that a defendant may only defend itself at the risk of being forced to pay the

---

[1] On Sunday, August 26th, one day before this Opposition was due, Plaintiff filed a "supplement" to its Renewed Motion for Attorneys' Fees.  Although that "supplement" adds nothing by way of legal or evidentiary support for Plaintiff's Motion, given the untimeliness of Plaintiff's filing, Oron reserves the right to supplement this Opposition as necessary.

1

DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S RENEWEED
MOTION FOR ATTORNEYS' FEES
CASE NO. 2:12-cv-01507

plaintiff's fees – the "American Rule" regarding attorneys' fees does not impose such a Hobson's choice on defendants.

Even if this factual inaccuracy did not undermine Plaintiff's Motion, it still should be denied on legal grounds.  Simply put, Plaintiff has not identified a single basis on which it should recover its fees, let alone any ground on which it is "entitled" to do so.  Plaintiff did not "prevail" on its copyright claim, but rather settled that claim with Oron.  Although Plaintiff strains mightily to misinterpret 17 U.S.C. § 505 to cover fee awards for "settling parties," a plain reading of that statute shows that Plaintiff's view is unsupported.  At the same time, Plaintiff is not entitled to its fees under 28 U.S.C. § 1927 or under the Court's inherent powers because, as noted above, Oron has not "vexatiously" increased the cost of this litigation, but rather has simply responded to the multitude of motions filed by Plaintiff.  A genuine effort to defend oneself, even if unsuccessful, is simply not evidence of "bad faith" that warrants an award of attorneys' fees.  Plaintiff's attempt to recover fees under a Nevada statute also lacks merit.  This is a federal question case, and thus the state statute in question has no application here.

Finally, Plaintiff's motion should also be denied because of its blatant overreaching.  As is clear from Plaintiff's supporting declarations, a significant portion of the fees incurred by Plaintiff after July 5, 2012 were related to the 12 motions it chose to file, or its reply on its own motion for preliminary injunction.  Given the parties' genuine disagreement as to whether there had been a meeting of the minds regarding settlement, Oron had no choice but to respond to those motions and defend itself as best it could.  Indeed, Plaintiff now admits that there was a significant question as to whether the DMCA "safe harbor" applied, and thus there was a legitimate, good faith basis for Oron to continue to defend against Plaintiff's claims.

At the same time, Plaintiff is seeking fees unrelated to Oron or to this litigation.  For example, Plaintiff improperly seeks to recover the attorneys' fees it incurred in the Hong Kong litigation by simply disguising those fees as "costs."  Attorneys' fees are not generally recoverable as costs absent some statutory authorization, and as noted above, there is no such statutory basis to

award fees here.  At the same time, it is improper on its face to seek to recover fees expended in a separate piece of litigation, brought by Plaintiff in a foreign jurisdiction.

## II.     ARGUMENT

### A.     Plaintiff Is Not Entitled To Its Fees Under the Copyright Act

Plaintiff first argues that the Court should award fees under the Copyright Act, specifically 17 U.S.C. § 505.  Section 505 of the federal copyright statute provides:

> **§ 505. Remedies for infringement: Costs and attorney's fees**
>
> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.   That statute, however, does not apply here.

By its plain language of the statute provides a remedy "for infringement."  That is, a party prevailing on the merits of a copyright infringement claim may, under certain circumstances, recover his or her attorneys' fees.  Plaintiff has never "prevailed" on its copyright claims, or for that matter on any of the claims asserted in the Complaint, and this Court has certainly not adjudicated the merits of those claims.  Rather, as Plaintiff previously argued and this Court found, the case was settled by the parties, with no finding that either party had "prevailed" under the Copyright Act, and indeed, no evidence that any copyright infringement took place.[2]  In essence, Plaintiff converted the claims of its complaint into a claim for breach of the purported settlement agreement.  The statute, however, does not provide a remedy for the breach or enforcement of an alleged settlement agreement.  Rather, as Plaintiff recognized in its original fee motion, its claim for enforcement of the settlement arose under contract law, not under federal copyright law, and the settlement agreement did not contain an attorneys' fee provision.[3]

---

[2] Plaintiff now takes the position that this case raised "novel" issues, including but not limited to the applicability of the DMCA "safe harbor."  (*See* Renewed Motion for Attorneys' Fees, Dkt. No. 89, at 6).

