DAVID S. KAHN (NV 7038) david.kahn@wilsonelser.com
SHERI M. THOME (NV 8627) sheri.thome@wilsonelser.com
J. SCOTT BURRIS (NV 010529) j.scott.burris@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Tel: (702) 727-1400 | Fax: (702) 727-1401

MATTHEW SHAYEFAR (MA 685927) (*pro hac vice* pending) matt@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1806 | Fax: (617) 928-1802

Attorneys for Defendant FF MAGNAT LIMITED

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; MAXIM BOCHENKO a/k/a ROMAN ROMANOV; and JOHN DOES 1 – 500,<br><br>Defendants. | Case No. 2:12-cv-01057-GMN-NJK<br><br>**FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND CROSS-MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

# "The problem with wishes is that they sometimes come true."[1]

## Introduction

Plaintiff Liberty Media Holdings, LLC's ("Liberty Media") latest Motion to Stay is the clearest demonstration of its tactics of "trolling" legitimate Internet services like Defendant FF Magnat Limited d/b/a Oron.com ("Oron"). Liberty Media's motion is not just "unusual," as they freely admit it to be, but an abuse of this Court's resources. First, Liberty Media obtained from this Court an order enforcing an agreement with Oron, and now it seeks to undo that order because it does not want to have to live up to its part of the bargain. The title of the Motion itself bespeaks abuse: "Plaintiff's Motion to Stay Enforcement of Order Granting Plaintiff's Motion to Enforce Settlement Agreement." Liberty Media's gamesmanship should result in the Court's denial of Liberty's Motion to Stay and in the Court's enforcement of the Settlement Agreement in accordance with the Court's prior rulings.

## Background

Liberty Media first expended this Court's valuable resources to obtain (a) an order enforcing a settlement agreement (the "Settlement Agreement") (attached hereto as Exhibit 1) and (b) an order to transfer $550,000 from Oron to Liberty Media's attorney. Now, having accomplished this (by making untold erroneous representations to the Court), Liberty Media is asking this Court to stay the enforcement of the Settlement Agreement, while at the same time allowing it to retain the money it has already received from Oron. Liberty Media has moved to stay because, despite obtaining everything it has already requested, *it* has utterly failed to comply with a single one of its own obligations under the very Settlement Agreement, which it initially asked this Court to enforce. In effect, having used this Court's power to obtain a $550,000

---

[1] *United States v. Taylor*, 54 F.3d 967 (1st Cir. 1995), citing Aesop, The Old Man and Death (circa 550 B.C.) (predicting that "we would often be sorry if our wishes were gratified").

benefit, Liberty now seeks to further use this Court's power to allow it to fail to comply with its own obligations under the Settlement Agreement, so as to rob Oron of any and all benefit or consideration it should receive from the Settlement Agreement. Liberty Media seeks to put this Court's imprimatur on its heads-I-win, tails-you-lose game.

Because Liberty Media is attempting to avoid its obligations under the Settlement Agreement which it insisted the Court should enforce, Oron opposes Liberty Media's Motion to Stay and brings this Cross-Motion to Enforce this Court's order to enforce the Settlement Agreement. This Opposition and Cross-Motion is based on the papers and pleadings already on file in this action, the following Memorandum of Points and Authorities, the attached exhibits, and any oral argument the Court entertains.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Liberty Media is what is popularly considered to be a "copyright troll" that files baseless lawsuits in the United States against foreign Internet companies like Oron (which is based in Hong Kong and has no substantial connection to the United States).[2] On the basis of unsupportable and erroneous allegations, Liberty Media obtained from this Court an injunction freezing all of Oron's assets and prohibiting Oron from continuing its business. Faced with certain destruction if it did not settle quickly, Oron entered into settlement discussions with Liberty Media despite the fact that the lawsuit lacked merit on a number of grounds, particularly

---

[2] *Third Degree Films v. Doe,* 2012 U.S. Dist. LEXIS 142079 (D. Mass. 2012) ("A copyright troll is an owner of a valid copyright who brings an infringement action 'not to be made whole, but rather as a primary or supplemental revenue stream.'") *quoting* James DeBriyn, Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages, 19 UCLA Ent. L. Rev. 79, 86 (2012).

