UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> FF MAGNAT LIMITED, et al., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-01057-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Stay or Reconsider the Court's Order on Disbursement of Funds (ECF No. 107) filed by Plaintiff Liberty Media Holdings LLC ("Plaintiff"). Defendant FF Magnat Limited, Oron.com, Maxim Bochenko, and Roman Romanov (collectively, "Defendants") filed a Response. (ECF No. 110.) Plaintiff failed to file a Reply.

**I.     BACKGROUND**

This suit originated when Plaintiff filed a Complaint alleging copyright infringement on June 20, 2012. (Compl. ECF No. 1.) Ultimately, the parties reached a settlement agreement, which the Court enforced. (Order Grant'g Mot. to Enforce Settlement, ECF No. 85.) In that agreement, Defendants agreed to, among other things, pay $550,000 to Plaintiff. (Mot. to Enforce Settlement Ex. A, ECF No. 33-1.) In the Court's order enforcing the terms of the Settlement Agreement, the Court further ordered that "FF Magnat's account shall remain frozen, in order to satisfy any fee award, which may be sought by Plaintiff . . .." (Order Grant'g Mot. to Enforce Settlement, ECF No. 85, 8:3-5.) Thereafter, Plaintiff filed a Motion for Attorneys' Fees, seeking $199,821.50 in attorneys' fees and costs. (Emergency Renewed Mot. for Att'y Fees 5:1, ECF No. 89.)

Defendants filed an Emergency Motion for Disbursement of Funds and to Stay Execution of Judgment. (ECF No. 90.) In that motion, Defendants requested that the Court unfreeze Defendants' assets beyond the amount under the Settlement Agreement and the amount requested in Plaintiff's Motion for Attorneys' Fees. (*Id.*) Specifically, Defendants argued that, including the amount owed under the settlement agreement and the amount requested in attorneys' fees, the maximum amount to which Plaintiff could possibly be entitled was $749,821.50. (Mot. for Disbursement of Additional Funds 1:1-10, ECF No. 90.)

In the meantime, Plaintiff filed a Motion for Order Directing PayPal, Inc. to Satisfy Judgment. (ECF No. 96.) On August 21, 2012, the Court granted that motion and ordered PayPal, Inc. to satisfy the $550,000.00 judgment entered against Defendants. (ECF No. 97.)

Subsequently, on August 27, 2012, the Court ordered that "[u]ntil PayPal, Inc. pays Plaintiff the sum of $550,000.00, as previously ordered, a total amount of $749,821.50 must remain frozen in Defendant's PayPal account. Any sum exceeding that amount must be unfrozen." (Order Grant'g in part and Deny'g in part Mot. for Disbursement of Funds 3:17-20, ECF No. 102.)

In response to the Court's August 27, 2012 Order, Plaintiff filed the instant Motion to Stay or Reconsider the Order on Motion for Disbursement of Funds. (ECF No. 107.) For the reasons discussed below, the Court DENIES Plaintiff's Motion.

## II.     MOTION FOR RECONSIDERATION

Plaintiff first requests that the Court reconsider its Order disbursing Defendants' funds above the amount owed Plaintiff under the settlement agreement and for attorneys' fees.

### A.     Legal Standard

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence,

(2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### B. Discussion

Plaintiff has failed to carry its burden of establishing that any of the three situations that warrant reconsideration has occurred in this case. Plaintiff's motion lacks any reference to newly discovered evidence or intervening change in controlling law. Therefore, the Court can only assume that Plaintiff's Motion for Reconsideration is based on some clear error in the Court's August 27, 2012, Order or some type of manifest injustice resulting therefrom. However, these arguments are simply repeated from Plaintiff's opposition to Defendants' original motion for disbursement of funds. As before, the Court finds these arguments unpersuasive. Accordingly, Plaintiff's Motion for Reconsideration is denied.

## III. MOTION TO STAY

Alternatively, Plaintiff requests that the Court stay its August 27, 2012, Order, which would result in Defendants' assets remaining frozen. Plaintiff argues that a stay is appropriate pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.

### A. Legal Standard

Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Furthermore, before a movant is entitled to a stay under Rule 62(c) it must establish that

> (1) . . . the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) . . . the applicant will be irreparably injured absent a stay; (3) . . . issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

**B.   Discussion**

The Court initially notes that it appears that Rule 62(c) does not authorize a stay of the Court's August 27, 2012 Order on disbursement funds, as Plaintiff argues. Rule 62(c) applies when an appeal is pending from a judgment that "grants, dissolves, or denies an injunction." Fed. R. Civ. P. 62(c). Plaintiff's motion lacks any reference to an appeal from a judgment in which the Court granted, dissolved or denied an injunction.

Even if Rule 62(c) could serve as the basis for the requested stay, Plaintiff has failed to convince the Court that such a stay is appropriate here. First, Plaintiff's motion lacks the requisite "strong showing that [it] will likely succeed on the merits." Rather, Plaintiff argues only that it "has succeeded on the merits of the case already." (Mot. to Stay 2:13-14, ECF No. 107.) In reality, the merits of the case were not resolved because the Court found that the parties had reached an enforceable settlement agreement. (Order Grant'g Mot. to Enforce Settlement, ECF No. 85.) Second, Plaintiff has not carried its burden of establishing that it will be irreparably injured absent a stay. The Court's August 27, 2012 Order expressly kept sufficient funds frozen in Defendants' account to satisfy the terms of the settlement agreement and to satisfy an award of attorneys' fees. (Order 3:1-4, ECF No. 102.) The remaining allegations of "irreparable harm" in Plaintiff's motion consist of mere hypotheticals that fail to convince the Court that Plaintiff "*will* be irreparably injured absent a stay." (*See generally* Mot. for Stay 2:24-4:25, ECF No. 107 (arguing that the Court should consider the hypothetical litigation costs incurred during any appeal that Plaintiff may be able to recover at some point in the future).) Third, Plaintiff argues that the requested stay "should not cause any further undue hardship to [Defendants]." (Mot. to Stay 2:15-20, ECF No. 107.) Finally, Plaintiff argues that "the public interest clearly aligns with [Plaintiff]." (*Id.* at 2:20-23.)

Ultimately, Plaintiff's arguments consist of conclusory statements and references to

hypothetical events.  Accordingly, Plaintiff has not carried its burden of establishing that issuance of a stay is appropriate in this case.

## IV.	CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Stay or Reconsider Order ECF No. 102 filed by Plaintiff Liberty Media Holdings, LLC is **DENIED.**

**DATED** this 19th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge