Brownstein Hyatt Farber Schreck, LLP
Mitchell J. Langberg, Nevada Bar No. 171912
MLangberg@bhfs.com
Laura Bielinski, Nevada Bar No. 10516
LB ielinksi@bhfs.com
2029 Century Park East
Suite 2100
Los Angeles, CA  90067-3007
Telephone:      310.500.4600
Facsimile:      310.500.4602

Attorneys for Plaintiff
Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LIBERTY MEDIA HOLDINGS, LLC,

Plaintiff,

v.

FF MAGNAT LIMITED d/b/a
ORON.COM; MAXIM BOCHENKO a/k/a
ROMAN ROMANOV; AND JOHN JOES
1-500,

Defendants.

CASE NO.:  2:12-cv-01057-GMN-RJJ

**PLAINTIFF'S EMERGENCY MOTION FOR ADJUDICATION THAT ATTORNEY'S CHARGING LIEN IS UNENFORCEABLE; FOR DECLARATORY ORDER; AND FOR ORDER OF DISBURSEMENT**

**(Hearing Requested)**

Plaintiff Liberty Media Holdings, LLC ("Liberty"), hereby files this Emergency Motion for Adjudication That Attorney's Charging Lien Is Unenforceable; for Declaratory Order; and for Order of Disbursement. ***Liberty brings this motion on an emergency basis, because (1) there is a risk that an arbitrator in an unrelated proceeding will issue a ruling impacting the resolution of this Motion, and (2) a non-party is actively seeking to frustrate and/or interfere with the settlement agreement of the parties to this action.*** Specifically, through this Motion, Liberty seeks (1) the Court's determination that the purported attorney's charging lien (the "Lien") asserted by Liberty's former counsel, non-party Randazza Legal Group ("RLG"), is unenforceable; (2) an Order declaring the Lien unenforceable; and, (3) consequently, an Order commanding RLG to disburse funds from its client trust account to Liberty, in accordance with

1

Liberty's settlement agreement with Defendant FF Magnat Limited d/b/a Oron.com ("Oron"; with Liberty, the "Parties"). This Motion is based on the papers and pleadings on file herein, the memorandum of points and authorities attached hereto, and the exhibits and declaration attached hereto.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Liberty seeks immediate, emergency relief from this Court to effectuate the terms of the Parties' recently executed settlement agreement, and to prevent RLG from wrongfully commandeering the funds it has heretofore held in trust for Liberty, and to which RLG has no plausible claim. This case is now all but resolved. The only stumbling block to full and final resolution of this case – which, as the Court is aware, has a tortured history – is Liberty's former counsel, RLG. Contrary to the explicit instructions of the actual parties to this dispute, RLG, has categorically, and without any legal justification, refused to disburse to Liberty over half a million dollars RLG holds in its trust account, to which Liberty is unequivocally entitled. Moreover, a pending, unrelated arbitration threatens to confound or prolong RLG's bad-faith tactics. Liberty now finds itself in the disheartened position of seeking this Court's intervention, given RLG's unfounded and obstinate refusal to do what the law requires; in contravention of both Liberty's and Oron's good-faith attempts at non-judicial intervention, RLG refuses to turn over Liberty's money. Through this Motion, Liberty seeks an order that forces RLG's compliance with the law, so that this matter can be fully and finally concluded.

**II.      RELEVANT FACTUAL BACKGROUND**

**A.      Liberty and Oron Reach Settlement; Oron Appeals.**

On July 1, 2012, Liberty and Oron entered into an agreement settling their issues in this case (the "Agreement"). (Doc. 33, Ex. A). Under the Agreement, Oron was to transfer $550,000 to the trust account of Liberty's former counsel, RLG, and the funds would be held in the trust until the Agreement was final. (*Id.*). In return, Liberty was to draft letters to Oron's bank and internet service provider regarding Oron's bank accounts, as well as make a public announcement that Oron's website is protected by DMCA safe harbor and does not contain child pornography.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

1  (*Id.*).  The Agreement also required both parties to draft a joint letter stating the parties are joining

2  together to fight against child porn and copyright infringement.  (*Id.*).  Liberty was additionally

3  expected to assist Oron in sending letters to online payment processors to convince them to allow

4  Oron to accept payments through their services.  (*Id.*).

5       The day after the Agreement was signed, Liberty set forth to fulfill its obligations and sent

6  out the required letters to Oron's bank and internet service provider, LeaseWeb.  On July 6, 2012,

7  Liberty made a motion to enforce the settlement agreement after learning that Oron was not

8  honoring the Agreement.  (Doc. 33).  The motion was granted on August 7, 2012.  (Doc. 85).  As

9  part of the Order granting Liberty's motion to enforce the Agreement, the Court entered a

10  judgment against Oron for $550,000.  (Doc. 85 at pgs. 7-8).  Liberty executed this judgment and

11  shortly thereafter, in August of 2012, had $550,000 transferred from Oron's bank account to the

12  RLG trust account.  On September 5, 2012, Liberty learned that Oron had given notice that it was

13  appealing the Order Granting Plaintiff's Motion to Enforce Settlement Agreement and nine other

14  orders issued by this Court.  (Doc. 117).  Oron did not make a motion to stay when it filed its

15  notice of appeal.

