**DAVID S. KAHN** (NV 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (NV 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (NV 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Tel: (702) 727-1400 | Fax: (702) 727-1401

**MATTHEW SHAYEFAR** (MA 685927) (*pro hac vice*) matt@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1806 | Fax: (617) 928-1802

Attorneys for Defendant FF MAGNAT LIMITED

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>                    Plaintiff<br><br>          vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; MAXIM BOCHENKO a/k/a ROMAN ROMANOV; and JOHN DOES 1 – 500,<br><br>                    Defendants. | Case No. 2:12-cv-01057-GMN-NJK<br><br>**FF MAGNAT LIMITED'S RESPONSE AND ASSENT TO REQUESTED RELIEF** |

The parties to the above-captioned matter have, at long-last, settled their disputes and agree that the funds currently being held in escrow for Liberty Media Holdings, LLC ("Liberty") by its former counsel, Marc Randazza ("Attorney Randazza") and Randazza Law Group ("RLG"), should be immediately disbursed to Liberty's counsel. Shockingly, however, despite their clear ethical and fiduciary duties, Attorney Randazza and RLG have failed to disburse the funds as directed by the parties, threatening settlements in the present action and in a separate

action arising out of the Northern District of California and currently pending before the Ninth

Circuit Court of Appeals.  Attorney Randazza's position is legally untenable and this Court

should issue an order as requested by Liberty requiring the immediate disbursement of funds

held in Attorney Randazza's/RLG's client funds account.  In further support of this response, FF

Magnat, Limited d/b/a Oron.com ("Oron") states as follows.

1.      On June 20, 2012, Liberty Media filed its complaint alleging that Oron had, by

providing cloud storage services through the Internet, committed direct, contributory, vicarious,

and inductive acts of infringement of Liberty Media's works in violation of federal copyright

law.  Docket No. 1.  At the same time, Liberty Media also filed an Ex Parte Application for

Temporary Restraining Order seeking to freeze Oron's assets in all of Oron's banks and payment

processing companies.  Docket No. 2.

2.      On June 21, 2012, this Court issued a temporary restraining order that effectively

froze all of Oron's assets – including all funds maintained by any U.S. bank or financial

institution, and all funds belonging to Oron in the custody of PayPal, Inc., CCBill, LLC, and

AlertPay – for a period of fourteen days until a hearing on a preliminary injunction could be

heard.  Docket No. 11, and amended order, Docket No. 13.  In addition, the Court specifically

enjoined Oron "from disgorging or dissipating any funds, property, domain names, or other

assets until further notice."  Docket No. 13 at ¶ 6.

3.      Contemporaneous with its filings in the District Court, Liberty Media instituted

legal proceedings against Oron in Hong Kong, where Oron maintains its principal place of

business.  Liberty Media obtained an order from the Hong Kong court freezing Oron's assets in

Hong Kong as well.  The Hong Kong court specifically relied upon this Court's issuance of its

temporary restraining order in issuing its own identical order.

FF MAGNAT LIMITED'S RESPONSE AND ASSENT TO REQUESTED RELIEF
CASE NO. 2:12-CV-01057-GMN-NJK

4.      As a result of these orders, substantially all of Oron's assets were frozen, and Oron was unable to pay its service providers.  Faced with the imminent collapse of its entire business if it remained unable to pay its service providers, Oron entered into settlement negotiations with Liberty Media.

5.      Although the parties at the time disputed the existence of an enforceable agreement, on August 7, 2012, this Court granted Liberty Media's Motion to Enforce Settlement. Docket No. 85.  In the same Order, this Court instructed PayPal to immediately transfer to Attorney Randazza's client trust fund five hundred fifty thousand dollars ($550,000), pursuant to the Settlement Agreement.

6.      On September 5, 2012, Oron filed a timely Notice of Appeal of the District Court's Judgments and Orders.  Docket No. 117.

