**DAVID S. KAHN** (NV 7038) david.kahn@wilsonelser.com
**SHERI M. THOME** (NV 8627) sheri.thome@wilsonelser.com
**J. SCOTT BURRIS** (NV 010529) j.scott.burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Tel: (702) 727-1400 | Fax: (702) 727-1401

**MATTHEW SHAYEFAR** (MA 685927) (*pro hac vice*) matt@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1806 | Fax: (617) 928-1802

Attorneys for Defendant FF Magnat Limited

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation, | Case No. 2:12-cv-01057-GMN-NJK |
| Plaintiff | **FF MAGNAT LIMITED'S REPLY TO MARC RANDAZZA'S AND RANDAZZA LAW GROUP'S OBJECTION** |
| vs. | |
| FF MAGNAT LIMITED d/b/a ORON.COM; MAXIM BOCHENKO a/k/a ROMAN ROMANOV; and JOHN DOES 1 – 500, | |
| Defendants. | |

   In yet another odd twist to an already odd situation, **non-parties** Marc Randazza ("Attorney Randazza") and his office, Randazza Law Group ("RLG") (collectively, "Randazza") have filed what purports to be a "third party objection," despite a complete lack of standing to file *anything* in the present case without first moving for the Court's permission to intervene. Odder still is Randazza's admission in his Opposition that, despite having *no claim whatsoever*

1    to at least $273,500 worth of the funds which he is holding, he is nevertheless refusing to release

2    such funds, despite clear direction from the parties that he do so.[1]

3         The dispute between Liberty Media Holdings, LLC and Randazza is just that – a dispute

4    between Liberty Media and Randazza.  And yet, Randazza is using the existence of that dispute

5    to hold hostage monies for which he has no rightful claim (and makes no claim), seemingly to

6    gain some litigation advantage over his former client in their arbitration.[2]

7         To be clear, to the extent that Randazza wants to play litigation games with his former

8    client, FF Magnat, Ltd. d/b/a Oron.com ("Oron") has no dog in that fight.  And to the extent that

9    Liberty and Randazza have disputes concerning Randazza's compensation and his alleged

10   wrongdoing, Oron is similarly disinterested.  Oron is concerned with this dispute only because –

11   and only to the extent – that Randazza's admittedly unjustified refusal to disburse the undisputed

12   funds has imperiled the settlements in two separate litigations.

13        Because Randazza's opposition raises one issue concerning Oron, Oron takes the

14   opportunity here to respond.  The Settlement Agreement enforced by this Court provides that, if

15   Attorney Randazza were to disburse funds prematurely, he could be personally liable to

16   Oron.com for a penalty of up to $55,000.  Although Oron believes it has been clear in its prior

17   correspondence with Randazza's counsel and in its filings with this Court, it will again allay

18   Randazza's only articulated concern (with respect to Oron) by stating that, if Randazza

19   immediately transfers to Liberty's counsel the undisputed $273,500, Oron will consider all of

20

21   [1] In what reads like a hallucinatory fever dream, Randazza seems to claim that releasing even the undisputed portion
     of the funds he holds in his client trust account will require that he report himself to the bar because he will have
22   released funds to which someone – namely himself – has made a claim.  Putting aside the facial absurdity of this
     position, it still offers no reason for why Randazza has refused to release the *undisputed* portion of the frozen funds.
     [2] Randazza's  further admission that he is holding certain portions of the disputed funds as "security" despite the
23   lack of a court order authorizing him to do so is surprising, to say the least.  Nevertheless, because Oron's interests
     in the present dispute can be resolved without the release of the disputed portion of the funds, Oron leaves the issue
     to Liberty to address as it sees fit.

Attorney Randazza's obligations to Oron under the Settlement Agreement to be fulfilled.  Oron would not consider such a release to be premature and Oron (the only party to the Settlement Agreement with a right to do so), would not seek any penalty from Randazza.  Oron will make a similar representation to Randazza's counsel directly.  To the extent that the undisputed funds are *not* immediately released, however, Oron will reserve its right to seek appropriate damages from Randazza.

## Conclusion

Because Randazza has conceded that he has no legitimate basis (indeed, no basis at all) to continue to hold $273,500 of the funds held in his client trust accounts for the benefit of Liberty, and because Liberty and Oron are in agreement that said amounts should be immediately transferred to Liberty's counsel, and because the delay in such transfer threatens the continued viability of settlements in this and another case, Randazza and RLG should be ordered to immediately transfer two hundred seventy three thousand five hundred dollars ($273,500) to counsel for Liberty.

Dated: July 2, 2013                         Respectfully submitted,

                                            **BOSTON LAW GROUP, PC**


                                            By: /s/ Matthew Shayefar
                                                Matthew Shayefar
                                                Attorneys for Defendant
                                                FF MAGNAT LIMITED

FF MAGNAT'S REPLY TO RANDAZZA'S OBJECTION
CASE NO. 2:12-CV-01057-GMN-NJK