# EXHIBIT D

**RANDAZZA** | LEGAL GROUP

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Nevada
Arizona
Florida

RONALD D. GREEN
Licensed to practice in
Nevada

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Nevada

CHRISTOPHER A. HARVEY
Licensed to practice in
California

A. JORDAN RUSHIE
Licensed to practice in
Pennsylvania
New Jersey

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

Correspondence from:
**Ronald D. Green, Esq.**
rdg@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

July 10, 2013

<u>Via Email Only</u>
Evan@cfwlegal.com
LBielinski@bhfs.com

Evan Fray-Witzer
Ciampa | Fray-Witzer LLP

Laura Bielinski
Brownstein Hyatt Farber Schreck

   *Re: Liberty / Oron Settlement Funds*

Dear Evan and Laura:

We have reviewed your respective July 10 letters regarding the release of undisputed funds. Once again, you have given us conflicting instructions. Randazza Legal Group will release *undisputed* funds; however, Liberty is demanding that the full $550,000 be released *despite* the dispute existing regarding much of that amount. Liberty's failure to communicate with Oron has once again caused further delay in this matter, as we are forced to respond to conflicting demands that could much more easily be resolved by the parties themselves.

Moreover, we question why Liberty is demanding the immediate release of all funds. Ms. Bielinski filed an emergency motion with the District of Nevada regarding the release of these funds from Randazza Legal Group's trust account. Liberty's motion will be heard on July 26, and should resolve the question of how funds will be disposed of. Liberty's demand for the funds prior to that hearing is inconsistent with requesting the Court to adjudicate that question, which it has set a hearing to accomplish.

In order for all parties to be on the same page, we have determined the disputed funds and provide an accounting for doing so. As you know, the Oron settlement funds held in trust are $550,000 (the "Settlement Funds"). From the Settlement Funds, and based upon Marc's compensation agreement with Liberty through its alter-ego Excelsior Media Corporation (which was filed with the Court as an exhibit to Mr. Randazza's objection to Liberty's emergency motion), these are the funds in dispute:

- $137,500 as a 25% (of gross) non-discretionary wage payment from the Settlement Funds;

- $25,000 as reimbursement for advanced costs in the Hong Kong legal action, to be paid from the Settlement Funds;

- $32,949 as a 25% (of gross) non-discretionary wage payment from the attorneys' fee award entered by the U.S. District Court from the District of Nevada, to be paid from any funds recovered in the action; and

- $81,433.98 in attorneys fees from Randazza Legal Group, which Liberty is obliged to pay at the litigation's successful conclusion (and which are subject to ongoing litigation in state court).

This is a total of $276,883.35 in dispute, leaving $273,116.65 not in dispute. Thus, $273,116.65 will be transferred to Liberty, which shall be responsible for the disposition of those funds. While this is very close to the $273,500 number referenced in your letter, it is slightly off, and we wanted to be clear as to our accounting of the amounts in dispute to avoid any confusion. Pursuant to Nevada Rule of Professional Conduct 1.15(e), and for the reasons specified above, the disputed funds must remain held in trust.

In the meantime, Mr. Randazza continues to consult with ethics counsel. He and the firm reserve the right to supplement and update its position based on these consultations, and are acting as expeditiously as possible to resolve the issue of remitting undisputed funds in light of Liberty and Oron's contradictory demands. The funds in dispute will be addressed by the District of Nevada's forthcoming order based on Liberty's emergency motion, and, contrary to Liberty's claim, are not improperly held while the Court considers the motion it filed.

Best regards,

Ronald D. Green

cc:   John H. Cotton, Esq.
      Valentin Gurvits, Esq.