[3] In its Motion to Enforce Settlement, Plaintiff argued that "because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law."  (Mtn. to

3

Moreover, even where a plaintiff's claim arises under federal copyright law, section 505 limits an award of attorneys' fees to "the prevailing party."  Where the parties reach a mutual settlement of claims alleging copyright infringement, neither is the "prevailing party" on a copyright claim.  As the court explained in *NXIVM Corp. v. Ross Institute*, 2005 WL 1843275 (N.D.N.Y.), to be entitled to an award of attorneys' fees under section 505,

> one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court <u>through a consent decree</u>. *See* [*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum Res.*, 532 U.S. 598, 603-04 (2001).]  "[R]esults obtained without such an order d[o] not supply a basis for an award of attorneys' fees because '[a party's] voluntary change in conduct ... lacks the necessary judicial imprimatur' to render [someone] a prevailing party."  *J.C. v. Reg'l School Dist. 10, Bd. Of Educ,*, 278 F.3d 119, 123 (2nd Cir. 2002) quoting *Buckhammon*, 532 U.S. at 605).

*Id.* at *2 (emphasis added).

Here, Plaintiff has neither prevailed on the merits of its copyright infringement claims against Oron, nor has it had a settlement agreement enforced by this Court through a consent decree.[4]  By its Motion to Enforce Settlement, Plaintiff did not seek to obtain anything through a consent decree. The term sheet did not provided for the entry of a consent decree – or even a judgment – and no such decree was contemplated or even discussed by the parties.  Accordingly, even if 17 U.S.C. § 505 were applicable to Plaintiff's breach of contract claim (which it is not), Plaintiff is not a prevailing party under that statute and is therefore not entitled to any award of attorneys' fees and costs.

---

Enforce at 1) (quoting *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2004)).  There is no question that the term sheet that Plaintiff sought to enforce as a settlement agreement did not contain any provision whatsoever for attorneys' fees being awarded to either party in the event of a breach.  (*See* Motion to Enforce Settlement, Ex. A.)

[4] Unlike the settlement agreement here, where the parties sought to resolve their dispute without further need for court involvement, a consent decree is a settlement by parties that specifically contemplates and is "subject to continued judicial policing." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990).  It is, in effect, and injunction requiring continued judicial oversight in order to ensure that the consenting party performs according to the terms of the decree. *See Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996).  Unlike a settlement agreement, a consent decree "is a judgment, has the force of res judicata, and it may be enforced by judicial sanctions, including citations for contempt." *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984).  Although it represents a contract between the parties, a consent decree's enforcement is wholly dependent, from its inception, upon a judicial act.  Here, by contrast, nothing in the settlement agreement contemplated further judicial involvement.

Nonetheless, despite the fact that it has never "prevailed" on its copyright claims, Plaintiff now argues that the mere entry of judgment makes it the "prevailing party" on its infringement claims. Yet the terms of the very settlement agreement that Plaintiff sought to enforce proves that argument is meritless. Nothing in that agreement indicates Oron admitted infringement, or otherwise suggested that the settlement should be deemed a finding on the merits of the copyright claim. To the contrary, the settlement agreement expressly states that Plaintiff will "announce publicly that after a careful review of the facts they believe Oron is protected by the DMCA safe harbor." (*See* Motion to Enforce, Ex. A (Dkt. No. 33-1), at ¶ 12). Moreover, the settlement agreement did not provide for entry of judgment, let alone entry of judgment on the merits. Instead, the purported settlement agreement simply provided for dismissal of both the U.S. and Hong Kong actions with prejudice. The fact that the court entered a "judgment" based on a motion to enforce a settlement agreement is not a determination on the merits of Plaintiff's copyright claims, and thus does not render Plaintiff a prevailing party.