1  because Oron is not subject to jurisdiction in the United States and, even if it was, it complied
2  with the safe harbor provisions of the Digital Millennium Copyright Act.
3    The parties entered into settlement negotiations and exchanged emails and documents,
4  including the Settlement Agreement which set forth certain terms of a potential settlement.
5  Although negotiations between the parties had broken down, Liberty Media moved this Court to
6  enforce the Settlement Agreement (Doc. 33). This Court granted the motion and ordered PayPal
7  to transfer to Liberty Media's attorney $550,000 of Oron's money pursuant to the Settlement
8  Agreement (Doc. 85).
9    Oron filed an appeal with the Court of Appeals for the Ninth Circuit, appealing some of
10 this Court's orders – <u>but not the portion of the order enforcing the Settlement Agreement</u>. *See*
11 *Liberty Media Holdings, LLC v. FF Magnat Limited*, USCA No. 12-16976 (9th Cir.).[3]
12   After receiving $550,000 from Oron, Liberty Media proceeded to utterly ignore its own
13 obligations under the Settlement Agreement. In fact, it actively breached many of them, causing
14 great financial harm to Oron. As the basis for its breach, Liberty Media blamed Oron's Notice of
15 Appeal. (Doc. 117). However, as the result of this Court's order enforcing the Settlement
16 Agreement, Liberty Media had a legal duty to comply with the terms of the Settlement
17 Agreement, rather than to ignore them wholesale.
18   Parties to a court order are bound even if the order is appealed unless the order is stayed
19 by the Court. Federal Rule of Appellate Procedure 8(a)(1) provides that "A party must ordinarily
20 move first in the district court for the following relief . . . a stay of the judgment or order of a
21 district court pending appeal." *See also Alliance of Nonprofits for Ins., Risk Retention Group v.*

---

[3] Oron's appeal is limited to (a) an appeal of any order other than that enforcing the Agreement – because the Agreement contained an arbitration clause which required this Court to refer any post-enforcement disputes to arbitration and (b) the Court's order to pay Oron's legal fees (Doc. 114) both because the Agreement contained a general release, releasing such claims and because the Agreement contained no provision for the payment of attorney's fees.

*Barratt*, 2012 U.S. Dist. LEXIS 115431 (D. Nev. 2012) ("Federal Rule of Appellate Procedure 8 sets forth the procedure for requesting a stay of a district court's order pending appeal. The rule requires that the moving party requesting to stay an order or judgment to file a motion in district court. Fed. R. App. P. 8(a)(1)(A)"); *NRDC v. United States DOI*, 13 Fed. Appx. 612 (9th Cir. 2001) ("It also is possible to obtain a stay pending appeal from the district court. See Rule 8(a)(1), Federal Rules of Appellate Procedure"); *Hovey v. McDonald*, 109 U.S. 150, 162 (1883) ("Of course, where the power is not exercised by the court, nor by the judge who allows the appeal, the decree retains its intrinsic force and effect."); 20-308 Moore's Federal Practice – Civil 308.02 ("The mere filing of an appeal does not act to suspend execution or enforcement of a judgment or injunction").

Neither Oron nor Liberty Media moved to stay the court's order to enforce the Settlement Agreement. Neither this Court nor the Ninth Circuit stayed the order *sua sponte* either. Therefore, by the clear letter of the law (and, of course, at Liberty Media's original insistence), the Settlement Agreement continued to be in effect following Oron's filing of the Appeal and Liberty Media's refusal to comply with the Settlement Agreement is a breach of the Settlement Agreement.

Having waived the question of enforceability of the Settlement Agreement, and having suffered over $20,000,000 in damages as the result of Liberty Media's breach thereof, Oron filed for arbitration pursuant to the terms of the Settlement Agreement with JAMS on November 16, 2012. *FF Magnat Limited v. Liberty Media Holdings, LLC*, JAMS Reference No. 1400014182. However, Liberty Media refused to consent to the arbitration contrary to the mandatory terms of the Settlement Agreement which it asked this Court to enforce. Instead, Liberty Media filed the present Motion to Stay.

**II.     Oron Did Not Appeal and Does Not Oppose the Enforceability of the Settlement Agreement and Therefore Liberty Media's Motion is Moot and Should Be Denied**

Oron did not appeal and does not contest the enforceability of the Settlement Agreement. In its brief before the Ninth Circuit, Oron does not request that the Circuit Court reverse this Court's enforcement of the Settlement Agreement, but rather requests that the Appeals Court reverse this Court's (a) order to PayPal to release the $550,000 to Liberty Media (because the Settlement Agreement contained an arbitration clause which required this Court to refer any post-enforcement disputes to arbitration) and (b) judgment for $131,797.50 in attorney's fees (both because the Settlement Agreement contained a general release, releasing such claims and because it contained no provision for the payment of attorney's fees). To the contrary, Oron accepts the enforceability of the Settlement Agreement and has asked the Circuit Court to "remand the matter to the District Court with instructions to compel the parties to arbitrate their disputes." Appellant FF Magnat Limited's Opening Brief, Appeal Doc. 14, p. 28.