16      **B.**    **RLG Purports to Assert a Charging Lien.**

17       Some ***four (4) months after*** the Motion to Enforce Settlement Agreement was granted,

18  and the $550,000 transferred from Oron's bank account to RLG's trust account (where it was to

19  be held for Liberty's exclusive benefit), Ronald D. Green of RLG sent Liberty's undersigned

20  counsel a letter purporting to constitute a "Notice of Charging Lien Pursuant to NRS 18.015".

21  *See* December 13, 2012 Letter from Ronald D. Green to Laura Bielinski (the "Lien Letter"), a

22  true and accurate copy of which is attached hereto as **Exhibit 1**.  In the Lien Letter, RLG

23  purported to assert "a charging lien . . . as to $81,433.98 in unpaid . . . attorneys' fees" arising

24  from the instant Liberty/Oron case (the "Action").  (Ex. 1).  Though inconsistent with the

25  straightforward language of NRS 18.015, the Lien Letter, by its own terms, further purported that

26  RLG's "lien pertains to all subsequent judgments and verdicts obtained by Liberty . . . in the

27  Action, all funds hereafter recovered or received by Liberty . . . within the Action, and all funds

28

1    hereafter released, distributed, or recovered by Liberty . . . under [the] settlement agreement with

2    [Oron]."  (*Id.*).

3    **C.     The Parties Settle Their Appellate Issues, Request Funds Disbursed.**

4          Over the following months, Liberty and Oron were able to fully resolve their appellate

5    issues.  Consequently, the Parties agreed that the matter was to be concluded once and for all, and

6    that the $550,000 held in trust by RLG (the "Funds") could be distributed to Liberty.  On June 14,

7    2013, Liberty's undersigned counsel wrote to RLG's counsel to inform him that, "Liberty and

8    Oron have resolved their lawsuit", and that, consequently, Liberty requested that RLG "transfer

9    the [F]unds to [Liberty's counsel's] client trust account immediately".  *See* June 14, 2013 Letter

10   from Laura Bielinski to Ronald Green (the "Transfer Request Letter"), a true an accurate copy of

11   which is attached hereto as **Exhibit 2**.  In the Transfer Request Letter, Liberty's undersigned

12   counsel addressed the Lien Letter head-on, explained its inapplicability to the instant

13   circumstances, and advised that, "Oron's counsel [would] send a separate letter confirming that

14   there is no contractual obligation for RLG to continue to hold [the F]unds in trust and that they

15   should be released pursuant to Liberty's instructions."  (Ex. 2).

16         The following day, June 15, 2013, Oron's counsel did in fact send a separate letter to

17   RLG's counsel, confirming that the dispute between Liberty and Oron had been fully settled, and

18   that, "the Funds [should] be immediately delivered to Liberty[]'s attorneys".  *See* June 15, 2013

19   Letter from Val Gurvits to Ronald Green and Marc Randazza (the "Confirming Letter"), a true

20   and accurate copy of which is attached hereto as **Exhibit 3**.  In the Confirming Letter, Oron's

21   counsel went so far as to caution RLG's counsel that both Oron and Liberty – the actual Parties to

22   the case – would "consider any failure to immediately release the [F]unds . . . as a breach of

23   [pertinent attached court orders], a violation of your duties as the escrow agent, and a violation of

24   your ethical duties as an attorney".  (Ex. 3).

25   **D.     RLG Responds to the Parties' Disbursement Requests, Shows Bad Faith.**

26         On June 17, 2013, outside counsel for RLG wrote to Liberty's counsel, acknowledging

27   receipt of the Transfer Request Letter and stating that he "anticipate[d] providing . . . a response

28   by the end of the day tomorrow" (that is, June 18, 2013).  *See* June 17, 2013 Letter from John H.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

Cotton to Laura Bielinski, a true and accurate copy of which is attached hereto as **Exhibit 4**.  No such response issued from RLG's outside counsel the following day, or at all.  However, on June 24, 2013, RLG's in-house counsel wrote to counsel for both Liberty and Oron and revealed RLG's true position.  *See* June 24, 2013 Letter from Ronald D. Green to Laura Bielinski and Val Gurvits (the "Response Letter"), a true and accurate copy of which is attached hereto as **Exhibit 5**.  In the Response Letter, RLG acknowledged receipt of both the Transfer Request Letter and the Confirming Letter; nevertheless, RLG relayed that those letters "do not adequately resolve [RLG's] concerns" about releasing the Funds.  (Ex. 5).  RLG went on to claim – baselessly – that, "[t]he question of the release of [the F]unds is currently before an arbitrator in Mr. [Marc] Randazza's dispute with Liberty's [alleged] alter ego, Excelsior Media Corporation."  (*Id.*).

In reality, the arbitration to which RLG alludes in the Response Letter has nothing to do with the litigation between Liberty and Oron, neither of which is even a party to that matter.  That arbitration (the "Employment Arbitration") is actually over an employment dispute between Marc Randazza (not RLG) and Excelsior Media Corporation (not Liberty).  However, in the interest of assuaging Mr. Randazza's personal concerns about recovery in the Employment Arbitration, Liberty has offered to insert itself as a respondent in those proceedings.  *See* June 24, 2013 Letter from Wendy Medura Krincek to the Hon. Stephen E. Haberfeld (Ret.), JAMS Arbitrator, a true and accurate copy of which is attached hereto as **Exhibit 6**.  Thus, in all respects, the pendency of the Employment Arbitration provides RLG with no reasonable basis to withhold the Funds.

With its Response Letter, RLG has laid bare its petty, bad-faith tactic: RLG, for the purported benefit of its individual principal Marc Randazza, and in misguided reliance upon the existence of a separate, unrelated dispute, is simply holding the Funds hostage.  The collateral damage from RLG's malfeasance may very well include the complete implosion of an otherwise viable resolution between Liberty and Oron.  Despite the clear instructions of the Parties to RLG to release the Funds, and despite the fact that RLG now lacks any reasonable basis for continuing to hold the Funds, RLG nevertheless, without justification, continues to hold the entirety of the Funds and refuses to release them to Liberty.  The resolution of this entire case hangs in the balance.  As such, Liberty makes the instant Motion.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

### III. **ARGUMENT**

As described more fully below, RLG's Lien Letter is unenforceable and, in any event, cannot act to bind any of Funds, let alone the entire sum.  Consequently, Liberty now requires orders from this Court declaring the Lien Letter unenforceable or otherwise inapposite, and decreeing that RLG release the Funds to Liberty's counsel post haste.

### A. **This Court Has Jurisdiction to Adjudicate the Instant Motion.**

The appeal in this case has now been dismissed.  *See* Order Dismissing Appeal, a true and accurate copy of which is attached hereto as **Exhibit 7**.  As such, there is no procedural impediment to this Court's consideration and adjudication of Liberty's instant Motion.  Furthermore, the Complaint giving rise to the instant case was filed on Liberty's behalf by RLG.  Thus, the District Court has personal jurisdiction over not only the Parties themselves, but also over RLG, as Liberty's former counsel.  *Argentena Consolidated Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 533, 216 P.3d 779, 782-83 (Nev. 2009) ("The . . . court's in personam jurisdiction to adjudicate a . . . charging lien is derived from the fact that the client has already submitted himself . . . to the court's jurisdiction and the court has personal jurisdiction over the attorney due to the attorney's appearance as the client's counsel of record.").  However, as here, "when the attorney does not have an enforceable charging lien . . . , [the] court [is] without power to adjudicate the [underlying] fee dispute".  *Id.*, 125 Nev. at 539, 216 P.3d at 787.  That is, should this Court properly determine that the Lien Letter is unenforceable, it should declare as much, but may not concern itself with sorting out the underlying alleged fee dispute between Liberty and its former counsel RLG.

Furthermore, it is without question that this Court has jurisdiction over the Funds themselves, as the Court has previously, in its Order Granting Liberty's Motion to Enforce the Settlement Agreement (Doc. 85), entered a judgment in Liberty's favor and against Oron in the amount of the Funds.  In so doing, this Court effected the transfer of the Funds from Oron to RLG's client trust account in the first instance.  That is, having already effectively ordered that the Funds be transferred to RLG's trust account for Liberty's benefit, this Court certainly has the authority now to order those same Funds disbursed to Liberty's counsel in accord with the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

settlement between the Parties and this Court's own prior orders.  *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").

## B.  The Lien Letter Misstates the Law and Is Otherwise Unenforceable.

The Lien Letter, by its own terms, purports to rely on NRS 18.015.  (Ex.1).  NRS 18.015(2) provides that, "[a]n attorney perfects [a charging] lien by serving notice in writing, . . . stating the interest which the attorney has in any cause of action."  Arguably, the Lien Letter comports with this subsection of the statute.  However, and critically, NRS 18.015(3) goes on to state that the charging lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, *from the time of service of the notices* required by this section" (emphasis added).  In the instant case, the Order Granting Plaintiff's Motion to Enforce Settlement Agreement was issued on August 7, 2012, and, pursuant to that Order, the Funds were transferred from Oron's bank account to RLG's trust account for Liberty's benefit shortly thereafter.  That is, the "decree" was "entered" and the "money" was "recovered" in August of 2012.  From that point forward, RLG merely held the Funds in trust for Liberty.  However, it was not until four (4) months later, in December of 2012, that RLG even purported to assert a charging lien.  As such, the Lien Letter could not possibly serve to attach the Funds at all.

It has long been recognized in this District that where, as here, a charging lien is not perfected until *after* the funds at issue are recovered, the lien is, as a matter of law, unenforceable, even in the event of appeal.  *See, e.g., Schlang v. Key Airlines, Inc.*, 158 F.R.D. 666, 670 (D. Nev. 1994) ("Because [attorney] Kennedy failed to properly perfect his lien prior to settlement, there no longer existed any proceeds to which the lien could attach.  Thus, the lien is unenforceable.").  A court that is called upon to adjudicate an attorney's charging lien must, as a threshold matter, determine, "[w]hether the lien is enforceable: some are not."  *Michel v. Eighth Judicial Dist. Ct.*, 117 Nev. 145, 152, 17 P.3d 1003, 1007 (Nev. 2001).  And, "[w]here an attorney does not have an enforceable lien, 'the proper method by which the attorney should seek adjudication of the fee dispute is an action against his or her former client in a *separate proceeding*.'"  *Aloma v.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

1   *Silverleaf Financial, LLC*, 2012 WL 1556254 at *1 (D. Nev. 2012) (quoting *Filmkraft*

2   *Productions India Pvt. Ltd. v. Spektrum Entertainment, Inc.*, 2010 WL 4986269 (D. Nev. 2010))

3   (emphasis in original).  In the instant case, RLG **has** in fact instituted a separate action against

4   Liberty concerning the underlying alleged fee dispute, having earlier this year filed a complaint

5   against Liberty in the Eighth Judicial District Court, Clark County, Nevada (Case No. A-12-

6   673275-C) on those very claims.  The existence of that state-court action underscores the fact that

7   this Court need not delve into the merits of the underlying alleged fee dispute, especially in light

8   of the patent unenforceability of the untimely Lien Letter.

9           Having arguably been perfected, at best, four (4) months after the relevant order was

10   entered and the Funds were transferred, the Lien Letter did not create an enforceable charging

11   lien with respect to the Funds.  With even the appellate issues in this case now resolved, the fact

12   of which was explicitly communicated to RLG by both Liberty and Oron, there remains no good-

13   faith reason for RLG to continue holding the Funds.  Respectfully, this Court should issue an

14   Order declaring that RLG has no enforceable lien with respect to the Funds.

15          **C.      Even If the Lien Letter Were Enforceable, It Would Not Bind All the Funds.**

16          As described more fully above, the Lien Letter could not possibly have created an

17   enforceable lien attaching **any** of the Funds, all of which were recovered well before RLG sent

18   the Lien Letter.  Even assuming for the sake of argument that the Lien Letter did create a valid,

19   enforceable lien, that lien would extend only to the subset of the Funds that the Lien Letter itself

20   claims to attach: $81,433.98. (Ex. 1).  That is, even under the auspices of an enforceable charging

21   lien, RLG could not legitimately refuse to disburse the remaining portion of the Funds:

22   $468,566.02.  The fact that RLG refuses to disburse to Liberty even that portion of the Funds that

23   is not reasonably subject to its purported charging lien demonstrates RLG's bad faith.   As

24   described more fully below, RLG should be ordered to disburse **all** of the Funds -- $550,000 – to

25   Liberty's counsel, as RLG has now been instructed to do by both Liberty and Oron.  However, at

26   the very least, RLG must be ordered immediately to disburse the $468,566.02 that, by the Lien

27   Letter's own terms, could not possibly be subject to the Lien Letter.

28

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

**D.     RLG Should be Ordered to Disburse the Funds to Liberty's Counsel.**

RLG's state-court case against Liberty and the pending Emplyment Arbitration notwithstanding, ***this*** litigation, including its appellate components, has been entirely resolved as between the Parties, Liberty and Oron.  The Funds were transferred out of Oron's account over ten (10) months ago.  Liberty has informed RLG that this matter has concluded, and that RLG should release the Funds to Liberty's counsel.  Oron has provided the exact same information to RLG.  Not only has RLG failed to follow the Parties' plain instructions and the orders of other courts by disbursing the Funds, RLG has further failed even to provide a shred of a reasonable explanation for its obstinance and contempt.  As Liberty's former counsel in this case, RLG has placed itself squarely within this Court's jurisdiction.  This Court should exercise that jurisdictional authority and order RLG to disburse the entirety of the Funds to Liberty's counsel without further delay.

**IV.    CONCLUSION**

For all of the foregoing reasons, Liberty respectfully requests that this Court issue an Order (1) declaring that the Lien Letter did not create an enforceable charging lien with respect to the Funds; (2) declaring that there is no valid basis for RLG's continued retention of the Funds; (3) declaring that the Funds, which have heretofore been held by RLG only in trust for Liberty's benefit, are, in accordance with the Transfer Request Letter and Confirming Letter, due and payable in their entirety to Liberty, via Liberty's counsel; and (4) ordering RLG to disburse the entirety of the funds to Liberty, via Liberty's counsel, immediately.

DATED this 26th day of June, 2013.          Brownstein Hyatt Farber Schreck, LLP


By:/s/ Laura E. Bielinski
    Mitchell J. Langberg, Nevada Bar No. 171912
    Laura Bielinski, Nevada Bar No. 10516
    Brownstein Hyatt Farber Schreck, LLP
    2029 Century Park East, Suite 210
    Los Angeles, California 90067
    Attorneys for Defendant

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

1

## CERTIFICATE OF SERVICE

2      Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing

3    Procedures, I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP, and that a

4    true and correct copy of the **PLAINTIFF'S EMERGENCY MOTION FOR ADJUDICATION**

5    **THAT      ATTORNEY'S      CHARGING      LIEN      IS      UNENFORCEABLE;      FOR**

6    **DECLARATORY ORDER; AND FOR ORDER OF DISBURSEMENT** was served via

7    electronic service, via CM/ECF, on this 26th day of June, 2013, and to the address(es) shown

8    below:

9    John Scott Burris, Esq.                          Anne E. Kearns, Esq.
     David S. Kahn, Esq.                              Kenneth K. Keller, Esq.
10   Sheri M. Thome, Esq.                             Michael D. Lisi, Esq.
     WILSON ELSER MOSKOWITZ EDELMAN                   Stan G. Roman, Esq.
11   & DICKER                                         KRIEG KELLER SLOAN REILLEY &
     300 S. Fourth Street                             ROMAN LLP
12   11th Floor                                       555 Montgomery Street, 17th Floor
     Las Vegas, NV 89101                              San Francisco, CA 94111
13   702-727-1400                                     415-249-8330
     702-727-1401 (fax)                               415-249-8333 (fax)
14   j.scott.burris@wilsonelser.com                   akearns@kksrr.com
     david.kahn@wilsonelser.com                       kkeller@kksrr.com
15   sheri.thome@wilsonelser.com                      mlisi@kksrr.com
     *Attorneys FF Magnat Limited*                    sroman@kksrr.com
16                                                    *Attorneys for FF Magnat Limited*

17   Steven A. Caloiaro, Esq.                         Stevan Lieberman, Esq.
     Michael D. Rounds, Esq.                          GREENBERG & LIEBERMAN, LLC
18   WATSON ROUNDS                                    2141 Wisconsin Ave., NW Suite C2
     5371 Kietzke Lane                                Washington, DC 20007
19   Reno, NV 89511                                   stevan@aplegal.com
     775-324-4100                                     *Attorney for FF Magnat Limited*
20   scaloiaro@watsonrounds.com
     mrounds@watsonrounds.com
21   *Attorneys for Maxim Bochenko*

22   Matthew Shayefar, Esq.
     BOSTON LAW GROUP, PC
23   825 Beacon Street, Suite 20
     Newton Centre, MA 02459
24   matt@bostonlegalgroup.com
     *Attorney for FF Magnat Limited*

25

26      I further certify that I am familiar with the firm's practice of collection and processing

27   documents for mailing; that in accordance therewith, I caused the above-named document to be

28   ///

served via electronic mail and U.S. Mail at Las Vegas, Nevada, in a sealed envelope, with first-

class postage prepaid, on this 26th day of June, 2013 and to the address(es) shown below:

Marc J. Randazza, Esq.
Ronald G. Green, Esq.
RANDAZZA LEGAL GROUP
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
rdg@randazza.com
mjr@randazza.com

/s/ Erin Parcells
Erin Parcells, an employee of Brownstein Hyatt
Farber Scheck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007
310.500.4600

**DECLARATION OF LAURA E. BIELINSKI, ESQ.**

I, Laura E. Bielinski, hereby declare as follows:

1. I am an attorney at the law firm of Brownstein Hyatt Farber Schreck, LLP, Plaintiff Liberty Media Holding's ("Liberty") counsel in Case No. 2:12-cv-01057-GMN-RJJ, currently pending before the United States District Court, District of Nevada. I submit this declaration in support of Plaintiff's Emergency Motion for Adjudication that Attorney's Charging Lien is Unenforceable; for Declaratory Order; and for Order of Disbursement. I have personal knowledge of the facts set forth herein, and if called upon to do so, am competent to testify thereto.

2. A true and correct copy of the December 13, 2012 letter from Ronald D. Green to Laura Bielinski is attached hereto as Exhibit 1.

3. A true and correct copy of the June 14, 2013 letter from Laura Bielinski to Ronald Green is attached hereto as Exhibit 2.

4. A true and correct copy of the June 15, 2013 letter from Val Gurvits to Ronald Green and Marc Randazza is attached hereto as Exhibit 3.

5. A true and correct copy of the June 17, 2013 letter from John H. Cotton to Laura Bielinski is attached hereto as Exhibit 4.

6. A true and correct copy of the June 24, 2013 letter from Ronald D. Green to Laura Bielinski and Val Gurvits is attached hereto as Exhibit 5.

7. A true and correct copy of the June 24, 2013 letter from Wendy Medura Krincek to the Hon. Stephen E. Haberfeld (Ret.), JAMS Arbitrator is attached hereto as Exhibit 6.

8. A true and correct copy of the Order Dismissing Appeal is attached hereto as Exhibit 7.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 26th day of June, 2013, at Las Vegas, Nevada.

_____
LAURA E. BIELINSKI, ESQ.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

# EXHIBIT 1

# EXHIBIT 1

**RANDAZZA**    **LEGAL GROUP**

Correspondence from:
**Ronald D. Green, Esq.**
rdg@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

December 13, 2012

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Nevada
Arizona
Florida

RONALD D. GREEN
Licensed to practice in
Nevada

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Wisconsin
Nevada

BETH A. HUTCHENS
Licensed to practice in
Arizona
U.S. Patent Office

ALEX COSTOPOLOUS
Licensed to practice in
Florida

Via Certified U.S. Mail

Laura Bielinksi
Brownstein Hyatt
100 North City Parkway
Suite 1600
Las Vegas, NV 89106-4614

        *Re: Notice of Charging Lien Pursuant to NRS 18.015*

Dear Laura Bielinksi:

This letter constitutes notice to your client, Liberty Media Holdings, LLC, of a charging lien held by Marc J. Randazza P.A., d/b/a Randazza Legal Group as to $81,433.98 in unpaid reasonable attorneys' fees.

Randazza Legal Group asserts this lien in *Liberty Media Holdings LLC v. FF Magnat Limited d/b/a Oron.com et al.*, Case No. 2:12-cv-01057 (D. Nev. 2012) (the "Action"), to which your client is a party. Randazza Legal Group's lien pertains to all subsequent judgments and verdicts obtained by Liberty Media Holdings in the Action, all funds hereafter recovered or received by Liberty Media Holdings LLC within the Action, and all funds hereafter released, distributed, or recovered by Liberty Media Holdings LLC under Liberty Media Holdings LLC's settlement agreement with FF Magnat Limited.

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

**Phoenix**
Two Renaissance Square
40 North Central
Suite 1400
Phoenix, AZ 85004
Tel: 888.667.1113
Fax: 305.437.7662

Best regards,

Ronald D. Green

# EXHIBIT 2

# EXHIBIT 2

# Brownstein Hyatt
# Farber Schreck

June 14, 2013

Laura Bielinski
Attorney at Law
702.464.7019 tel
702.382.8135 fax
lbielinksi@bhfs.com

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Ronald Green, Esq.
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
rdg@randazza.com

RE:   Immediate Release of Client Trust Account Funds Belonging to Liberty Media Holdings, LLC
      Client-Matter No. 016194.0001

Dear Ron:

We write to you in your capacity as counsel to Randazza Legal Group ("RLG").

As you know, RLG holds $550,000 in its client trust account in relation to the *Liberty Media Holdings, LLC, v. FF Magnat Limited d/b/a Oron.com* litigation.  Liberty and Oron have resolved their lawsuit pursuant to a confidential settlement agreement.  Therefore, Liberty has instructed us to request that you transfer the funds to our client trust account immediately, but no later than close of business on Monday, June 17, 2013.  We are happy to arrange to pick up certified funds or you may wire the funds as follows:

Key Bank of Colorado
3300 East First Avenue
Denver, CO  80206
ABA #307070267

SWIFT code: KEYBUS33

For Credit to:
      Brownstein Hyatt Farber Schreck, LLP
      COLTAF Trust Account

Account # 82123967
Federal I.D. # 26-1367865
BHFS Client.Matter # 016194.0001
Amount: $550,000.00
Attorney Name: Laura Bielinski

Contact:
      Sue Seabeck or Grace Wadkins
      303.223.1100

100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
main  702.382.2101

Ronald Green, Esq.
June 14, 2013
Page 2

We understand that RLG has asserted a charging lien against any recover in the Oron matter.  However, as I am sure you know, NRS 18.015(3) specifically provides that such a lien only "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, *from the time of service of the notices required by this section*." (emphasis added).   As you know, the $550,000 was recovered long before any notice of lien was sent and has been held by RLG in trust for the benefit of Liberty ever since.  Therefore, while RLG may assert that it has a claim against Liberty for unpaid fees and costs (one which is obviously disputed), that claim is not secured by a valid lien. The continued assertion of such a lien over the trust funds would be an abuse of process.

Further, even if there were a valid lien, the only amount secured would be the amount set forth in the lien notice.  The balance of the trust funds would still have to be released upon Liberty's instruction. . Nevada Rule of Professional Conduct 1.15(e) provides that when a lawyer is in possession of funds in which he claims an interest, the property must be kept in separate by the lawyer until the dispute is resolved. Further the "*lawyer shall promptly distribute all portions of the funds or other property as to which the interests are not in dispute.*"  The fact that RLG or even Mr. Randazza might have claims for money against Liberty does not mean that either of them have a claim against these specific trust funds.  So, even if the asserted lien were valid, neither RLG nor Mr. Randazza has any right to the balance of the funds held in trust.  RLG and Mr. Randazza cannot unilaterally award themselves what is effectively an attachment or injunction.

Lest RLG withhold the funds based upon some claim that the prior settlement between Liberty and Oron prevents transfer, Oron's counsel will send a separate letter confirming that there is no contractual obligation for RLG to continue to hold such funds in trust and that they should be released pursuant to Liberty's instructions.

If RLG will not comply with these instructions regarding the distribution of Liberty's funds, please immediately provide whatever factual or legal basis RLG has for withholding those funds, in whole or in part.

Sincerely,

Laura Bielinski

016194\0001\10447552.1

# EXHIBIT 3

# EXHIBIT 3

# Boston Law Group, PC

### ATTORNEYS AT LAW

825 BEACON STREET, SUITE 20
NEWTON CENTRE, MASSACHUSETTS 02459

Main (617) 928-1800

Fax (617) 928-1802

**VIA E-MAIL AND FACSIMILE – 305- 437-7662 – 6 PAGES**

June 15, 2013

Ronald Green, Esq. (rdg@randazza.com)
Marc Randazza, Esq. (mjr@randazza.com)
Randazza Legal Group
6525 W. Warm Springs Road
Suite Number 100
Las Vegas, NV 89118

> **RE:** **Immediate release of Liberty Media v. FF Magnat (Case No.: 2:12-cv-01057)
> $550,000 escrowed settlement funds**

Dear Attorneys Randazza and Green,

With reference to the $550,000 presently held in escrow in your firm's client trust account,
which funds were transmitted to you pursuant to a Court order in the above-referenced action
(the "Funds"), please be advised that Liberty Media Holdings, LLC and FF Magnat Limited have
settled their dispute and the above-referenced action. The settlement agreement calls for the
Funds to be immediately delivered to Liberty Media's attorneys, Brownstein Hyatt Farber and
Schreck. Enclosed please find a copy of a California Court Order directing you to immediately
release the Funds to the Boston Law Group. Pursuant to this Court Order and by his signature,
below, Val Gurvits and the Boston Law Group instruct you to immediately (no later than end of
business on Monday, June 17th) wire the Funds to Brownstein Hyatt Farber and Schreck. Wiring
instructions are as follows:

> Key Bank of Colorado
> 3300 East First Avenue
> Denver, CO 80206
> ABA # 307070267
>
> SWIFT code: KEYBUS33
>
> For Credit To:        Brownstein Hyatt Farber and Schreck, LLP
>                       COLTAF Trust Account
>
> Account # 82123967
> Federal ID # 26-1367865
> BHFS Client.Matter # 016194.0001
> Attorney Name:        Laura Bielinksi
> Contact:              Sue Seabeck or Grace Wadkins, 303-223-1100

1

Please note that the parties will consider any failure to immediately release the funds being held by you as a breach of the California Court's Order, a violation of your duties as the escrow agent, and a violation of your ethical duties as an attorney, licensed in the states of California and Nevada.

I thank you for your immediate attention to this matter.

Very truly yours,

Val Gurvits, Esq.
Boston Law Group, PC
on behalf of Boston Law Group and
FF Magnat Limited

# EXHIBIT 4

# EXHIBIT 4



COTTON·DRIGGS·WALCH
HOLLEY·WOLOSON·THOMPSON

WRITER'S EMAIL: JHCOTTON@CDWNVLAW.COM

June 17, 2013

*Via Facsimile (702) 382-8135 Only*

Laura Bielinski, Esq.
BROWNSTEIN HYATT FARBER SCHRECK
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

     RE:   Liberty Media Holdings, LLC./Oron

Dear Ms. Bielinski:

Your correspondence of June 14, 2013 regarding the pending resolution of the Liberty/Oron matter has been forwarded to our attention. We are in the process of discussing your request with our clients and anticipate providing you with a response by the end of the day tomorrow.

                         Sincerely,

                         COTTON, DRIGGS, WALCH,
                         HOLLEY, WOLOSON & THOMPSON

                         John Cotton S/RT
                         John.H. Cotton, Esq.

# EXHIBIT 5

# EXHIBIT 5

Correspondence from:
**Ronald D. Green, Esq.**
rdg@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

**RANDAZZA** | **LEGAL GROUP**

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Nevada
Arizona
Florida

RONALD D. GREEN
Licensed to practice in
Nevada

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Nevada

CHRISTOPHER A. HARVEY
Licensed to practice in
California

A. JORDAN RUSHIE
Licensed to practice in
Pennsylvania
New Jersey

June 24, 2013

<u>Via Email Only</u>
lbielinski@bhfs.com
vgurvits@bostonlawgroup.com

*Re: Release of Disputed Funds*

Dear Laura and Val:

We are in receipt of your respective June 14 and June 15, 2013 letters regarding release of the $550,000 held in trust by Marc Randazza / Randazza Legal Group ("RLG"). These letters do not adequately resolve our concerns, and furthermore are inconsistent with the court order in *Datatech v. FF Magnat Limited d/b/a Oron.com*, Case No. 2:12-cv-4500 (N.D. Cal.).

Liberty Media Holdings LLC's June 14 letter (attached) stated that Liberty and Oron's prior agreement did not prevent a transfer, and that Oron's counsel would send a separate letter confirming that there is no contractual obligation to hold the settlement funds in trust. Oron's letter (also attached) contains no such assurances. Moreover, even if the prior agreement did not "prevent" transfer, neither Liberty nor Oron has provided written assurances that Randazza personally or RLG would not be liable for the full $550,000 and a $55,000 penalty, as contemplated by the original settlement agreement. Both parties need to expressly provide releases to that effect for Mr. Randazza and RLG before any transfer is made. For your convenience I have attached the settlement in question. As you can see, paragraph two prohibits Mr. Randazza from transferring the funds without proper permission, and this very same paragraph imposes a penalty upon him if he does so.

We are also confused by your claims with respect to the United States District Court for the Northern District of California's order. Specifically, the Court's order dissolved its injunction with respect to the funds in Mr. Randazza's trust account so that the funds could be transferred to Oron, the Defendant in that action. But in your letters, you have demanded that we release the funds to the trust account for Liberty's counsel, which is inconsistent with and contradictory to the Court's order. Additionally, and contrary to what counsel for Liberty and Oron have claimed, the order merely releases the funds to be transferred; it does not actually order a transfer.

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

Ltr. Re Trust Funds
June 24, 2013
Page 2 of 2

The question of the release of funds is currently before an arbitrator in Mr. Randazza's dispute with Liberty's alter-ego, Excelsior Media Corporation.  As soon as the arbitrator rules on the disposition of these funds, they will be disposed of accordingly.  However, to the extent any funds are to be distributed to either of your clients, it is obvious that the two of you need to communicate and resolve the following before any funds can be transferred:

   1) Confirm that the new settlement agreement extinguishes the prior agreement, and provide, *in writing*, releases from Mr. Randazza's and RLG's obligations under the attached settlement agreement in connection with the demanded release of funds; and

   2) Why the funds are being transferred to Liberty's counsel when the Court's order only authorizes release of the funds from Mr. Randazza to Oron.

When these issues are resolved and any funds to be released have been authorized for distribution by the arbitrator, we shall transmit them by certified check to a recipient attorney, who will be required to sign for the check's receipt.

Please contact me if you have any questions in this matter.  In the interest of efficiency, it appears to me that counsel for Liberty and Oron should confer first to address the issues identified above. Thereafter, I ask that all communication on this issue occur in writing in order to avoid confusion or miscommunication.

Best regards,

Ronald D. Green

Encls. June 14, 2013 letter from Liberty Media Holdings LLC
June 15, 2013 letter and attachments from Oron
Original Oron/Liberty Settlement Agreement
(as filed in the U.S. District Court for the District of Nevada by Oron's former counsel)

cc:    Evan Fray-Witzer
Mitchell Langberg
Sean Lyttle

# EXHIBIT 6

# EXHIBIT 6


Employment & Labor Law Solutions Worldwide

**Littler Mendelson, PC**
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937

June 24, 2013

Wendy Medura Krincek
702.862.7726 direct
702.862.8800 main
702.993.0569 fax
wkrincek@littler.com

**VIA E-MAIL (SHABERFELD@JAMSADR.COM) & (GYULO@JAMSADR.COM)**

Hon. Stephen E. Haberfeld (Ret.)
JAMS
707 Wilshire Blvd., 46th Floor
Los Angeles, CA 90017

*Re:    Mark J. Randazza vs. Excelsior Media Corporation*
*       Reference No. 1260002283*

Dear Judge Haberfeld:

This letter responds to Mr. White's correspondence to you today regarding the Oron settlement funds that are held by Randazza Legal Group's trust account (and are not in the personal possession of Mr. Randazza). The Oron settlement funds are already the subject of court proceedings in the U.S. District Court, District of Nevada in the underlying Oron litigation and U.S. District Court, Northern District of California (see Order attached to Mr. White's June 17th correspondence). It is Respondent Excelsior Media Corporation's position that Mr. White's correspondence is an attempt to obtain an Order in this arbitration matter that Mr. Randazza can claim trump orders either already issued or to be issued by the federal courts related to those funds.

We concur with Mr. White's indication that any temporary order that would allow Mr. Randazza to take possession of Liberty Media Holding's funds (who is not a party to this matter) would be inappropriate without a hearing. Further, we reiterate Excelsior's position that Mr. Randazza is not entitled to preliminary relief, but should the Arbitrator feel otherwise, a ruling that Liberty Media Holding be added as a Respondent to the arbitration proceeding addresses all of Mr. Randazza's purported concerns regarding his ability to collect upon any judgment rendered in his favor (and renders issues related to the Oron settlement funds moot).

Sincerely,

Wendy Medura Krincek
WMK/ejm

cc:    Ken White (via e-mail – kwhite@brownwhitelaw.com)

# EXHIBIT 7

# EXHIBIT 7

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | No. 12-16976 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-01057-GMN-RJJ |
| v. | District of Nevada, Las Vegas |
| FF MAGNAT LIMITED, DBA Oron.com, | |
| Defendant - Appellant. | ORDER |

The parties have stipulated to the dismissal of this appeal under Fed. R. App.

P. 42(b).  This appeal is dismissed.  Costs and fees shall be allocated according the

provisions of the stipulation.  A copy of this order sent to the district court shall act

as and for the mandate of this court.

For the Court:

MOLLY C. DWYER
Clerk of the Court:

Cathie A. Gottlieb
Deputy Clerk
Ninth Cir. R. 27-7/Advisory Note to Rule 27
    and Ninth Circuit 27-10

06.24.13/cag/Pro Mo