7.      On June 24, 2013, the Parties, having entered into a new settlement agreement, filed a Motion to Voluntarily Dismiss the appeal that was pending before the Ninth Circuit Court of Appeals.  That motion was allowed on June 25, 2013.

8.      Pursuant to the terms of the Agreement enforced by this Court, Attorney Randazza and/or RLG were to hold the settlement funds in escrow for the benefit of Liberty "until settlement is final…."

9.      The parties have unambiguously informed Attorney Randazza and RLG that (a) the settlement is final and (b) that the funds should be immediately disbursed to Liberty, through its current counsel, in accordance with the Agreement enforced by this Court.

10.      Attorney Randazza and RLG, however, have held the funds hostage – claiming alternately that a supposed attorney's lien for approximately $80,000 entitles them to hold $550,000 and that unadjudicated claims for amounts in excess of the claimed $80,000 allow

FF MAGNAT LIMITED'S RESPONSE AND ASSENT TO REQUESTED RELIEF
CASE NO. 2:12-CV-01057-GMN-NJK

1   them to exercise some form of "self help" by refusing to disburse funds over which he has no

2   right to retain.  Attorney Randazza's/RLG's failure to disburse at least the $470,000 of funds for

3   which no attorney's lien was asserted is nothing short of conversion of the funds which they hold

4   in escrow for the benefit of Liberty.

5      11.  To be clear, to the extent that the Agreement enforced by this Court contemplated

6   the possibility that Attorney Randazza would personally owe a penalty to Oron if the funds were

7   disbursed prior to a final settlement, Oron has made clear – and states again – that there is now a

8   final settlement.  If Attorney Randazza/RLG distribute the funds held in their client funds

9   account to Liberty's counsel – or at least the $470,000 of funds not subjected to his purported

10   attorney's lien – Oron shall not claim that the funds were distributed prematurely in violation of

11   the Agreement.

12      12.  Although Oron is not at liberty to discuss the particular terms of the settlement in

13   this matter or in the case in the Northern District of California, Oron can say that the

14   disbursement of the funds held by Attorney Randazza/RLG is a crucial element of both

15   settlements and Attorney Randazza's/RLG's unexpected and unwarranted refusal to disburse

16   said funds has the potential to derail both agreements.

17              **<u>Conclusion</u>**

18     For the reasons articulated herein and in Liberty Media's Emergency Motion, Oron

19   respectfully requests that Liberty's motion be ALLOWED and that the Court issue an order

20   declaring (a) that there is no valid basis for Attorney Randazza's/RLG's continued retention of

21   the Funds; (b) that the Funds, which have heretofore been held by Attorney Randazza and/or

22   RLG in trust for Liberty's benefit, are, in accordance with the Transfer Request Letter and

23   Confirming Letter, due and payable in their entirety to Liberty, via Liberty's counsel; and (c)

FF MAGNAT LIMITED'S RESPONSE AND ASSENT TO REQUESTED RELIEF
CASE NO. 2:12-CV-01057-GMN-NJK

ordering Attorney Randazza and/or RLG to immediately disburse the entirety of the funds to
Liberty, via Liberty's counsel.[1]

Dated: June 27, 2013                                    Respectfully submitted,

                                                       **BOSTON LAW GROUP, PC**


                                                       By: /s/ Matthew Shayefar
                                                           Matthew Shayefar
                                                           Attorneys for Defendant
                                                           FF MAGNAT LIMITED

---

[1] Although Oron finds persuasive Liberty's argument that the charging lien should be declared null and void, it also recognizes that that issue is between Liberty and Attorney Randazza. Oron has no desire to be caught in the middle of the dispute between Liberty and its former counsel. Because the terms of the settlements can be fulfilled if either the entire $550,000 is disbursed or $470,000 of the Funds are disbursed, Oron remains neutral on this point, though it does not oppose Liberty's request that the lien be declared unenforceable if the Court determines this to be the case.

FF MAGNAT LIMITED'S RESPONSE AND ASSENT TO REQUESTED RELIEF
CASE NO. 2:12-CV-01057-GMN-NJK