Perhaps recognizing that the statute does not apply, Plaintiff next tries to twist the statutory language to better suit its needs. But Plaintiff's tortured reading of Section 505 only makes clear that the Plaintiff is not entitled to fees. Specifically, Plaintiff tries to argue that the phrase "the court may also award a reasonable attorney's fee to the prevailing party" actually means that non-prevailing parties are entitled to fees as well. (*See* Memorandum of Law in Support of Motion For Attorneys' Fees, Dkt. No. 89-1, at 3:20-26). Yet that is simply not what the statute provides, and, not surprisingly, Plaintiff cites no case law permitting a court to award attorneys' fees to a non-prevailing party under the statute. Plaintiff even goes so far as to suggest that the statute authorizes a fee award to a "successfully settling party" despite the fact that the statute says no such thing, and Plaintiff does not even bother to explain what that phrase might mean.

Plaintiff's citation to authority is equally unavailing. For example, its reliance on *Warner Bros. Entertainment, Inc. v. Duhy*, 2009 U.S. Dist. LEXIS 123332 (C.D. Cal. Nov. 30, 2009) is misguided. *Duhy* involved a default judgment, where, unlike here, the defendant did not contest liability and as a result of the default, the Court accepted the allegation of the complaint that the

1  infringement was "willful."  Similarly, the decision in *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283,
2  289 (2th Cir. 1999), also involved an adjudication on the merits of the plaintiff's copyright
3  infringement claim, and a finding of willfulness.  Here, by contrast, there has been no adjudication of
4  the merits, let alone a finding of "willfulness" that would support an award of attorneys' fees.

5        Finally, Plaintiff has not met its burden to establish that, even if Section 505 applied, the
6  Court should exercise its discretion and award fees to Plaintiff.  Courts determining whether to grant
7  attorney fees under Copyright Act are to exercise equitable discretion in light of the degree of
8  success obtained, frivolousness, motivation, objective reasonableness of both factual and legal
9  arguments, and the need in particular circumstances to advance considerations of compensation and
10  deterrence.  *See Jackson v. Axton,* 25 F.3d 884 (9th Cir. 1994).  Here, Plaintiff merely states in a
11  conclusory fashion that Oron's conduct has been "frivolous" and "objectively unreasonable."  It
12  provides absolutely no substantive evidence demonstrating that an award of attorneys' fees under
13  section 505 is warranted.  Indeed, the only example Plaintiff identifies is the fact that Oron opposed
14  the motion to enforce the settlement agreement.  Yet Oron had a good faith belief that there had been
15  no meeting of the minds, based on the statement of Plaintiff's counsel that the settlement discussions
16  had gone "off the rails."  Simply opposing a motion does not render a defendant "objectively
17  unreasonable."[5]  Plaintiff's claim that is entitled to fees under 17 U.S.C. § 505 should be rejected.

18      **B.**    **Plaintiff Is Not Entitled to Fees Under 28 U.S.C. § 1927.**

19        Plaintiff also incorrectly argues that it is entitled to recover its fees after July 5, 2012 based
20  on 28 U.S.C. § 1927.  Accusing Oron and its counsel of "bad faith", Plaintiff claims that an award of
21  fees under Section 1927 is "utterly necessary."  Once again, however, Plaintiff offers nothing more
22  than its own unsupported accusations and conclusory analysis that the statute applies.

---

[5] Plaintiff also mis-cites *Fogerty v. Fantasy, Inc*. 510 U.S. 517, 534 n.19 (1994), for the proposition that Plaintiff is "entitled to all of its costs and fees under Section 505."  Contrary to Plaintiff's position, the *Fogerty* court actually rejected the argument that Section 505 "enacted the British Rule for automatic recovery of attorney's fees by the prevailing party."  *Id*.  Instead, the *Fogerty* Court merely noted that various factors may be considered by a court exercising its discretion to award fees to the prevailing party.  In this instance, however, Plaintiff has not only failed to show that it is a "prevailing party" under the Copyright Act, but has also offered no evidence – other than its own conclusory accusations – that any of those factors warrant a fee award here.

Section 1927 permits a court to impose sanctions against counsel who "so multiplies the proceedings in any case unreasonably and vexatiously." In order to award such sanctions, a court must first find "that counsel acted 'recklessly or in bad faith.'" *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). In addition, the United States Supreme Court has made clear that "sanctions . . . should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

In this instance, Plaintiff has offered no evidence of "recklessness or bad faith." The only attempt Plaintiff makes to support its argument is its suggestion that this Court described "[s]ome of the filings in the case" as "fiery." In truth, the Court has only described one of Oron's briefs in that manner, not several as Plaintiff suggests. Moreover, nothing in the Court's opinion suggested that the tone of that brief, while "fiery," was inappropriate or suggested "recklessness or bad faith."

Plaintiff also argues that sanctions are appropriate because "many" of Oron's filings were "unprofessional" and "uncivil." Tellingly, Plaintiff does not identify any particular filings to which it took offense, or even explain how those filings amounted to recklessness or bad faith. Instead, without any support whatsoever, Plaintiff simply concludes that "the escalation of this litigation, in both rhetoric and volume of filings, was largely driven by Defendants' attorneys." Plaintiff does not offer a single shred of evidence to support that claim, and it should be rejected.

Putting aside the hypocrisy of accusing Oron's counsel of being unprofessional based on nothing more than supposition and conjecture, the fact remains that Oron did not "unreasonably or vexatiously" multiply this litigation. A simple review of the docket shows that the briefs and motions that Oron filed were made in response to Plaintiff's own filings, and were simply Oron's effort to defend itself. For example, Plaintiff complains that Oron had the temerity to file a motion to dismiss for lack of personal jurisdiction. Yet at the time that motion was filed – and it was filed in response to the filing of the Complaint – there had been no ruling on Plaintiff's motion to enforce the settlement agreement, and thus Oron was simply protecting its own interests.

Similarly, Plaintiff's suggestion that Oron file a "raft of additional, unnecessary motions" after the purported settlement was reached is simply false. A review of the docket after July 5, 2012

1 – the date Plaintiff claims the settlement was final – shows that the only affirmative motions filed by Oron were the motion to dismiss, and an emergency motion for disbursement of additional funds. As noted, the former was an appropriate response to the Complaint in this action – Plaintiff cannot seriously suggest that a motion to dismiss for lack of jurisdiction is "vexatious."  At the same time, the motion to permit disbursement of funds – which has now been granted in part – was brought simply so that Oron could continue to defend itself on appeal.  Once more, Plaintiff cannot in good faith argue that a defendant is not allowed to appeal an adverse judgment.

By contrast, during that same time period, Plaintiff itself filed twelve different motions, including the motion to enforce the settlement, a motion for attorneys' fees, an "emergency" motion to delay the hearing on Plaintiff's motion for preliminary injunction, an emergency motion for a case management conference, a motion for issuance of "letters rogatory" and a premature motion for writ of execution.  Most of these motions and "emergency" motions required a response from Oron.  For Plaintiff to suggest that it was Oron who caused the expansion of this Court's docket is simply false, and cannot support an award of fees under Section 1927.

Plaintiff has not shown – and, in fact, cannot show – that Oron or its counsel has multiplied this litigation, let alone that they did so "unreasonably" or "vexatiously."  As such, there is no basis for an award of attorneys' fees under 28 U.S.C. § 1927.

**C.     Plaintiff's Claim For Fees Under An Inapplicable Nevada Statute Should Be Rejected**

Plaintiff also argues that it is entitled to attorneys' fees under Nevada Revised Statute § 18.101 because, it contends, Oron defended this action "without reasonable ground or to harass the prevailing party."  (Memorandum of Law at 4-5.)   However, this state law fee statute is not applicable in this action, because this lawsuit is based on federal question rather than diversity jurisdiction. *See Igbinovia v. Catholic Healthcare West*, 2011 WL 4346344, *2 (D. Nev. 2011) ("Defendants only cited to N.R.S. § 18.101 as the statutory authority that would allow them to recover attorney's fees in this case. This court cannot look to state law to award attorneys' fees because this court's jurisdiction is not based on diversity jurisdiction."); *Michael-Regan Co., Inc. v.*

*Lindell*, 527 F.2d 653, 656 (9th Cir. 1975) ("Federal courts are required to apply state law in *diversity actions* with regard to the allowance or disallowance of attorney fees.") (emphasis added). Plaintiff's complaint and the civil cover sheet accompanying the complaint confirm that this Court's jurisdiction is based on federal question jurisdiction arising out of the federal copyright laws. *See* ECF 1, ¶ 18 ("This Court has subject matter jurisdiction pursuant to the Copyright Act. 17 U.S.C.§§ 101 et seq."); ECF 1-11 (checking "Federal Question" box, rather than "Diversity" box, under "Basis of Jurisdiction"). Accordingly, N.R.S. § 18.010 has no application here.

In addition, even if N.R.S. § 18.010 did apply (which it does not), Plaintiff would not be entitled to an award of fees under that statute. As discussed more above, Oron's defense of this action was not frivolous, unreasonable, or intended to harass Plaintiff. Although Plaintiff points to the Court's order enforcing the settlement agreement, the fact remains that nothing in that order found that Oron's belief that no such agreement had been reached was frivolous or unreasonable. As such, Plaintiff has not satisfied the requirements of this statute, even if it applied.

### D.   Plaintiff Is Not Entitled To Fees Under the Court's Inherent Powers

Plaintiff argues that even if it is not entitled to recover its attorneys' fees under the Copyright Act or N.R.S. § 18.010, this Court should exercise its inherent powers to make such an award as a sanction for Oron's supposed "bad faith conduct." (Memorandum of Law, Dkt. No. 89-1, at 5-6.) However, the U.S. Supreme Court has made it clear that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. Nasco*, 501 U.S. 32, 44 (1991). "[T]he inherent power is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *Id.* at 42. Thus, evidence and "[a] specific finding of bad faith ... must 'precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986). Fee awards under the "inherent powers" doctrine and therefore reserved for truly egregious conduct during the course of litigation. *See, e.g. In re Itel Securities Litigation,* 791 F.2d 672 (9th Cir. 1986) (fees awarded when counsel filed objections to exact fee concessions in an action pending before another court). *Compare Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (fee award vacated

9

where there was no evidence that the attorney had "acted in bad faith or intended to mislead the court"); *In re Keegan Mgmt. Co.*, 78 F.3d 431 (9th Cir. 1996) (trial court's finding that counsel was "reckless" in initiating litigation was not sufficient to support an award of attorneys' fees in defendant's favor).

In this case, there is no evidence that Oron acted in bad faith by defending itself against Plaintiff's claims, by opposing its motion to enforce the settlement agreement, by opposing entry of a preliminary injunction, or by seeking to have certain funds released from its accounts in order to pay its attorneys' fees. Oron's position that no settlement agreement had been reached was based on Plaintiff's counsel's own comment that the settlement talks had gone "off the rails," and its belief that substantive issues had not yet been resolved. Similarly, Plaintiff cannot in good faith claim that Oron was acting in bad faith when it moved to dismiss the complaint on jurisdictional grounds. To the contrary, Plaintiff concedes in its Motion, the "case presented complex questions of international jurisdiction." (Motion, Dkt. 89, at 7:13). Given that admission, it is hard to see how a motion asserting Oron's jurisdictional defense could be in bad faith. The same is true of Oron's opposition to Plaintiff's preliminary injunction motion, the reply to which Plaintiff now cites as the basis for a significant part of the fees it incurred. Plaintiff cannot seriously claim that Oron's opposition to that motion was made in bad faith – the initial TRO was obtained ex parte, with no opportunity for Oron to defend itself, and thus the opposition was its one opportunity to present its position to the Court. On top of that, Plaintiff concedes that there were significant and novel issues concerning the application of the DMCA safe harbor (*id.* at 6:9-21), and thus Oron most certainly had a good faith basis for raising those issues with the Court.

Despite its mantra that Oron's defense was "frivolous" and "objectively unreasonable," Plaintiff has not offered any evidence to support that claim. An award of fees as a sanction under the Court's inherent authority requires a far stronger showing than Plaintiff has made here, and its request for such fees should be denied.

### E.   Plaintiffs' Fee Request Is Also Over-Reaching

Even if there were some basis for the Court to award fees to Plaintiff, the fee request it has submitted is overreaching, and should be denied on that basis as well.

First, Plaintiff has included fees that it would not be entitled to recover, regardless of which theory it asserts. For example, Plaintiff seeks to recover the legal fees it claims it incurred for its counsel in Hong Kong. Yet rather than submit invoices showing the work that Hong Kong counsel performed in this action, Plaintiff attempts to backdoor those expenses as "costs" by including a single cost entry for over $58,000 in its invoices. (*See id*. at p. 20). That effort is inappropriate for several reasons. First, Hong Kong counsel has never appeared in this action, and thus it appears that Plaintiff is trying to recover for fees spent in the Hong Kong litigation that Plaintiff itself initiated. Plaintiff offers no explanation why those fees should be recoverable in this lawsuit. Second, the attempt to disguise those fees as costs underscores the impropriety of Plaintiff's request. Absent a statutory provision, attorneys' fees are not awardable as costs. Finally, Plaintiff's request does not satisfy the procedural or substantive requirements of Local Rule 54-16(b). Among other things, that Rule requires a reasonable itemization and description of the work performed and a summary of the experience, reputation, and ability of the attorneys involved. Not only has Plaintiff failed to provide any of that information, but it has in fact provided no information whatsoever to support that blanket request for nearly $60,000.

Finally, to the extent Plaintiff is seeking its foreign attorneys' fees for time spent after July 5th, such expenses were not reasonably necessary and should not be recoverable in any case. Plaintiff was well aware that this Court had already frozen adequate funds to satisfy the $550,000 settlement amount and Plaintiff's fee request – indeed, the Court has now unfrozen Oron's funds above that amount. Thus, there was no need to employ foreign counsel in an effort to freeze additional funds held overseas. To the extent that Plaintiff seeks to recover such fees, that request should be denied.[6]

---

[6] In addition, it appears that Plaintiff has included fees associated with its opposition to Defendant Bochenko's motion to dismiss. (*See, e.g.*, Exhibit A to Declaration of John Krieger, Dkt. No. 89-4,

11

### III.   CONCLUSION

Plaintiff Liberty Media has not shown that an award of attorneys' fees is appropriate here. Not only has it not identified a viable legal basis for its fee request, but its principal factual argument – that a fee award is appropriate here Oron drove up the cost of this litigation by filing unnecessary motions – is demonstrably untrue.  Plaintiff has no received the settlement funds to which it believes it is entitled – it should not also be awarded a $200,000 windfall based on inaccurate and unsupported accusation against Oron.  For all of these reasons, Oron respectfully requests that the Court deny Plaintiff's Renewed Motion for Attorneys' Fees.


Dated:  August 27, 2012                             KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


                                                    By: ___/s/Kenneth E. Keller_____
                                                        KENNETH E. KELLER
                                                        Attorneys for Defendant FF MAGNAT LIMITED

---

at 19).   However, because of the heavy redaction thought Plaintiff's counsel's invoices, it is difficult to tell which other entries may relate to Mr. Bochenko rather than Oron.  Nonetheless, to the extent Plaintiff seeks fees related to Bochenko, that request is inappropriate.  This fee motion relates solely to Oron, and Plaintiff has identified no basis for an award of fees related to the claims against Bochenko.

12

DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S RENEWED
MOTION FOR ATTORNEYS' FEES
CASE NO. 2:12-cv-01507