Liberty Media's entire motion is premised on the incorrect proposition that Oron opposes the enforceability of the Settlement Agreement. Given that Oron does not oppose the enforceability of the Settlement Agreement – and in fact consents to its enforceability – Liberty Media's Motion to Stay is moot.[4] Therefore, Liberty Media's Motion to Stay should be denied.

**III.    The Arbitration Agreement is Enforceable and Liberty Media Should Be Ordered to Submit to Arbitration With JAMS**

On August 7, 2012 this Court issued an Order enforcing the Settlement Agreement between the parties (Doc 85). The Settlement Agreement calls for the performance of certain

---

[4] However, even if Oron had not accepted the enforceability of the agreement on its appeal, Liberty Media's motion would still be inappropriate and would have to be denied. Liberty Media cannot attempt to at the same time reap all the benefits of the Settlement Agreement (receiving the $550,000 and the $131,797.50 judgment for attorney's fees) and attempt to shirk all of its obligations under the Settlement Agreement.

1  obligations by each of the parties and also contains numerous clauses requiring arbitration as the

2  sole means of dispute resolution for all post-Agreement disputes. In fact, arbitration is

3  referenced in three separate paragraphs, the relevant portions of which states that:

4  > "Liberty will agree to privately arbitrate any future disputes with Oron based on facts that occur after the date of the agreement. If there is
5  > arbitration, no in-person hearings for the parties shall be required. […] Any party may attend arbitration telephonically if they wish, and/or
6  > arbitration is not required to take place in the United States[.]"

7  Settlement Agreement at ¶ 9. It also requires:

8
   > "Arbitration of all disputes arising after date of this letter. All
9  > arbitrations shall be done telephonically only[.]"

10  *Id.* at ¶ 17.

11  Liberty Media failed to comply with <u>any</u> of its obligations pursuant to the Settlement

12  Agreement and caused over $20,000,000 in damages to Oron. *See* Claimant FF Magnat

13  Limited's Notice of Claims and Remedies, JAMS Arbitration, attached hereto as <u>Exhibit 2</u> and

14  filed as part of Exhibit 2 to Docket No. 121-1. Accordingly, pursuant to the arbitration

15  provisions of the Settlement Agreement, on November 16, 2012, Oron filed a demand for

16  arbitration before JAMS, a nationally recognized arbitration forum, and incurred a substantial

17  filing fee in doing so. *See* Demand for Arbitration Before JAMS, attached hereto as <u>Exhibit 3</u>

18  and previously filed by Liberty Media as part of Exhibit 2 to Docket No. 121-1. In its demand

19  for arbitration, Oron stated that "Pursuant to Paragraph 17 of the Settlement Agreement,

20  arbitration should be conducted telephonically only." *Id.*

21  Once again, despite having a clear contractual duty to do so, Liberty Media refused to

22  comply with the terms of the Settlement Agreement and refused to submit to arbitration before

23  JAMS. On November 27, 2012, Oron's attorney sent Liberty Media a letter requesting that

Liberty Media provide a list of nationally recognized and reputable arbitrations forums under which Liberty Media would agree to arbitrate the dispute. Oron's attorney also informed Liberty Media that should it fail to provide a list of arbitration forums, Oron would have no choice but to move this Court to enforce the Settlement Agreement. *See* Letter from Oron to Liberty Media, attached hereto as Exhibit 4.

Liberty Media refused to provide a list of arbitration forums. Instead of complying with its contractual obligations, Liberty Media responded by filing its Motion to Stay Enforcement of Order Granting Plaintiff's Motion to Enforce Settlement Agreement (Doc. 121), which, as demonstrated above, is moot and should be denied.

## Conclusion

Given that the Settlement Agreement contains an exclusive arbitration clause, and given that Liberty refused to comply with the terms of the Settlement Agreement and refused to arbitrate the present dispute with Oron, this Court's assistance is required to once again enforce the terms of the Settlement Agreement. Accordingly, Oron respectfully requests that the Court orders Liberty Media to submit to arbitration with JAMS, pursuant to Oron's Demand for Arbitration, Reference No. 1400014182. A Proposed Order is attached hereto as Exhibit 5.

Dated: January 8, 2012

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ David S. Kahn
David S. Kahn
Attorneys for Defendant
FF Magnat Limited

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached FF Magnat Limited's Opposition to Plaintiff's Motion to Stay Enforcement of Order Granting Plaintiff's Motion to Enforce Settlement Agreement and Cross-Motion to Enforce Settlement Agreement was served via electronic service, via CM/ECF, on this 8th day of January, 2013 to all the attorneys of record.

_____
An Employee of
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP